IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | 06 Civ. 4802 (DMC) |

---

**BRIEF IN OPPOSITION TO MOTION TO CLARIFY EX PARTE TEMPORARY RESTRAINTS AND REMOVE CERTAIN WRITS OF ATTACHMENT**

---

BRESSLER, AMERY & ROSS, P.C.
A Professional Corporation
P.O. Box 1980
Morristown, NJ 07962
325 Columbia Turnpike
Florham Park, NJ 07932
(973) 514-1200
Attorneys for Plaintiff

On the Brief:
　　George R. Hirsch, Esq.  (GH 8284)

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................2

I     SELF-SETTLED TRUST TRANSFERS ARE VOID AS AGAINST CREDITORS ...................................................................................................................2

II    MLBFS IS A CREDITOR OF KRELMAN WITHIN THE PROTECTION OF THE STATUTE ....................................................................................3

III   KRELMAN PRESENTS AN INSUFFICIENT FACTUAL BASIS FOR THE RELIEF SOUGHT .................................................................................................4

CONCLUSION .........................................................................................................................4

# TABLE OF AUTHORITIES

**Page**

**State Statutes**

N.J.S.A. §25:2-1(a).................................................................................................2, 3, 4

N.J.S.A. §3B:11-1..........................................................................................................3

## **INTRODUCTION**

Paulette Krelman ("Krelman") has moved for the release of Restraints and Writs of Attachment from the Paulette Krelman Trust ("Trust").

The Trust was created by Krelman herself. She transferred her assets to the Trust. She is one of three "named" beneficiaries. Her Trustee has "full and absolute discretion" regarding the use of Trust assets. (Krelman Brief at 3). Therefore, Krelman herself could receive 100% of the Trust assets, and the other beneficiaries interests are not vested.

Under these circumstances, New Jersey law renders Krelman's transfers to the Trust void as against Krelman's creditors, including Plaintiff Merrill Lynch Business Financial Services, Inc. ("MLBFS").

## **ARGUMENT**

### I

### **SELF-SETTLED TRUST TRANSFERS ARE VOID AS AGAINST CREDITORS.**

N.J.S.A. §25:2-1(a) unequivocally expresses New Jersey's disfavor of self-settled trusts and makes clear that a settlor's transfers to such trusts are void as against the settlor's creditors:

> Except as provided in subsection b. every deed of gift and every conveyance, transfer and assignment of goods, chattels or things in action, made in trust for the use of the person making the same, shall be void as against creditors.[1]

By its plain language, N.J.S.A. §25:2-1(a) applies to any transfer or conveyance, at any time, by the settlor of a trust from which he or she might benefit, without regard to the settlor's solvency or intent, and even if the transfer was made before the creditor's claim arose.

Here, there is no dispute that the Trust was created by Krelman, that she transferred assets to the Trust, and that the Trustee has "full and absolute discretion in how the Trust's assets are to be distributed to the Beneficiaries." (Krelman Brief at 3). Because Krelman could receive use of one hundred percent (100%) of the Trust assets at any time, her conveyances to the Trust are for her benefit within the meaning of the statute.[2]

---

[1] The exception in subsection (b) applies to certain qualifying trusts (i.e., qualified or maintained under federal law) and is not applicable here.

[2] In fact, Krelman continues to live in the house at 43 Hampshire Drive, Mendham, New Jersey, which she transferred to the Trust in 1996.

If the Trust instrument had specified the interest of each beneficiary, MLBFS would have been entitled to levy upon the Krelman's specified interest. Krelman suggests that because the Trust instrument does not specify the interest of each beneficiary, her interest must be viewed as zero. But that interpretation effectively nullifies N.J.S.A. §25:2-1(a) and is inconsistent with the policy behind the provision.

Krelman also relies upon N.J.S.A. §3B:11-1. However, that section subjects a trust settlor's right to receive income or principal to claims of creditors <u>regardless of where the underlying trust assets came from</u>. It thus enhances, rather than limits, the protections afforded to creditors under New Jersey law, including N.J.S.A. §25:2-1(a).

Accordingly, Krelman's transfers to the Trust are void as to her creditors as a matter of law, and the Trust assets properly are subject to attachment.

II

**MLBFS IS A CREDITOR OF KRELMAN WITHIN THE PROTECTION OF THE STATUTE.**

In addition to its fraud claims against Krelman documented in the Verified Complaint, Krelman personally and unconditionally guaranteed all of the indebtedness of PITTRA GB International, Inc. to MLBFS. <u>See</u>, <u>e.g.</u>, Exhibit "B" to Verified Complaint. Therefore, MLBFS is a creditor of Krelman entitled to the protections of N.J.S.A. §25:2-1(a).

## III

### KRELMAN PRESENTS AN INSUFFICIENT FACTUAL BASIS FOR THE RELIEF SOUGHT.

As explained above, MLBFS submits that N.J.S.A. §25:2-1(a) governs this case and voids Krelman's transfers to the Trust as a matter of law.

In the alternative, MLBFS submits that the record is insufficient to support the requested relief, as Krelman provides no information about how or when the Trust came to acquire its brokerage account assets; and no information about whether, when, to whom, and for what distributions from the Trust have been made.

Thus, even if Krelman's transfers to the Trust are not void as regards MLBFS as a matter of law, there is an insufficient basis to conclude that the Trust is not for her benefit and/or has not been used as a vehicle of fraud.

## CONCLUSION

For the foregoing reasons, this Court should deny Krelman's Motion to modify the Restraints and Writs of Attachment to exclude the Trust and its assets.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff

By: _____
George R. Hirsch

Dated: October 30, 2006