BRIAN F. AMERY*
LAWRENCE D. ROSS*
DAVID W. REGER+
J. MICHAEL R. ORDAN*
RICHARD V. JONES+
MARK T. McMENAMY+
DAVID P. SCHNEIDER+
MARK M. TALLMADGE+
EDWINA Z. PF+
GEORGE R. HIRSCH*
CYNTHIA J. BORRELLI DODGE*
ERIC L. CHASE*
DAVID H. PIKUS*
JORDAN S. WEITBERG*
DAVID J. LIBOWSKY*
DONALD J. CAMERSON •
DAVID F. BAUMAN+
KEVIN B. WALKER+
DOMINICK F. EVANGELISTA*
GENEVIEVE K. LAROBARDIER*
NANCY C. McDONALD+
LAWRENCE E. FENSTER◊
SAMUEL J. THOMAS*
LINDA S. MIRSKY*
DANA C. MANNING*
BENNETT FALK°
KEITH OLIN◊
ALEX J. SABO◊
FRANK J. CUCCIO*
ANDREW W. SIDMAN◊

OF COUNSEL
RICHARD R. SPENCER JR •

COUNSEL
KENNETH M. MOLTNER◊
MICHAEL J. CONNOLLY+
DOUGLAS C. FURLONG+

BERNARD BRESSLER
(1928-2005)

# BRESSLER, AMERY & ROSS, P.C.
## ATTORNEYS AT LAW

17 STATE STREET
NEW YORK, NY 10004
(212) 425-9300
FAX (212) 425-9337

www.bressler.com

NEW JERSEY OFFICE
325 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932
(973) 514-1200

FLORIDA OFFICE
HUNTINGTON CENTRE II
2801 S.W. 149TH AVENUE
MIRAMAR, FL 33027
(954) 499-7979

JONATHAN M. PRINCE+
DANIEL R. KORB JR.+
RICHARD J. TEER*
MICHAEL S. RUBIN+
KIRSTEN McCAW GROSSMAN*
KAREN E. MURPHY+
MATTHEW C. PLANT*
KALMAN G. MAGYAR*
JILL E. DOKSON◊
ZABELA C. RES°
ROBIN C. STEPHAN◊
CHRISTIAN D. JOHNSON+
ERIKA SCHNEIDER DOWNES*
STEVEN G. HEMMERT◊
JOHN D. MILLER •
ELYSSA S. KATES*
BRIAN D. DONNELLY+
ANGELA M. SCAFURI+
CHRISTOPHER M. GALUSHA+
DENNISE S. MULVIHILL*
JASON M. SCHOENBERG+
COREN H. STERN°
SETH V. ALHADEFF◊
CARLA DUQUE*
JASON L. SMITH+
BENJAMIN J. DI LORENZO+
DANA C. CAMPBELL◊
THOMAS A. McKINNEY*
DAVID G. SMITHAM*
DOUGLAS B. LIPSKY*
YOONSUN CHUNG*
NIKOLAS S. KOMYATI *
REGINA C. PEPE*
RICK L. RHEIN*
AMY J. BOWMAN*
DANA M. HEDRICK◊
MARIE SARACEN MARINO+
CHRISTOPHER G. MASSEY*
JACQUELYN R. TRUSSELL*
SMITH KAPADIA*
JONATHAN L. CASSADY+
MATTHEW E. WOLPER◊
RISA M. DAVID+
KIMBERLEY E. LUNETTA+
ANDREW M. GREENIDGE◊

*ADMITTED IN NJ AND NY
+ADMITTED IN NJ
◊ADMITTED IN NY
□ADMITTED IN FL
°ADMITTED IN FL AND NY

WRITERS DIRECT INFORMATION

October 31, 2006

## VIA ECF AND HAND DELIVERY

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
For the District of New Jersey
451 U.S. Post Office Courthouse Building
Federal Square
P.O. Box 999
Newark, New Jersey 07101-0999

    Re:     **Merrill Lynch Business Financial Services Inc.**
             **vs. Arthur Kupperman, et al.**
             **Civil Action No: 06-CIV-4802 (DMC)**

             **Supplemental Letter Brief In Opposition To Motion To Release Trust Assets from Restraints And Writs**

Dear Judge Cavanaugh:

We represent the Plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS") in the referenced case.

