George R. Hirsch (GH 8284)
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P. O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendants. | 06 Civ. 4802 (DMC) <br><br> **PLAINTIFF'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE DOES NOT EXIST A GENUINE ISSUE** |

Plaintiff, Merrill Lynch Business Financial Services Inc. ("MLBFS") by and through its attorneys, Bressler, Amery & Ross, P.C., hereby respectfully submits that the following facts are not subject to good faith dispute:

1. Commencing in or about November of 2002, MLBFS extended financial accommodations to PITTRA G.B. International, Inc. ("PITTRA"). *Verified Complaint at* ¶ *11.*

2. In or about November 2002, to induce MLBFS to extend such financial accommodations to PITTRA, Defendants Krelman and Browne executed and delivered

to MLBFS Unconditional Guaranties of all sums at any time due from PITTRA to MLBFS. *Verified Complaint at ¶ 14 and Exhibit "B."*

3. In or about May 2004, Defendant Kupperman executed and delivered to MLBFS an Unconditional Guaranty of all sums at any time due from PITTRA to MLBFS. *Verified Complaint at ¶ 22 and Exhibit "J."*

4. In or about May 2004, Defendants Krelman and Browne executed and delivered to MLBFS a second set of Unconditional Guaranties of all sums at any time due from PITTRA to MLBFS. *Verified Complaint at ¶ 22 and Exhibit "J" thereto.*

5. At various times, PITTRA sought and obtained renewals of the loan as well as additional funds from MLBFS. Thus, the initial $2,250,000.00 line of credit was increased to $2,750,000.00 in January 2003 (*Verified Complaint at ¶ 16*), to $3,250,000.00 in January 2004 (*Verified Complaint at ¶ 19*), and to $4,250,000.00 in May 2004 (*Verified Complaint at ¶ 23*). In July 2005 the financing was renewed (*Verified Complaint at ¶ 25*).

6. On February 9, 2006, PITTRA filed a "no-asset" Chapter 7 Bankruptcy Petition with the United States Bankruptcy Court for the District of New Jersey. *Verified Complaint at ¶ 31.*

7. The entire balance of the loans by MLBFS to PITTRA is now due and payable by reason of the following, among other things:

    (a) the loans have matured;

    (b) warranties, representations, and covenants made in the loan documents have been breached, including warranties, representations, and/or covenants relating

to financial statements, litigation, collateral location, sale of substantially all assets, failure to pay, failure to perform agreements, defaults under other agreements with MLBFS, bankruptcy events, and material and collateral impairment, etc.

*See generally, Verified Complaint and Exhibits.*

8. Pursuant to the Unconditional Guaranties, all sums due from PITTRA to MLBFS are therefore immediately due and payable from each of Defendants Kupperman, Browne, and Krelman (the "Guarantors"), together with:

> [A]ll reasonable costs and expenses (including but not limited to, court costs and reasonable attorneys' fees) paid or incurred by MLBFS in endeavoring to collect or enforce performance of any of the Obligations, or in enforcing this Guaranty.

9. By the terms of the Unconditional Guaranties, the liabilities of each of the Guarantors thereunder are, among other things:

(a) "absolute, unconditional and continuing and shall remain in effect until all of the obligations have been fully and indefeasibly paid, performed and discharged";

(b) not "affected or impaired" by:

i. any renewals, amendments, modifications or supplements of or to any of the loan documents, or any extensions, forbearances, compromises or releases of any of the obligations;

ii. any failure, neglect or omission on the part of MLBFS to realize upon or protect any of the obligations, or any collateral or security therefor;

iii. any invalidity, irregularity or unenforceability of all or any part of the obligations, of any collateral security for the obligations, or the loan documents;

iv. the granting of credit from time to time by MLBFS to PITTRA in excess of the amount set forth in the loan documents; or

v. any other act of commission or omission of any kind or at any time upon the part of MLBFS or any of its affiliates or any of their respective employees or agents with respect to any matter whatsoever.

*Verified Complaint, Exhibits "B" and "J."*

10. As of October 30, 2006, there was due and owing to MLBFS a total of $4,179,059.44 consisting of $3,803,138.55 in principal, $26,838.39 in interest, and $188,822.76 in late charges on the WCMA Line of Credit; and $149,572.53 in principal, $3,208.68 in interest, and $7,478.63 in late charges on the Term Loan. *Declaration of Catherine L. Briick in Support of Motion for Summary Judgment on Count Four of Verified Complaint..*

11. Pursuant to the loan documents, the unpaid principal balance of each loan accrues interest at a rate equal to the sum of (i) 3.15% per annum and (ii) the one-month London Interbank Offered Rate (generally known as the "LIBOR Rate") published from time to time in the "Money Rates" section of *The Wall Street Journal. Declaration of Catherine L. Briick in Support of Motion for Summary Judgment on Count Four of Verified Complaint.*

12. The Defendants are also liable to MLBFS for its costs and expenses of collection, as explained in paragraph 8 above.

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff

By: _____
George R. Hirsch

Dated: November 1, 2006