IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>    Defendants. | 06 Civ. 4802 (DMC) |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE FOURTH COUNT OF THE VERIFIED COMPLAINT AND FOR CERTIFICATION OF JUDGMENT AS FINAL**

BRESSLER, AMERY & ROSS
A Professional Corporation
P. O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiff

On the Brief:
    George R. Hirsch, Esq. (GH 8284)
    Michael J. Connolly, Esq. (MC 7610)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................... ii

INTRODUCTION................................................................................. 1

ARGUMENT........................................................................................ 2

    I.   THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT THE
        GUARANTORS ARE UNCONDITIONALLY LIABLE TO MLBFS........... 2

    II.  THE AMOUNT DUE IS SUBJECT TO CALCULATION........................ 3

    III. THIS COURT SHOULD CERTIFY THE JUDGMENT AS FINAL............ 4

CONCLUSION..................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360 (3d Cir. 1975) .................................. 4

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ............................................... 2, 3

AT&T Credit Corp. v. Transglobal Telecom Alliance, Inc., 966 F.Supp. 299 (D.N.J. 1997) ........................................................................................ 3

AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367 (D.N.J. 1999) .................... 3

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ............................................................ 2

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1 (1980) ......................................... 4

Hewlett-Packard Financial Services Company v. One2One, LLC, 2006 U.S. Dist. Ct. LEXIS (D.N.J. May 8, 2006) ........................................................ 3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .................... 2

## Federal Rules

Federal Rule of Civil Procedure 54(b) .................................................................. 1, 4

Federal Rule of Civil Procedure 56(c) ..................................................................... 2

## INTRODUCTION

Plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS") respectfully submits this Memorandum of Law in support of its Motion for Partial Summary Judgment against Defendants Arthur Kupperman, E. Ross Browne, and Paulette Krelman (collectively the "Guarantors") on the Fourth Count of the Verified Complaint (the "Fourth Count"). MLBFS also requests that the Court certify the judgment as final pursuant to Federal Rule of Civil Procedure 54(b).

While several components of this case may be complicated, there is at least one aspect of this case that is simple and devoid of any genuine factual issue -- the liability of the Guarantors pursuant to the terms of their Unconditional Guaranties of any and all sums owed by PITTRA G.B. International, Inc. ("PITTRA") to MLBFS.

Between November 2002 and May of 2004, PITTRA borrowed from MLBFS as much as $4,250,000. First, MLBFS extended to PITTRA a $2,250,000 line of credit. Then, in January of 2003, the line was increased to $2,750,000. In January of 2004, the loan was increased to $3,250,000. In May of 2004, the lending increased to $4,250,000. The principals of PITTRA -- Defendants Kupperman, Browne, and Krelman -- each personally and unconditionally guaranteed repayment.

PITTRA is in default, and the money has not been repaid.

Accordingly, MLBFS is entitled to summary judgment as a matter of law against the Guarantors under the terms of their Unconditional Guaranties, and the judgment should be certified as final pursuant to Federal Rule of Civil Procedure 54(b).

# ARGUMENT

## I

## THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT THE GUARANTORS ARE UNCONDITIONALLY LIABLE TO MLBFS.

There is no genuine issue of material fact: (i) the Guarantors unconditionally guaranteed to MLBFS the repayment of any and all sums due from PITTRA; (ii) PITTRA borrowed money from MLBFS; (iii) neither PITTRA nor the Guarantors have paid the money back, and they are in default of their obligations.

As the material facts are undisputed, this Court should grant MLBFS summary judgment on the Fourth Count of the Verified Complaint.

The standard for a summary judgment motion is set forth in Federal Rule of Civil Procedure 56(c), which provides in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

MLBFS has met its burden of identifying evidence that show an absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 at 324 (1986). The burden now shifts to the Guarantors to do more than "simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 at 586 (1986). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 247-248 (1986). "A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material

if, under the substantive law, it would affect the outcome of the suit." <u>AT&T Credit Corp. v. Zurich Data Corp.</u>, 37 F. Supp. 2d 367 at 370 (D.N.J. 1999), citing <u>Anderson</u>, <u>supra</u>, 477 U.S. at 248.

Given the undisputed failure of PITTRA and the Guarantors to repay MLBFS and the clear terms of the Unconditional Guaranties, MLBFS is entitled to summary judgment on the Fourth Count of the Verified Complaint. <u>Cf.</u> <u>AT&T Credit Corp. v. Transglobal Telecom Alliance, Inc.</u>, 966 F.Supp. 299 (D.N.J. 1997) (entering summary judgment on a guaranty upon finding of a breach of performance and clear terms of guaranty); <u>Hewlett-Packard Financial Services Company v. One2One, LLC</u>, 2006 U.S. Dist. Ct. LEXIS (D.N.J. May 8, 2006) (similar).

## II
## THE AMOUNT DUE IS SUBJECT TO CALCULATION

As verified under oath by Catherine L. Briick, a Vice President of MLBFS, as of October 30, 2006, the amount due to MLBFS by PITTRA totalled $4,179,059.54, consisting of $3,803,138.55 of principal, $26,838.39 of accrued interest, and $188,822.76 of late charges on the WCMA Line of Credit, and $149,572.53 of principal, $3,208.68 of accrued interest and $7,478.63 of late charges on the Term Loan. To that amount should be added (i) interest on the unpaid principal and (ii) costs of collection, including attorneys' fees and costs.

Except for costs of collection, which should be added to the judgment from time to time on application by MLBFS, all of the other amounts are subject to calculation.

# III

## THIS COURT SHOULD CERTIFY THE JUDGMENT AS FINAL

Federal Rule of Civil Procedure 54(b) empowers this Court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." This Court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

The Supreme Court has held that the entry of final judgment pursuant to Rule 54(b) "is left to the sound judicial discretion of the district court" and "is to be exercised in the interest of sound judicial administration," Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1 at 8 (1980) (citations omitted). The Third Circuit has held that "[t]he rule attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360 at 363 (3d Cir. 1975) (citations omitted).

While the Third Circuit in Allis cautioned that Rule 54(b) orders should be entered infrequently, the Circuit acknowledged that a certification of finality is appropriate in a "harsh case as an instrument of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." Allis, supra, 521 F.2d at 363.

In this case, there is no just reason to delay MLBFS from collecting on the Unconditional Guaranties. Allowing MLBFS to execute on a final judgment now may simplify other issues, including those regarding the scope of the pre-judgment attachments and restraints previously imposed by the Court. Further, allowing MLBFS

the opportunity to begin collection may reduce the exposure to the Defendants, as any recovery of principal will reduce the amount of interest accruing on the large amount of unpaid principal. Finally, Defendants should not enjoy further delay in repayment arising by virtue of their own misconduct.

## CONCLUSION

Based upon the foregoing, this Court should grant MLBFS's motion for summary judgment on the Fourth Count of the Verified Complaint and certify that judgment as final.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff

By: _____
George R. Hirsch

Dated: November 1, 2006