HERRICK, FEINSTEIN LLP
Andrew C. Gold (AG - 4875)
Paul H. Schafhauser (PS - 1337)
John M. August (JA - 6451)
One Gateway Center
Newark, New Jersey 07102
(973) 274-2000
Attorneys for Defendant JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN, PGB INTERNATIONAL, LLC, and JPMORGAN CHASE BANK, N.A., <br><br> Defendants. | CIVIL ACTION <br><br> Civil Action No. 06-4802 (DMC) <br><br> DECLARATION OF JOHN M. AUGUST IN SUPPORT OF PLAINTIFF'S OTSC |

**JOHN M. AUGUST**, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an associate with the law firm of Herrick, Feinstein LLP ("HF"), attorneys for defendant JPMorgan Chase Bank, N.A. ("Chase") in the above matter. I make this declaration in support of Plaintiff's request by Order to Show Cause for the continuation of attachments and restraints against defendants Arthur Kupperman ("Kupperman"), E. Ross Browne ("Browne"), Paulette Krelman ("Krelman") and PGB International, LLC ("PGB") (collectively "Defendants") pending trial in this matter.

2. The Order to Show Cause entered by this Court on October 6, 2006 (the "Order") directed, among other things, that pending further Order of the Court, Defendants, as well as "their agents, employees and persons or entities in active concert or participation with

them," are enjoined and restrained, directly or indirectly, from (i) selling, transferring, encumbering, hypothecating or otherwise alienating or impairing Defendants' interests in either real or personal property, wherever situated, in which Defendants have any interests; or (ii) withdrawing, transferring, spending, encumbering, hypothecating or otherwise alienating, removing or impairing Defendants' interests "in any checking, savings, investment, or other banking or security accounts held in their name, either individually or with others, which are maintained anywhere," provided, however, that PGB was allowed to "expend funds in the ordinary and necessary course of its business in arms-length transactions for equivalent value....".

3. In blatant disregard of this Order and in an attempt to circumvent the restraints, the undersigned has recently learned that: (i) Defendants incorporated a new entity in Delaware on October 25, 2006 named Industrial Food Ingredients Group International, Inc. ("IFIGI") and have, upon information and belief, been assigning PGB's accounts receivable to this new entity; and (ii) Defendants opened a new depository account at Bank of America and have been directing PGB's account debtors to deposit receivables into this account.

4. The auditors that Chase retained (the "Auditors") have been contacting PGB's account debtors to verify PGB's accounts receivable. Last week, these Auditors were advised that certain account debtors received notice that PGB was assigning its receivables to a new entity, IFIGI, and that payments should be made to this new entity.

5. The Auditors were further advised that certain account debtors received wire instructions from PGB for a new depository account at Bank of America and were directed to begin depositing receivables into this account.

6. Upon learning of these developments, HF sent a letter to Bank of America attaching the Order and asking them to liquidate the assets in any and all PGB accounts and forward the proceeds to Chase. A copy of the letter to Bank of America is attached hereto as Exhibit A.

7. On November 6, 2006, the undersigned called Bank of America's legal department to follow up on the letter and was advised that an administrative freeze was placed on all of PGB's accounts at Bank of America.

8. HF also conducted a search of the Delaware Secretary of State website and learned that a corporation named Industrial Food Ingredients Group International, Inc. was formed on October 25, 2006. A copy of the Delaware search status report is attached hereto as Exhibit B. The Certificate of Incorporation was signed by The Company Corporation and does not reveal the name of the principals of this new entity.

I declare under penalty of perjury that the foregoing is true and correct.

Attorneys for JPMorgan Chase Bank, N.A.

