**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
Vincent F. Papalia (VP1418)
Mark A. Roney (MR1931)
One Gateway Center-13th Floor
Newark, New Jersey 07012
Telephone: (973) 622-3333
Facsimile (973) 622-3349
*Counsel for E. Ross Browne*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendants. | Case No. 06-4802 (DMC) <br><br><br> **ANSWER, DEFENSES AND CROSSCLAIMS OF DEFENDANT E. ROSS BROWNE** |

Defendant E. Ross Browne ("Browne") by and through his counsel, SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC, without waiving any of his constitutional, statutory or common law rights or privileges, responds to as and for his Answer, Defenses, and Cross-Claims to the Complaint, says:

**Jurisdiction and Venue**

1. The allegations of paragraph 1 constitute legal conclusions which require no response.

2. The allegations of paragraph 2 constitute legal conclusions which require no response.

## The Parties

3. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4. Browne admits the allegations contained in paragraph 4, except that PITTRA did not maintain an address at 25 Commerce Drive, Morristown, New Jersey.

5. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5.

6. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

7. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

8. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution, except that he admits he is a citizen of the State of New Jersey and the location of his residence.

9. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution, except that Browne admits those allegations relating to PGB's place of business.

9B. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9B.

10. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution, except that he admits that PGB engaged in the business of importing and exporting food ingredients.

## MLBFS' Loans to PITTRA

11. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

12. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

13. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

15. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

16. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

17. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

18. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

19. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

20. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

21. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

22. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

23. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23.

24. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

25. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

26. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

27. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

28. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

29. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

30. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

31. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

32. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## The Fraud

33.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

34.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

35.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

36.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

37.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37, except that he admits that the Adversary Proceeding was filed.

38.     Browne refers to the Verified Complaint in the Adversary Proceeding for its contents, and otherwise responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

39.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

40.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

41.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

42.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

43. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

44. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

45. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

46. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

47. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

48. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## **FIRST COUNT**

49. Browne repeats and realleges his response to paragraphs 1 through 48 above.

50. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

51. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

52. Browne admits that the property listed in subparagraph (A) under subheadings (i), (iii) (in Vernon, New Jersey) and (v) is property he owns jointly with his wife and that Browne owns life insurance policies with cash surrender values issued by Phoenix Insurance, and is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52.

53. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## SECOND COUNT

54. Browne repeats and realleges his response to paragraphs 1 through 53 above.

55. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

56. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

57. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

58. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## THIRD COUNT

59. Browne repeats and realleges his response to paragraphs 1 through 58 above.

60. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

61. The allegations contained in paragraph 61 contain conclusions of law for which no response is required.

62. The allegations contained in paragraph 62 contain conclusions of law for which no response is required.

63. The allegations contained in paragraph 63 contain conclusions of law for which no response is required.

64. The allegations contained in paragraph 64 contain conclusions of law for which no response is required.

## FOURTH COUNT

65. Browne repeats and realleges his response to paragraphs 1 through 64 above.

66. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## FIFTH COUNT

67. Browne repeats and realleges his response to paragraphs 1 through 66 above.

68. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

69. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

70. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

71. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

72. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

73. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

74. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

75. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

76. The allegations contained in paragraph 76 contain conclusions of law for which no response is required.

**SIXTH COUNT**

77. Browne repeats and realleges his response to paragraphs 1 through 76 above.

78. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**SEVENTH COUNT**

79. Browne repeats and realleges his response to paragraphs 1 through 77 above.

80. The allegations contained in paragraph 80 contain conclusions of law for which no response is required.

81. The allegations contained in paragraph 81 contain conclusions of law for which no response is required.

82. The allegations contained in paragraph 82 contain conclusions of law for which no response is required.

83. The allegations contained in paragraph 83 contain conclusions of law for which no response is required.

84. The allegations contained in paragraph 84 contain conclusions of law for which no response is required.

**WHERFORE**, Browne demands judgment dismissing the Verified Complaint as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

# DEFENSES

## FIRST SEPARATE DEFENSE

The Verified Complaint fails to state a cause of action upon which relief may be granted as to Browne.

## SECOND SEPARATE DEFENSE

Plaintiff's claims are barred or limited by plaintiff's breach of its duty of care to Browne.

## THIRD SEPARATE DEFENSE

Plaintiff's claims against Browne are barred by the doctrine of laches.

## FOURTH SEPARATE DEFENSE

This action is barred or limited by the doctrine of unclean hands.

## FIFTH SEPARATE DEFENSE

This action is barred by estoppel.

## SIXTH SEPARATE DEFENSE

Browne disclosed his employment by PGB to plaintiff no later than January 2004. Accordingly, Browne's liability under any guaranty, if any, should be limited to extensions of credit as of that date and time.

