FREDERICK B. POLAK, ESQ.
POST, POLAK, GOODSELL, MacNEILL & STRAUCHLER, P.A.
425 Eagle Rock Avenue – Suite 200
Roseland, New Jersey 07068-1717
TEL: (973) 228-9900  FAX: (973) 994-1705
Attorneys for Defendant Paulette Krelman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. : <br> : <br> Defendants. | **ELECTRONICALLY FILED** <br><br> 06 Civ. 4802 (DMC) <br><br> Civil Action <br><br> **ANSWER TO** <br> **VERIFIED COMPLAINT** |

Defendant Paulette Krelman ("Krelman" or "Defendant"), for her Answer to the Verified Complaint, states as follows:

Defendant asserts the Fifth Amendment Privilege Against Self Incrimination in response to the allegations contained in the Verified Complaint that pertain to her, except as follows:

Defendant admits the allegations contained in paragraph 4, except that PITTRA did not maintain an address at 25 Commerce Drive, Morristown, New Jersey.

Defendant admits that she resides at 43 Hampshire Drive, Mendham, New Jersey as alleged at paragraph 7.

Defendant admits that PGB engaged in the business of importing, exporting, and trading in food ingredients as alleged at paragraph 10.

1

Defendant admits that PITTRA's bankruptcy trustee instituted the adversary proceeding as alleged at paragraph 17.

Defendant neither admits nor denies the allegations contained in paragraph 38, but rather relies upon the Verified Complaint in the Adversary Proceeding which is a document that speaks for itself.

Defendant admits that she has and interest in the real and/or personal property listed in subparagraph B of paragraph 52.

**WHEREFORE**, Defendant demands entry of judgment denying all claims against her.

POST, POLAK, GOODSELL, MACNEILL
& STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey  07068
Tel:  (973) 228-9900
Fax:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  November 21, 2006             s/ Frederick B. Polak_____

### SEPARATE DEFENSES

#### First Separate Defense

Plaintiff's alleged injuries, damages and/or losses were due in whole, or in part, to Plaintiff's lack of due diligence.

#### Second Separate Defense

Plaintiff's claims are barred in whole, or in part, by latches and/or estoppel.

#### Third Separate Defense

2

The terms and conditions of the Guaranty are unenforceable, in whole, or in part, as to Defendant Krelman.

### **Fourth Separate Defense**

Plaintiff's alleged injuries, damages and/or losses were due in whole, or in part, to the acts and/or omissions of defendants other than Defendant Krelman.

### **Fifth Separate Defense**

Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands

### **Sixth Separate Defense**

Plaintiff's claims are barred in whole, or in part, by latches and/or estoppel.

### **Seventh Separate Defense**

Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Krelman.

### **Eighth Separate Defense**

Plaintiff's claims are barred in whole, or in part, by the statute of limitations.

### **Ninth Separate Defense**

Plaintiff's claims are barred or limited by Plaintiff's breach of its duty of care to Defendant Krelman.

### **Tenth Separate Defense**

Plaintiff did not reasonably rely to its detriment on any actions, or representations of Defendant Krelman.

### **Eleventh Separate Defense**

Plaintiff's claims against Defendant Krelman are barred or limited because Plaintiff has failed to mitigate its damages.

### Twelfth Separate Defense

Plaintiff's damages, if any, are barred or limited by the fact that they have been paid for or are payable by collateral sources.

### Thirteenth Separate Defense

Plaintiff does not have standing to bring the Verified Complaint.

### Fourteenth Separate Defense

Defendant Krelman breached no alleged duty to plaintiff.

### Fifteenth Separate Defense

Any actions by Defendant Krelman were made in good faith with justification and for legitimate business reasons.

### Sixteenth Separate Defense

Defendant Krelman reserves the right to assert additional defenses based on such facts as may be revealed during discovery in this action.

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

> POST, POLAK, GOODSELL, MACNEILL
> & STRAUCHLER
> 425 Eagle Rock Avenue, Suite 200
> Roseland, New Jersey  07068
> Tel:  (973) 228-9900
> Fax: (973) 994-1705
> Attorneys for Defendant Paulette Krelman

Dated:   November 21, 2006             s/ Frederick B. Polak

## CROSS CLAIM FOR INDEMNIFICATION

Defendant Paulette Krelman, by way of cross-claim against Co-Defendants Arthur Kupperman and E. Ross Browne, and any other parties already named or named hereinafter in this action, asserts that any and all damages sustained were the proximate result of the conduct of the Co-Defendants, whose misconduct was primary and active, and if Defendant Krelman is found liable with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and the Co-Defendants are liable to Defendant Krelman by way of common law indemnification for any and all injuries and damages for which Defendant Krelman may be found liable in this matter.

**WHEREFORE**, Defendant Paulette Krelman demands indemnification from all Co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Paulette Krelman, by way of cross-claim against Co-Defendants Arthur Kupperman and E. Ross Browne, and any other parties already named or named hereinafter in this action, asserts if it is determined that the Defendant Krelman was negligent, such negligence was vicarious, passive and secondary and it was the negligence of the one or more of the Plaintiff and/or Co-Defendants which was the active, primary and proximate cause of the Plaintiff's damages and Defendant Krelman herein demands contribution from said Plaintiff and said Co-Defendants for the amount of any judgment and costs as against Defendant Krelman herein pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1, et seq.

**WHEREFORE**, Defendant Paulette Krelman demands contribution from all Co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

### **CROSSCLAIM FOR CONTRIBUTION UNDER THE GUARANTIES**

Defendant Paulette Krelman, by way of cross-claim against Co-Defendants Arthur Kupperman and E. Ross Browne, and any other parties already named or named hereinafter in this action, asserts that Defendant Krelman and the Co-Defendants are jointly and severally liable under any of the guarantees and if it is determined that the Defendant Krelman is liable under any of the guarantees, her liability is limited to his pro-rata share of liability under the guarantees and Defendant Krelman herein demands contribution from said Plaintiff and said Co-Defendants for any amounts paid by Defendant Krelman to Plaintiff in excess of her pro rata share.

**WHEREFORE**, Defendant Paulette Krelman demands contribution from all Co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

> POST, POLAK, GOODSELL, MACNEILL
> & STRAUCHLER
> 425 Eagle Rock Avenue, Suite 200
> Roseland, New Jersey  07068
> Tel:  (973) 228-9900
> Fax: (973) 994-1705
> Attorneys for Defendant Paulette Krelman

Dated:   November 21, 2006              s/ Frederick B. Polak

## ANSWER TO ALL CROSSCLAIMS

Defendant Krelman, by way of answer to any claim for contribution or indemnification heretofore asserted by any other party or which shall hereinafter be asserted by any other party (whether now or hereafter existing), says:

1. Defendant Krelman denies each and every allegation of each such claim and further denies liability in any way to any other party herein.

2. Defendant Krelman hereby incorporates by reference and asserts each and every separate defense which heretofore is stated in this pleading as a defense to the claims.

**WHEREFORE**, Defendant Krelman demands that any claim for contribution or indemnification asserted against him be dismissed with prejudice and without costs.

POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068
Tel: (973) 228-9900
Fax: (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated: November 21, 2006      s/ Frederick B. Polak_____