FREDERICK B. POLAK, ESQ.
POST, POLAK, GOODSELL, MacNEILL & STRAUCHLER, P.A.
425 Eagle Rock Avenue – Suite 200
Roseland, New Jersey 07068-1717
TEL:  (973) 228-9900  FAX:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | **ELECTRONICALLY FILED** |
| Plaintiff, | 06 Civ. 4802 (DMC) |
| vs. | Civil Action |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT FOUR OF THE VERIFIED COMPLAINT**

## **TABLE OF CONTENTS**

Summary of the Argument..........................................................................................................1

Facts ..........................................................................................................................................1

Legal Argument ........................................................................................................................1

    Point I.  Plaintiff's Motion For Partial Summary Judgment As To The Fourth Count Of
The Verified Complaint Is Premature......................................................................1

    Point II.  Plaintiff Has Failed To Provide Sufficient Proof As To The Amounts Allegedly
Due And Owing .......................................................................................................2

    Point III.  Even Were The Court To Grant Plaintiff's Motion For Partial Summary
Judgment, There Is No Basis For The Entry Of Final Judgment..........................2

Conclusion ................................................................................................................................6

# TABLE OF AUTHORITIES

### Cases

*Allegheny County Sanitary Auth. v. EPA,* 732 F.2d 1167, 1172 (3d Cir. 1984)..............................3

*AT&T Credit Corp. v. Transglobal Telecom Alliance, Inc.,* 966 F.Supp. 299, 304
(D.N.J. 1997)..................................................................................................................................3, 4

*Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980).................................................................3

*Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d
(1980)................................................................................................................................................3

*Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4 (1976)..........3

*Merrill Lynch Business Financial Services, Inc. v. Plesco,* 859 F.Supp. 818, 826,-828
(E.D. Pa. 1994)..................................................................................................................................2

*Oyster v. Johns-Manville Corp.,* 568 F.Supp. 83 (E.D.Pa 1983) ), *appeal dismissed*, 770 F.2d
1066 (3d Cir. 1985)...........................................................................................................................4

*Sussex Drug Products v. Kanasco, Ltd.,* 920 F2d 1150, 1153 (3d Cir. 1990)..........................3, 4, 5

### Rules

Federal Rule of Civil Procedure 54(b)..................................................................................2, 3

**SUMMARY OF THE ARGUMENT**

Plaintiff's motion for partial summary judgment as to the Fourth Count of the Verified Complaint is premature. Defendant Krelman has demanded discovery in relation to the very Guarantees which are the subject of Plaintiff's motion for partial summary judgment. Pending receipt and analysis of that discovery, defendant can neither admit nor deny the factual allegations set forth in "Plaintiff's Local Civil Rule 56.1 Statement of Material Facts As To Which There Does Not Exist a Genuine Issue" (hereinafter "Statement of Material Facts"). Even were the Court to grant Plaintiff partial summary judgment as to the Fourth Count, Plaintiff has failed to establish a sufficient basis to permit this Court to certify such judgment as final.

**FACTS**

On or about November 27, 2006, Defendant Krelman sought discovery of the original signed Guarantees, and all original documentation that was allegedly submitted to Plaintiff by Defendants that is referred to in the Verified Complaint. Declaration of Frederick B. Polak, Esq. ("Polak Decl.") at Exhibit A. Defendant Krelman has also sought discovery of the documents relied upon by Catherine Briick in her Declaration in support of plaintiff's motion, including, without limitation, all loan documents and account statements.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO THE FOURTH COUNT OF THE VERIFIED COMPLAINT IS PREMATURE.**

In support of its motion, Plaintiff submits that "the Guarantors unconditionally guaranteed to MLBFS the repayment of any and all sums due from PITTRA." (Pb at p. 2). With respect to this allegation, Defendant Krelman has sought discovery of the originally executed

1

Guarantees, as well as all documents submitted in relation to those Guarantees. Polak Decl. at Exhibit A. Until Defendant Krelman has had an opportunity to obtain and analyze the requested documentation, she can neither admit nor deny the allegations in the Statement of Material Facts. Analysis of those documents could lead to further discovery demands, including depositions, which could support a defense such as fraudulent inducement, breach of the covenant of good faith and fair dealing or that the Guarantees are void as to Defendant Krelman. *See Merrill Lynch Business Financial Services, Inc. v. Plesco*, 859 F.Supp. 818, 826-828 (E.D. Pa. 1994).

## POINT II

### PLAINTIFF HAS FAILED TO PROVIDE SUFFICIENT PROOF AS TO THE AMOUNTS ALLEGEDLY DUE AND OWING.

The Declaration of Catherine L. Briick refers to the loan documents and purports to demonstrate a calculation of the amounts due and owing to plaintiff. However, plaintiff has failed to append the loan documents or account statements to support the amounts or calculations included therein. Defendant Krelman has now sought discovery of such documents. Polak Decl. at Exhibit A. Until Defendant Krelman has an opportunity to review and analyze the loan documents and account statements, she can neither admit nor deny the allegations contained in the Briick Declaration. Therefore, even were the Court to grant plaintiff's motion for summary judgment as to Count Four, it is premature for this Court to enter Judgment with respect to the amount due.

**POINT III**

**EVEN WERE THE COURT TO GRANT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, THERE IS NO BASIS FOR THE ENTRY OF FINAL JUDGMENT.**

Pursuant to Federal Rule of Civil Procedure 54(b), a partial Judgment shall be certified as final "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

> Rule 54(b) requests are to be <u>granted</u> <u>sparingly</u>. *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980). Judicial economy is certainly best served by delaying appellate proceedings until all claims and issues are disposed of and can be reviewed in a single "parcel." *See Cullen v. Margiotta,* 618 F.2d 226, 228 (2d Cir.1980).

