IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>　　　　Defendants. | 06 Civ. 4802 (DMC) |

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO CROSS-MOTIONS TO DISMISS**

---

BRESSLER, AMERY & ROSS
A Professional Corporation
P. O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiff

On the Brief:
　　George R. Hirsch, Esq. (GH 8284)
　　Michael J. Connolly, Esq. (MC 7610)

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
|     I. ANY RESTRICTION ON MLBFS' PROSECUTION OF THIS ACTION WOULD BE UNCONSTITUTIONAL | 2 |
|     II. NEW JERSEY LAW PERMITS THIS CASE TO PROCEED | 4 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page**

### Federal Cases

*Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*,
   21 F. Supp. 2d 465 (D.N.J. 1998) ...................................................................... 4

*Eli Lilly & Co. v. Sav-On Drugs, Inc.*, 366 U.S. 276 (1961) ........................................ 3

### State Cases

*Davis & Dorand, Inc. v. Patient Care Medical Services Inc.*,
   208 N.J. Super. 450 (L. Div. 1985) ...................................................................... 5

*First Family Mortg. Corp. of Florida v. Durham*, 108 N.J. 277 (1987) ..................... 3

*Grow Farms Corp. v. National State Bank*, 167 N.J. Super. 102
   (L. Div. 1979) ......................................................................................................... 4

*Materials Research Corp. v. Metron, Inc.*, 64 N.J. 74 (1973) ............................. 2, 4

*Menley & James Labs., Ltd. v. Vornado, Inc.*, 90 N.J. Super. 404 (Ch. Div. 1966) ...... 4, 5

*Peter Doelger Brewing Corp. v. Spindel*, 14 N.J. Misc. 523 (1936) ......................... 5

### State Statutes

N.J.S.A. § 14A:13-11(1) .......................................................................................... 2, 3

N.J.S.A. § 14A:13-20 .................................................................................................. 3

N.J.S.A. § 42:2B-57a .................................................................................................. 4

## INTRODUCTION

Plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS") respectfully submits this Brief together with the Declarations of Eric R. Billings and Edward D. Tan in opposition to Defendants' cross-motions to dismiss this action.

Defendants contend that this action should be dismissed pursuant to N.J.S.A. § 14A:13-11(1) because MLBFS presently does not hold a Certificate of Authority from the State of New Jersey. Defendants rely upon statutory language that a foreign corporation transacting business in New Jersey without a Certificate of Authority shall not "maintain any action or proceeding in any court of this State until such corporation shall have obtained a certificate of authority."

However, Defendants' argument fails because:

A. Prior to commencing this action, MLBFS made all of the submissions required to obtain a Certificate of Authority and MLBFS continues to comply with all requests from the State. Any restriction on MLBFS' access to the courts would therefore constitute an unconstitutional interference with interstate commerce; and

B. Notwithstanding the statutory language, New Jersey law does not require dismissal simply because MLBFS did not hold a Certificate of Authority at the commencement of this action.

# ARGUMENT

## I

## ANY RESTRICTION ON MLBFS' PROSECUTION OF THIS ACTION WOULD BE UNCONSTITUTIONAL.

N.J.S.A. § 14A:13-11(1) may not be applied in a manner which "unduly burdens interstate commerce." Materials Research Corp. v. Metron, Inc., 64 N.J. 74 at 79 (1973) (citation omitted). Prior to commencing this action, MLBFS did everything required to obtain a Certificate of Authority. MLBFS has continued to respond promptly to requests from the State of New Jersey. Under these circumstances, to deny MLBFS the right to proceed would be an unconstitutional interference with interstate commerce.

As detailed in the Declaration of Eric R. Billings submitted herewith, MLBFS became aware in April of 2006 that its Certificate of Authority had been revoked because it had not filed certain annual reports. MLBFS took corrective action and brought its annual report filings current by July of 2006. Thereafter, MLBFS learned that it also needed to obtain a Tax Clearance Certificate in order to have its Certificate of Authority reinstated. MLBFS then submitted all the materials known by it to be required to obtain the tax clearance. MLBFS completed these tasks by October 4, 2006 ---- prior to commencing this action. Since October 4, 2006, MLBFS has been waiting for the Tax Clearance Certificate (which the Division of Taxation will issue only after it completes its audit process).

Upon receiving Defendants' cross-motions, MLBFS sent counsel to Trenton to speak in person with officials at the Division of Taxation in an effort to expedite the audit process. On December 1, 2006, the Division of Taxation issued a deficiency notice to

2

MLBFS, and the very same day, MLBFS sent the requested payment. See Declaration of Edward D. Tan submitted herewith at ¶¶ 7 and 8 and Exhibits A and B.

