BRIAN F. AMERY*
LAWRENCE D. ROSS*
DAVID W. REGER+
RICHARD V. JONES+
MARK T. MCMENAMY+
DAVID P. SCHNEIDER+
MARK M. TALLMADGE+
EDWIN A. ZIPF+
GEORGE R. HIRSCH*
CYNTHIA J. BORRELLI DODGE*
ERIC L. CHASE*
DAVID H. PIKUS*
JORDAN S. WEITBERG*
DAVID J. LIBOWSKY*
DONALD J. CAMERSON, II+
DAVID F. BAUMAN+
DOMINICK F. EVANGELISTA*
GENEVIEVE K. LAROBARDIER*
NANCY C. McDONALD+
LAWRENCE E. FENSTER△
SAMUEL J. THOMAS*
LINDA S. MIRSKY BRENNEMAN*
DIANA C. MANNING*
BENNETT FALK°
KEITH OLIN□
ALEX J. SABO□
FRANK J. CUCCIO*
ANDREW W. SIDMAN△
RICHARD C. SZUCH+
JED L. MARCUS*
RONNIE ANN POWELL*
PAUL I. ROSENBERG*

OF COUNSEL
RICHARD R. SPENCER, JR.+

COUNSEL
KENNETH M. MOLTNER△
MICHAEL J. CONNOLLY+
FELICIA L. GARLAND+

BERNARD BRESSLER
(1928-2005)

# BRESSLER, AMERY & ROSS, P.C.
## ATTORNEYS AT LAW

P.O. BOX 1980
MORRISTOWN, NJ 07962
(973) 514-1200
FAX: (973) 514-1660

HAND DELIVERY:
325 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932

www.bressler.com

NEW YORK OFFICE
17 STATE STREET
NEW YORK, NY 10004
(212) 425-9300

FLORIDA OFFICE
HUNTINGTON CENTRE II
2801 S.W. 149TH AVENUE
MIRAMAR, FL 33027
(954) 499-7979

DANIEL R. KORB, JR+
RICHARD J. TEER*
MICHAEL S. RUBIN+
MICHAEL A. COLODNEY+
KIRSTEN McCAW GROSSMAN*
KAREN E. MURPHY+
MATTHEW C. PLANT*
KALMAN G. MAGYAR*
JILL E. DOKSON□
ROBIN C. STEPHAN*
CHRISTIAN D. JOHNSON+
STEVEN G. HEMMERT□
RONALD J. CAMPIONE*
ANGELA M. SCAFURI+
SEAN C. CALLAHAN*
DENNISE S. MULVIHILL*
COREN H. STERN°
SETH V. ALHADEFF□
JASON L. SMITH+
DAVID J. BUTLER*
BENJAMIN J. DiLORENZO+
DIANA C. CAMPBELL△
DAVID G. SMITHAM*
YOONSUN CHUNG*
NIKOLAS S. KOMYATI*
DENNIS E. KADIAN*
EDWARD D. TAN+
A. WESLEY BRIDGES+
REGINA PEPE MARTORANA*
DIANA M. HEDRICK□
CHRISTOPHER G. MASSEY*
JACQUELYN R. TRUSSELL*
SMIT KAPADIA*
MATTHEW E. WOLPER□
RISA M. DAVID+
ANDREW M. GREENIDGE□
KIRSTIN K. O'CALLAGHAN*

*ADMITTED IN NJ AND NY
+ADMITTED IN NJ
△ADMITTED IN NY
□ADMITTED IN FL
°ADMITTED IN FL AND NY

WRITER'S DIRECT INFORMATION:

December 8, 2006

**VIA ECF AND FEDEX**

Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
for the District of New Jersey
U.S. Post Office & Courthouse Building
50 Walnut Street
Newark, New Jersey 07101

  Re: **Merrill Lynch Business Financial Services Inc. v.
Arthur Kupperman, et al.
Case No: 06- 4802 (DMC/MF)**

    **Opposition To Defendant Krelman's Motion To Release
Funds For Bankruptcy Filing**

Dear Judge Cavanaugh :

  As Your Honor is aware, we represent the Plaintiff, Merrill Lynch Business Financial Services, Inc. Please accept this letter in opposition to Defendant Paulette Krelman's motion seeking the release of $10,000 to hire counsel to file for bankruptcy and for litigation within that bankruptcy case.