As explained in our Brief (the "Initial Brief") filed yesterday evening, N.J.S.A. §25:2-1(a) controls the issue presented and renders void as against her creditors any transfers of assets by Paulette Krelman ("Krelman") to the Paulette Krelman Trust (the "Trust"). This is because she is the settlor, the source of the assets, and can and does benefit from the Trust assets through the "sole and absolute discretion" granted by her to the Trustee through the Trust instrument.

This Letter Brief serves to supplement our Initial Brief with authority discovered late last night, which authority overwhelmingly confirms that any and all assets in the Trust which were transferred there by Krelman at any time may be reached by her creditors, regardless of intent or solvency. These assets include her home at 43 Hampshire Drive, Mendham, New Jersey, which Krelman's motion demonstrates she conveyed to the Trust in 1996, and upon information and belief, the Morgan Stanley brokerage account.

The authorities to which we refer include the following:

1. Restatement of Trusts (Second), §156(2)

   (2) Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.

2.   Restatement of Trusts (Second), §156 Comment (a):

   *(a) Intention to defraud creditors not required.* The rules stated in this Section are applicable although the transfer is not a fraudulent conveyance. The interest of the settlor-beneficiary can be reached by subsequent creditors as well as by those who were creditors at the time of the creation of the trust, and it is immaterial that the settlor-beneficiary had no intention to defraud his creditors.

3.   Restatement of Trusts (Third), §560 Comment f.

   *f. Where discretionary beneficiary is settlor.* Where the trustee of an irrevocable trust has discretionary authority to pay to the settlor or apply for the settlor's benefit as much of the income or principal as the trustee may determine appropriate, creditors of the settlor can reach the maximum amount the trustee, in the proper exercise of fiduciary discretion, could pay or apply for the benefit of the settlor. . .

4.   In re Schultz, 324 B.R. 712 at 721-722 (Bankr. D. Ark. 2005), and cases cited ("The Court concludes that because the trustee has the

    power to distribute all trust income and principal to the Debtor, the Debtor has a beneficial interest in all the . . . Trust assets, and accordingly, the entire Trust corpus. . . is included in Debtor's bankruptcy estate. . .").

5. Matter of Johannes, 479 N.W.2d 25 at 29 (Mich. Ct. App. 1991) (creditors of settlor of discretionary trust can reach maximum amount that discretionary trustee could distribute to settlor).

6. In re Hall, 22 B.R. 942 at 944 (Bankr. M.D. Fla. 1982) (creditors of settlor of discretionary trust can reach maximum amount that discretionary trustee could distribute to settlor).

7. In re Spenlinhauer, 195 B.R. 543 at 547-548 (Bankr. D. Me. 1996) (rule that settlor's transfers to trust are reachable by creditors applies even if settlor is not sole settlor or sole beneficiary).

8. In re Brown, 303 F.3d 1261 at 1265-1266 (11th Cir. 2002) and cases sited (settlor's interest in trust can be reached by creditors).

9. Bank of Dallas v. Republic National Bank of Dallas, 540 S.W. 2d 499 at 501-502 (Tex. App., 10th Dist. 1976) (creditors can reach corpus of trust because of discretionary authority in the trustee and power of appointment in settlor).

10. In re Skinner, 316 F.2d 517 at 520 (3rd Cir. 1963) (corpus of trust included in gross taxable estate when settlor had "pre-

arrangement" with trustee to exercise discretion in her favor during her life).

In the case at bar, it appears that Krelman created the trust, transferred assets to it, and that the trustee's discretion is nearly limitless (the trust instrument says "sole and absolute discretion") such that Krelman could benefit from the entirety of the Trust assets. It also appears that Krelman directly benefits now by continuing to live in the house she transferred to the Trust in 1996.

On these facts, the application of N.J.S.A. §25:2-1(a) compels the conclusion that the Trust assets are reachable by Krelman's creditors (including MLBFS) and are properly subject to the Court's Restraints and Writs.

We thank the Court for its consideration of these authorities.

Respectfully,

George R. Hirsch

GRH\msk
cc: Frederick B. Polak, Esq. (via electronic mail)
A. Michael Covino, Esq. (via electronic mail)
John M. August, Esq. (via electronic mail)
John P. Gleason, Esq. (via electronic mail)
Vincent F. Papalia, Esq. (via electronic mail)
James A. Scarpone, Esq. (via electronic mail)