By: /s/ John M. August
John M. August

Dated: November 7, 2006

HF 3433828v.1 #04055/0002

# EXHIBIT A

# HERRICK

NEW YORK
NEWARK
PRINCETON

PAUL H. SCHAFHAUSER
PARTNER
Direct Tel: 973.274.2098
Direct Fax: 973.274.6414
Email: pschafhauser@herrick.com

November 3, 2006

BY FAX, CERTIFIED MAIL, RRR
and REGULAR MAIL

Bank of America NA
5th Floor
100 West 33rd Street
New York, NY 10001

Re: PGB International, LLC
South Street 6 Suite 301
Morristown, NJ 07960

Account Number 003811283369
Bank Code BOAUS3N
ABA # 026009593

Ladies and Gentlemen:

This firm represents JPMorgan Chase Bank, N.A. ("Chase"). PGB International, LLC ("PGB") is indebted to Chase under a $3,000,000 Advised Line of Credit Note dated March 16, 2006 (the "Note"). PGB's obligations under the Note are secured by the collateral (the "Collateral") described in a certain Security Agreement dated October 8, 2004 (the "Security Agreement"). PGB's obligations under the Note have been guaranteed by E. Ross Browne and Paulette Krelman (the "Guarantors") under certain Guaranties dated October 8, 2004 (the "Guaranties").

PGB has defaulted under the Note and related documents. Chase has notified PGB of such defaults. Accordingly, Chase is exercising its remedies under the Note, Security Agreement, Guarantees and the Uniform Commercial Code. Pursuant to the Security Agreement, Chase has a security interest in, among other things, "[a]ll personal property and fixtures whether now or hereafter existing or now owned or hereafter acquired and wherever located, including without limitation all present and future accounts receivable and all other accounts of any kind" of PGB.

Chase is also a party to a certain action pending in the United States District Court for the District of New Jersey entitled <u>Merrill Lynch Business Financial Services, Inc. v. PGB International, LLC , et al.</u>, Civil Action No. 06 Civ. 4802 (DMC). On or about October 6, 2006, the Court entered an Order to Show Cause With Temporary Restraints and Other Relief (the "Order"), by which the Court directed, among other things, that pending further Order of the Court, PGB, the Guarantors and Arthur Kupperman (collectively, "Defendants"), as well as

HERRICK, FEINSTEIN LLP
A New York limited
liability partnership
including New York
professional corporations

ONE GATEWAY CENTER, NEWARK, NJ 07102 • TEL 973.274.2000 • FAX 973.274.2500 • www.herrick.com

Bank of America NA
November 3, 2006
Page 2

"their agents, employees and persons or entities in active concert or participation with them," are enjoined and restrained, directly or indirectly, from (i) selling, transferring, encumbering, hypothecating or otherwise alienating or impairing Defendants' interests in either real **or personal property, wherever situated, in which Defendants have any interests;** or (ii) withdrawing, transferring, spending, encumbering, hypothecating or otherwise alienating, removing or impairing Defendants' interests "**in any checking, savings, investment, or other banking or security accounts held in their name, either individually or with others, which are maintained anywhere,**" provided, however, that PGB was allowed to "expend funds in the ordinary and necessary course of its business in arms-length transactions for equivalent value...."). A copy of the aforesaid Order, in which these directives appear in Paragraph 3 (A), 3 (B), and 3 (C), is enclosed herewith.

Upon information and belief, PGB has opened one or more accounts with Bank of America (including account number 003811283369) and, moreover, has directed that certain payments be made to the account(s). Among other things, we understand that Beverage Acquisition d/b/a Switch Beverage may have recently transferred monies to such account(s), including by way of the transfer referenced above. Insofar as such payments relate to any of PGB's accounts receivable, Chase holds security interests with respect to same. Moreover, insofar as PGB's opening, maintenance and/or transfer of monies with respect to the account(s) is not occurring within the ordinary course of business, this would constitute a violation of the United States District Court's Order dated October 6, 2006.

On behalf of Chase, we are hereby advising you of the foregoing. Moreover, in light of the foregoing, (i) you shall promptly liquidate the assets held in the referenced account(s) and remit the proceeds of such liquidation to Chase; and (ii) pending such liquidation and remittance, you shall not make any other disposition of the said account(s) or any financial assets therein.