## SEVENTH SEPARATE DEFENSE

Plaintiff did not reasonably rely to its detriment on any actions, or representations of Browne.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims against Browne are barred or limited because whatever injuries or damages that were sustained by the plaintiff were caused by parties or instrumentalities over which Browne had no control.

## NINTH SEPARATE DEFENSE

Plaintiff's claims against Browne are barred or limited because plaintiff has failed to mitigate its damages.

## TENTH SEPARATE DEFENSE

Plaintiff's damages, if any, are barred or limited by the fact that they have been paid for or are payable by collateral sources.

## ELEVENTH SEPARATE DEFENSE

Plaintiff has failed to join an indispensable party, PITTRA G.B. International, Inc.

## TWELFTH SEPARATE DEFENSE

Browne breached no alleged duty to plaintiff.

## THIRTEENTH SEPARATE DEFENSE

Any actions by Browne were taken in good faith with justification and for legitimate business reasons.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff cannot maintain an action in this Court pursuant to N.J.S.A. 14A:13-11 and/or N.J.S.A. 14A:13-14.

## FIFTEENTH SEPARATE DEFENSE

Browne reserves the right to assert additional defenses based on such facts as may be revealed during discovery in this action, and joins in any defenses as asserted by its Co-Defendants, as may be applicable to Browne.

## CROSSCLAIM FOR INDEMNIFICATION

Browne, by way of crosscclaim against Co-Defendants, PGB International, LLC, Arthur Kupperman and Paulette Krelman, and any other parties hereinafter named in this action (the

"Co-Defendants"), asserts that any and all damages sustained were the proximate result of the conduct of the Co-Defendants, whose misconduct was primary and active and if Browne is found liable with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and the Co-Defendants are liable to Browne by way of common law indemnification for any and all injuries and damages for which Browne may be found liable in this matter.

**WHEREFORE**, Browne demands indemnification from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION

Browne, by way of crossclaim against Co-Defendants, asserts if it is determined that the Browne was negligent, such negligence was vicarious, passive and secondary and it was the negligence of the one or more of the plaintiff and/or Co-Defendants which was the active, primary and proximate cause of the plaintiff's damages and Browne herein demands contribution from said plaintiff and said Co-Defendants for the amount of any judgment and costs as against Browne herein pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1, et *seq.* and other applicable law.

**WHEREFORE**, Browne demands contribution from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION UNDER THE GUARANTIES

Browne, by way of crossclaim against Co-Defendants, asserts that Browne and the Co-Defendants are jointly and severally liable under any of the guaranties and if it is determined that the Browne is liable under any of the guaranties, his liability is limited to his pro-rata share of

liability under the guaranties and Browne herein demands contribution from said Co-Defendants for any amounts paid by Browne to plaintiff in excess of his pro rata share.

**WHEREFORE**, Browne demands contribution from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

        **SAIBER SCHLESINGER
SATZ & GOLDSTEIN, LLC**
*Counsel for E. Ross Browne*

By: s/ Vincent F. Papalia
    VINCENT F. PAPALIA
    MARK A. RONEY
    One Gateway Center - 13th Floor
    Newark, New Jersey 07102
    (973) 622-3333 (Telephone)
    (973) 622-3349 (Telecopier)

DATED: November 21, 2006

{00462122.DOC}

13

**CERTIFICATION**

Pursuant to Local Rule 11.2, it is hereby stated that the matter in controversy is the subject of two adversary complaints filed in the United States Bankruptcy Court for the District of New Jersey titled <u>Benjamin A. Stanziale, Chapter 7 Trustee v. Arthur Kupperman, et al.</u>, Adv. Pro. No. 06-02702 (MS), <u>Yantai North Andre Juice Co., Ltd., et al. v. Arthur Kupperman, et al.</u>, Adv. Pro. No. 06-02718 (MS)(originally filed in New Jersey District Court on February 18, 2005, Case No. 05-01409 (WJM) transferred to the Bankruptcy Court on September 22, 2006) and one case filed in the District Court for the District of New Jersey titled <u>Empresas Lourdes, S.A. v. Arthur Kupperman, et al</u>, Case No. 06-5014 (DMC) filed on November 20, 2006. Subject to the foregoing, there are no other actions pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief.

        **SAIBER SCHLESINGER**
        **SATZ & GOLDSTEIN, LLC**
        *Counsel for E. Ross Browne*

        By: <u>s/ Vincent F. Papalia</u>
            VINCENT F. PAPALIA
            MARK A. RONEY
            One Gateway Center - 13th Floor
            Newark, New Jersey 07102
            (973) 622-3333 (Telephone)
            (973) 622-3349 (Telecopier)

DATED: November 21, 2006