*A T & T Credit Corp. v. Transglobal Telecom Alliance, Inc*., 966 F.Supp. 299, 304 (D.N.J. 1997) (emphasis added). When addressing whether to certify a judgment as final, the Court must address:

> First, whether "it is dealing with a 'final judgment' ... in the sense that it is 'an ultimate disposition of an individual claim entered in the course of multiple claims action.' " . . . If that hurdle is cleared, the district court must exercise its discretion to determine that the matter is "ready for appeal ... tak[ing] into account judicial administrative interests as well as the equities involved."

*Sussex Drug Products v. Kanasco, Ltd*., 920 F2d 1150, 1153 (3d Cir. 1990) (quoting *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7-8, 100 S.Ct. 1460, 1464-65 (1980) (internal citations omitted)).

For purposes of FRCP 54(b), a partial judgment is considered final if it ends the litigation on the merits as to a single claim. "It is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief." *Id.* at 1154 (quoting *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 743 n. 4, 96 S.Ct. 1202, 1206 n. 4 (1976)). Thus, "[a]lternative theories of recovery based on the

3

same factual situation are but a single claim, not multiple ones." *Id.* (citing *Allegheny County Sanitary Auth. v. EPA,* 732 F.2d 1167, 1172 (3d Cir. 1984)).

Hence, in *Sussex Drug Products*, the Third Circuit held that the District Court erred in certifying its judgment as to four counts of a five count complaint as final, because the claims were not separate. *See id.* 1155-56. The first four counts sought damages based, *inter alia*, on breach of contract and express and implied warranties. *See id.* at 1152. The fifth count alleged fraud and sought both compensatory and punitive damages. *See id.* The causes of action arose from the same set of facts. In holding that the *Sussex Drug Products* complaint alleged but a single cause of action, the court reviewed its decision in *Oyster v. Johns-Manville Corp.*, 568 F.Supp. 83 (E.D.Pa 1983), *appeal dismissed*, 770 F.2d 1066 (3d Cir. 1985). *See id.* at 1154-55. There, various counts alleged negligence, while one count alleging intentional misconduct remained. Noting that the "primary proof for recovery . . . was the manufacture of a product that harmed the plaintiff," the *Oyster* Court held that "the degree of consanguinity between the dismissed portion of the complaint and the remainder thereof is so close as to compel the conclusion that plaintiff has, within the meaning of Rule 54(b), presented only one claim . . . ." *Id.* (quoting *Oyster*, 568 F.Supp. at 86 (internal quotations omitted)). *See also AT & T Credit Corp. v. Transglobal Telecom Alliance, Inc.,* 966 F. Supp. 299, (D.N.J. 1997) (although granting summary judgment to plaintiff on various counts, including liability as to a guaranty, the court declined to certify the judgment as final because "substantial claims" still remained.)

Here, the allegations in the Fourth Count of the Verified Complaint and the remainder of the allegations in the Verified Complaint are premised upon the same factual allegations. The Verified Complaint alleges various theories entitling plaintiff to payment, all of which pertain to the same set of facts relating to the operations of PITTRA and PGB. Therefore, even were this Court to grant plaintiff judgment as to Count Four of the Verified Complaint, such a judgment would not be final because it would not end the litigation on the merits as to a single claim. As

such, even were this Court to grant plaintiff's motion for partial summary judgment as to Count Four, this Court should deny plaintiff's motion to certify that judgment as final, because, as in *Sussex Drug Products* and *Oyster*, here the "the degree of consanguinity between the dismissed portion of the complaint and the remainder thereof is so close as to compel the conclusion that plaintiff has, within the meaning of Rule 54(b), presented only one claim . . . ."

Moreover, practical considerations of judicial economy weigh against certification as final. *See Sussex Drug Products*, 920 F.2d at 1156 (discussing "judicial administrative interests" which weigh against certifying judgments as final). The factual issues are so intertwined that an appeal in relation to Count Four would likely address the same issues that may be brought in an appeal as to the remaining counts. The *Sussex Drug Products* Court cited with approval the suggestion by the Seventh Circuit Court of Appeals that "there should be a presumption against characterizing a pleading as containing multiple claims rather than one claim . . ." due to the substantial increase in the federal appellate caseload. Here, it would be an inappropriate exercise of discretion to certify a judgment solely as to Count Four, as final, because to do so could result in piecemeal appeals. *See id.* at 1153.

Finally, the plaintiff has obtained writs of attachment as to all of Defendant Krelman's assets, and defendant Krelman has not opposed those restraints remaining in place at this time (except for the release of certain funds for attorney fees and daily living expenses). Furthermore, plaintiff's statement that "Defendants should not enjoy further delay in repayment arising by virtue of their own misconduct" is irrelevant. The allegations contained in Count Four, for which plaintiff seeks judgment, do not allege misconduct, but are based upon breach of contract. There have been no findings of misconduct in this litigation on the part of Defendant Krelman. Therefore, plaintiff's statement is unsupported and inapposite to the relief sought.

Defendant Krelman herein adopts by reference the arguments of all other co-defendants to the extent that same are applicable to her.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for summary judgment on the Fourth Count of the Verified Complaint should be denied.

>
> POST, POLAK, GOODSELL, MacNEILL
> & STRAUCHLER, P.A.
> Attorneys for Defendant Paulette Krelman
>
>
> By: ___s/Frederick B. Polak_ _____
>     Frederick B. Polak, Esq.