Under these circumstances, it would be an unconstitutional burden on interstate commerce to preclude MLBFS from prosecuting this action. MLBFS has complied with every requirement imposed upon it by the State of New Jersey. It is axiomatic that a state cannot deny a foreign corporation access to its courts where the corporation has done everything asked of it.

A court should construe a statutory scheme in a manner that will avoid an unconstitutional application. For example, in First Family Mortg. Corp. of Florida v. Durham, 108 N.J. 277 (1987), the New Jersey Supreme Court preserved by interpretation the constitutionality of the New Jersey Notice of Business Activities Report statute (N.J.S.A. § 14A:13-20). Id., 108 N.J. at 292. In doing so, the Durham Court balanced the purpose of the statute and its requirements against the burdens imposed upon interstate commerce. Id., 108 N.J. at 284-293.

Here, MLBFS has complied with both the purpose of the Certificate of Authority statute and its express requirements. Precluding MLBFS from proceeding would impose an arbitrary and unconstitutional burden upon it without advancing any legitimate state purpose that has not already been achieved.[1]

---

[1] In addition, MLBFS' transactions with Defendants were interstate, not intrastate transactions. For example, the agreements between the parties and the loans themselves were issued and maintained by MLBFS from its Illinois headquarters. See, e.g., Verified Complaint at Exhibit A, p. 12 ("Accepted at Chicago, Illinois") and Exhibit L ("All sums payable hereunder shall be payable at 2356 Collections Center Drive, Chicago, Illinois..."). Interstate transactions are not appropriately subject to regulation by N.J.S.A. § 14A:13-11(1). Cf., Eli Lilly & Co. v. Sav-On Drugs, Inc., 366 U.S. 276 at 278 (1961).

## II

## NEW JERSEY LAW PERMITS THIS CASE TO PROCEED.

In Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465 at 473 (D.N.J. 1998) (Wolin, D.J.), the plaintiff's registration as a foreign limited liability corporation lapsed. The plaintiff filed suit while it was unregistered in New Jersey. During the course of suit, the plaintiff re-registered with the State. The defendant moved to dismiss based upon a statutory provision that "[a] foreign limited liability company doing business in this State may not maintain any action . . . in this State until it has registered . . ." N.J.S.A. § 42:2B-57a.

Judge Wolin denied the motion and allowed the suit to continue, stating:

> Based on the language of the qualifying statute, defendant posits that plaintiff had no standing to file suit and, therefore, plaintiff's claim should be dismissed. Although defendant's conclusion is reasonable from a casual reading of the statute, it is not the law in New Jersey. Time and time again, New Jersey courts have reiterated their understanding that a company's failure to register before filing does not require dismissal so long as the company corrects the deficiency and files during the proceedings.

Danka, supra, 21 F. Supp. 2d at 473. Judge Wolin cited New Jersey decisions supporting his conclusion including: Materials Research Corp. v. Metron, supra, 64 N.J. at 77, n. 1 ("[c]ompliance with a qualification requirement during the course of trial has been held sufficient for a plaintiff unqualified at the action's inception to avoid being precluded from maintaining suit"); Grow Farms Corp. v. National State Bank, 167 N.J. Super. 102 at 114 (L. Div. 1979) ("[e]ven if plaintiff is later found to ... require authorization ..., it would still be permitted to comply with those statutory provisions during the trial of the matter to avoid a dismissal"); Menley & James Labs., Ltd. v.

4

Vornado, Inc., 90 N.J. Super. 404 at 414 (Ch. Div. 1966) (though plaintiff did not have a certificate of authority when it filed suit, its subsequent acquisition of a certificate allowed it to proceed); Peter Doelger Brewing Corp. v. Spindel, 14 N.J. Misc. 523 at 524 (1936) ( even though a party is not qualified at filing, the suit would not be dismissed if party subsequently qualifies); and Davis & Dorand, Inc. v. Patient Care Medical Services Inc., 208 N.J. Super. 450 at 454, 459-60 (L. Div. 1985) (affording a foreign corporation time to comply with the filing requirements prior to hearing on motion to dismiss, but dismissing thereafter because corporation failed to comply).

Accordingly, New Jersey law permits this case to proceed.

## CONCLUSION

For the foregoing reasons, the cross-motions to dismiss should be denied.

> Respectfully submitted,
>
> BRESSLER, AMERY & ROSS, P.C.
> Attorneys for Plaintiff
>
> By: _____
> George R. Hirsch

Dated: December 4, 2006

5