Ms. Krelman's motion should be denied.

MLBFS demonstrated that the Ms. Krelman and the other Defendants engaged in widespread fraud resulting in the loss of millions of dollars. MLBFS also demonstrated its entitlement to attachments and restraints under longstanding statutory and common law. This Court has allowed for payment of reasonable living expenses to the individual Defendants. Further, this Court has also allowed for generous payments to Defendants' counsel in this matter ---- including $35,000 to Ms. Krelman's attorneys alone. Allowing Ms. Krelman pay more counsel fees to raise additional litigation bars to MLBFS ---- with MLBFS' own money ---- is inappropriate.

A bankruptcy filing by Ms. Krelman would be a futile endeavor because among other things:

> (i) Ms. Krelman will not discharge (i.e. eliminate her personal liability for) her indebtedness to MLBFS. Debts for fraud are non-dischargeable in bankruptcy. See 11 U.S.C. §523(a)(2)(A). Debts incurred by use of false financial statements are also non-dischargeable. See 11 U.S.C. §523(a)(2)(B). Debts arising from a breach of fiduciary duty (such as the duty owed by the officer of an insolvent corporation to its creditors) are also non-dischargeable. See 11 U.S.C. §523(a)(4); In re In re Docteroff, 133 F.3d 210, 217 (3d Cir. 1997). Accordingly, Ms. Krelman would not be able to use bankruptcy to eliminate her liability to MLBFS. In bankruptcy, Ms.

> Krelman would still face the claims and challenges relating to her fraudulent activity. None of that will go away merely by a bankruptcy filing;
>
> (ii) This action would continue notwithstanding a bankruptcy filing by Ms. Krelman. The automatic stay provisions of 11 U.S.C. §362 do not extend to non-debtors. All of the issues in this case regarding the remaining Defendants would continue. Moreover, in the event Ms. Krelman does file for bankruptcy, MLBFS would seek relief from the automatic stay to continue this litigation against her in this Court. The case law supports relief from the stay in situations like this. See, e.g., In re Brown, 951 F.2d 564, 570 (3d Cir. 1991)(and cases cited therein); In re Mid-Atlantic Handling Systems, LLC, 304 B.R. 111, 130 (Bankr. D.N.J. 2003)(and cases cited therein);

As explained below, no legitimate purpose would be served by Ms. Krelman filing for bankruptcy under any Chapter of the Bankruptcy Code:

> (i) Chapter 7 involves the appointment of a trustee who collects --- and liquidates ---- a debtor's non-exempt assets and distributes them to creditors. Thus, a Chapter 7 bankruptcy would provide no advantage to Ms. Krelman as it would result in the liquidation and distribution of her assets. The liquidation would be performed by an appointed trustee, not by Ms. Krelman or counsel of choice;

(ii) Ms. Krelman is not eligible to file under Chapter 13 of the Bankruptcy Code. An individual may be a debtor under Chapter 13 of the Bankruptcy Code only if her non-contingent, liquidated, unsecured debts do not exceed $307,675 and her noncontingent, liquidated, secured debts do not exceed $922,975. See 11 U.S.C. §109(e). Defendant Krelman owes MLBFS well in excess of $4,000,000.00 on her Guaranty and she therefore exceeds the debt limits of Chapter 13;[1]