This letter is written without waiver of any of Chase's rights and remedies, all of which are hereby expressly reserved.

Very truly yours,

HERRICK, FEINSTEIN LLP
Attorneys for JPMorgan Chase Bank, N.A.

By: _____
Paul H. Schafhauser

George R. Hirsch (GH 8284)
BRESSLER, AMERY & ROSS
A Professional Corporation
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiff

RECEIVED
WILLIAM T. WALSH, CLERK

2006 OCT -6  P 1: 19

UNITED STATES
DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES INC.,

Plaintiff,

vs.

ARTHUR KUPPERMAN, E. ROSS
BROWNE, PAULETTE KRELMAN
and PGB INTERNATIONAL, LLC,

Defendants.

06 Civ. 4802 (DMC)

ORDER TO SHOW CAUSE WITH
TEMPORARY RESTRAINTS AND OTHER
RELIEF

**THIS MATTER** having been opened to the Court by Bressler, Amery & Ross, P.C., attorneys for Plaintiff, for an Order to Show Cause With Temporary Restraints, and the Court having considered the Verified Complaint, the Exhibits, the Brief and other papers submitted therewith, and it appearing that there is a probability that final judgment will be rendered in favor of plaintiffs in the amount of at least $4,139,146.78, and it further appearing that there are statutory grounds for issuance of Writs of Attachment, and it further appearing that there is property of defendants at specific locations in the State of New Jersey which is subject to attachment, and it further appearing that irreparable injury may result unless the relief requested is granted; and other good cause having been shown,

IT IS on this 6 day of October, 2006 **ORDERED** as follows:

1. **ORDER TO SHOW CAUSE:** Defendants Arthur Kupperman, Paulette Kupperman, E. Ross Browne, and PGB International, LLC ("Defendants") are ordered to show cause before The Honorable ~~Dennis M. Cavanaugh U.S. District Judge~~ United States District Court Judge at Courtroom 4 at the United States Courthouse, 50 Walnut Street, Newark, New Jersey on October 31, 2006, at 10 A.m.

   A.  Why Defendants, their agents, employees, and persons or entities in active concert or participation with them should not remain enjoined pending trial from:

   (1) Selling, transferring, encumbering, hypothecating, or otherwise alienating or impairing their interests in certain real property located at 27 Waterford Drive, Montville, New Jersey, 123 Madison Avenue, Madison, New Jersey; 107 East Shore Drive, Vernon, New York, 43 Hampshire Drive, Mendham, New Jersey, interests in PGB International, LLC, PITTRA G.B. International, Inc. or any other real property or personal property wherever situated in which they have any interests, whether said interests be equitable or legal in nature;

   (2) Withdrawing, transferring, spending, encumbering, hypothecating, or otherwise alienating, removing or impairing their interests in any checking, savings, investment, or other banking or security accounts held in their name, either

   individually or with others, which are maintained anywhere, including but not limited to the accounts maintained at PNC Bank, Wachovia Bank, Smith Barney, Commerce Bank, Dean Witter, JP Morgan, Chase and Phoenix Insurance.

B.  Why Writs of Attachment should not continue against the following property:

 (1)  Defendant E. Ross Browne's interests in the following:

  (a)  Real property located at 27 Waterford Drive, Montville, New Jersey;

  (b)  Real property located at 123 Madison Avenue, Madison, New Jersey;

  (c)  Real property located at 107 East Shore Drive, Vernon, New York;

  (d)  The cash balances on any and all life insurance policies issued by Phoenix Insurance;

  (e)  Any and all bank accounts, including any maintained at PNC Bank;

  (f)  Any and all rental income from 123 Madison Avenue, Madison, New Jersey;

  (g)  Any and all interests in PGB, LLC; and

  (h)  Any stock interests in PITTRA G.B. International, LLC.