(iii) A Chapter 11 bankruptcy also would be an empty exercise. Under Chapter 11 of the Bankruptcy Code, a debtor seeks to "reorganize." However, any proposed reorganization plan must pay creditors at least as much as they would receive if the debtor's assets were liquidated under Chapter 7, unless the creditors agree to the contrary. See 11 U.S.C. §1129(a)(7). Additionally, a plan cannot be confirmed without the consent of the debtor's creditors in accordance with statutory requirements. See, e.g., 11 U.S.C. §1129(a)(8)(each class of creditors "impaired" by a plan must accept plan). Here, MLBFS is Ms. Krelman's largest creditor and its vote against Ms. Krelman would be sufficient by itself to bar

---

[1] Further, in cases under Chapter 7 and Chapter 13, a debtor's attorney could not be paid $10,000. See, e.g., In re Nolan, 2006 WL 2085238 *5 (Bankr.D.N.J. Jul 10, 2006)(Chapter 13 fees of $2,500 are customary).

confirmation of her plan and hence defeat any intended purpose of filing Chapter 11;[2]

Furthermore, every bankruptcy proceeding must be instituted in good faith. In re SGL Carbon Corp., 200 F.3d 154 (3d Cir. 1999)("[A] Chapter 11 petition is subject to dismissal for "cause" under 11 U.S.C. §1112(b) unless it is filed in good faith."). A bankruptcy case may not be commenced solely to gain a litigation advantage or where the issues revolve around a one or two party dispute best resolved in another forum. See, e.g., In re HBA East, Inc., 87 B.R. 248, 259-60 (Bankr. E.D. N.Y. 1988)(where timing of petition reveals the "primary, if not sole purpose" of the filing was a litigation tactic", the petition may be dismissed as a bad faith filing); In re Ravick Corp., 106 B.R. 834, 849-50 (Bankr. D.N.J. 1989) (bankruptcy laws are intended as "a shield not a sword"); In re Y.J. Sons, supra. In re New Jersey Lawyers' Fund for Client Protection v. Goodard, 212 B.R. 233, 239 (Bankr. D.N.J. 1997); In re Eisen, 14 F.3d 469, 470 (9th Cir. 1994).

The court is free to exercise equitable powers to prevent an abuse of the judicial process. In re Y.J. Sons & Co., Inc., 212 B.R. at 802; In re Little Creek Dev. Co., 779 F.2d 1068 (5th Cir. 1986); In re Spear, 203 B.R. 349, 353 (Bankr. D. Mass 1996); In re Falotico, 231 B.R. 35, 41 (Bankr. D. N.J. 1999). In that regard, bankruptcy is a not a

---

[2] While a debtor could propose a plan with multiple "classes" of impaired creditors, and attempt to "cram down" a plan on a class of creditors that votes against a plan, see 11 U.S.C. §1129(b), a debtor cannot "gerrymander" creditors. See, e.g., John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Associates, 987 F.2d 154, 158-59 (3d Cir. 1993).

safe harbor for those --- like Defendant Krelman ---- who engage in pre-bankruptcy conduct deliberately designed to remove assets from the reach of creditors. See, e.g., In re Brown, 88 B.R. 280, 284-85 (Bankr. D. Hi. 1988).

Here, the timing of Ms. Krelman's request (on the eve of summary judgment), the lack of any legitimate bankruptcy purpose, and Ms. Krelman's fraudulent conduct demonstrate that she is not proceeding in good faith and that her request for funds to file bankruptcy is a hollow delaying tactic. This Court should not facilitate Ms. Kremlin's use of attached funds for illegitimate purposes such as legal maneuvering that serves no purpose other than to delay.

Based on the foregoing, we respectfully submit that Your Honor should deny Ms. Krelman's motion.

Respectfully,

George R. Hirsch

MJC/me
cc: Frederick B. Polak, Esq. (via ECF and First-Class Mail)
    A. Michael Covino, Esq. (via ECF and First-Class Mail)
    John M. August, Esq. (via ECF and First-Class Mail)
    John P. Gleason, Esq. (via ECF and First-Class Mail)
    Vincent F. Papalia, Esq. (via ECF and First-Class Mail)
    James A. Scarpone, Esq. (via ECF and First-Class Mail)