 (2)  Defendant Paulette Krelman's interests in the following:

      (a)    Any and all bank accounts, including any maintained at Wachovia Bank;

      (b)    Any and all accounts maintained at Smith Barney;

      (c)    Any and all accounts maintained at Commerce Bank;

      (d)    Any and all accounts maintained at Dean Witter;

      (e)    Any and all interests in PGB, LLC;

      (f)    Real property located at 43 Hampshire Drive, Mendham, New Jersey; and

      (g)    Any stock interests in PITTRA G.B. International, LLC.

(3)    Defendant Arthur Kupperman's interests in the following:

      (a)    Any and all interests in PGB, LLC;

      (b)    Any and all bank accounts, including any maintained at JP Morgan Chase Bank;

      (c)    Real property located at 43 Hampshire Drive, Mendham, New Jersey; and

      (d)    Any stock interests in PITTRA G.B. International, LLC.

(4)    Defendant PGB International, LLC's interests in the following:

      (a)    All personal property maintained at 6 South Street, Suite 301, Morristown, New Jersey, or 123 Madison Avenue, Madison, NJ; and

   (b) Any and all bank accounts, including any maintained at JP Morgan Chase Bank.

2. **WRITS OF ATTACHMENT.** IT IS FURTHER ORDERED that Writs Of Attachment immediately shall issue out of this Court as follows:

  (1) Defendant E. Ross Browne's interests in the following:

   (a) Real property located at 27 Waterford Drive, Montville, New Jersey;

   (b) Real property located at 123 Madison Avenue, Madison, New Jersey;

   (c) Real property located at 107 East Shore Drive, Vernon, New York;

   (d) The cash balances on any and all life insurance policies issued by Phoenix Insurance;

   (e) Any and all bank accounts, including any maintained at PNC Bank;

   (f) Any and all rental income from 123 Madison Avenue, Madison, New Jersey;

   (g) Any and all interests in PGB, LLC; and

   (h) Any stock interests in PITTRA G.B. International, LLC.

  (2) Defendant Paulette Kremlin's interests in the following:

   (a) Any and all bank accounts, including any maintained at Wachovia Bank;

    (b)    Any and all accounts maintained at Smith Barney;

    (c)    Any and all accounts maintained at Commerce Bank;

    (d)    Any and all accounts maintained at Dean Witter;

    (e)    Any and all interests in PGB, LLC;

    (f)    Real property located at 43 Hampshire Drive, Mendham, New Jersey; and

    (g)    Any stock interests in PITTRA G.B. International, LLC.

(3)    Defendant Arthur Kupperman's interests in the following:

    (a)    Any and all interests in PGB, LLC;

    (b)    Any and all bank accounts, including any maintained at JP Morgan Chase Bank;

    (c)    Real property located at 43 Hampshire Drive, Mendham, New Jersey; and

    (d)    Any stock interests in PITTRA G.B. International, LLC.

(4)    Defendant PGB International, LLC's interests in the following:

    (a)    All personal property maintained at 6 South Street, Morristown, New Jersey or 123 Madison Avenue, Madison, NJ; and

    (b)    Any and all bank accounts, including any maintained at JP Morgan Chase Bank.

representative or agent of Bressler, Amery & Ross, P.C., and the latter is hereby appointed immediately to execute the Writs of Attachment by serving same together with this Order To Show Cause and supporting documents upon the Defendants at the following locations or at such other addresses as they may be located:

    A.    Arthur Kupperman 43 Hampshire Drive, Mendham, NJ;

    B.    Paulette Krelman 43 Hampshire Drive, Mendham, NJ;

    C.    E. Ross Browne 27 Waterford Drive, Montville, NJ;

    D.    PGB International, LLC, 6 South Street, Morristown, NJ, or 123 Madison Avenue, Madison, NJ

6. **BRIEFING SCHEDULE.** IT IS FURTHER ORDERED that the parties shall file their briefs and any affidavits, certifications, or declarations on the following schedule:

    A.    Defendants' answering papers shall be filed and simultaneously served so as to be actually received by the Court and Plaintiff's counsel on or before October 20, 2006;

    B.    Any reply papers by Plaintiff shall be filed and simultaneously served so as to be actually received by the Court and Defendants' counsel on or before October 25, 2006; and

    C.    In all instances, service of all papers submitted to this Court in connection with this Order to Show Cause shall be made in such a manner that said papers are delivered to both the Court and counsel so as to be actually received on or before 4:00 p.m. on the dates described above or sent by other means in such a manner

that they are delivered on or before the deadline for hand delivery; and

7. **MODIFICATION.** IT IS FURTHER ORDERED that defendants may move for the dissolution or modification of any ex parte temporary restraints awarded herein on ___2___ days notice; and

8. ~~WAIVER OF BOND.~~ IT IS FURTHER ORDERED that Plaintiff shall ~~not~~ be required to post a security bond in this matter. *IN THE AMOUNT OF $20,000.00*

/s/ _____
Hon.

813749_1

**Dennis M. Cavanaugh**
U.S. District Judge

# EXHIBIT B

DELAWARE STATUS SEARCH

# INDUSTRIAL FOOD INGREDIENTS GROUP INTERNATIONAL, INC.
**File Number** 4240594  **Status** Good Standing  **Matter Number** n/a

Print Report   Fax Report   Email Report

## Entity Information

| | |
|---|---|
| Search Results Date/Time | 11-06-2006 12:59 |
| Corp Name | INDUSTRIAL FOOD INGREDIENTS GROUP INTERNATIONAL, INC. |
| File Number | 4240594 |
| Status | Good Standing since 10-25-2006 |
| Name Type | Delaware Company |
| Stock Type | Stock Company |
| Entity Type | Corporation |
| Corp Type | General |
| Tax Type | A/R Filing Required |
| Residency | Domestic |
| State | DE |
| Country | US |
| Incorporation Date | 10-25-2006 |
| Proclaim Date | |
| Renew Date | |
| Expire Date | |
| Bankruptcy | |
| Bankrupt Date | |
| State | |
| Case No | |
| Orig Incorp Country | |
| Orig Date | |
| Merged To Name | |
| Merged To Number | |
| State | |
| Federal ID | |
| Qtrly Filings | |
| Last Ann Rpt | |

## Registered Agent

| | |
|---|---|
| Agent Name | THE COMPANY CORPORATION |
| Agent ID | 9018442 |
| Address | 2711 CENTERVILLE ROAD |
| Phone | 302-636-5440 |
| | SUITE 400 |
| Fax | 302-636-5454 |
| County | New Castle |
| City | WILMINGTON |
| State | DE |
| Zip | 19808 |

## Stock Information

| Amendment No | 000 | | Effective Date | 10-25-2006 10:36 |
|---|---|---|---|---|

| Description | Class | Series | Authorized | Par Value |
|---|---|---|---|---|
| COMMON | | | 1,500 | |
| | | Total Shares Authorized | 1,500 | 00 |

### Filing History (last 5 filings)

| Filing Year | Doc Code | Description | Pages | Filing Date/Time | Effective Date | Merger Type |
|---|---|---|---|---|---|---|
| 2006 | 0102S | Incorp Delaware Stock Co. | 1 | 10-25-2006 10:36 | 10-25-2006 | |

### Taxes Due (last 3 years)

| Tax Year | Filing Fee | Total Tax | Penalty | Interest | Other | Paid | Balance |
|---|---|---|---|---|---|---|---|
| 2006 | .00 | 35.00 | .00 | .00 | .00 | .00 | 35.00 |
| | | | | | Tax Balance Due as of | 11-06-2006 | .00 |

### SEARCH AGAIN

The information above is taken from the records of Delaware's Office of the Secretary of State and reflects information of record as of the thru date listed on this report. CSC cannot and does not independently verify the accuracy or completeness of this information and, accordingly, we make no guaranties or representations about the accuracy or completeness of the information and disclaim any warranties about it and any liability for errors or omissions. If you wish to obtain a certified copy of documents on file or an official good standing, please contact your CSC Customer Service Representative.