**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
Vincent F. Papalia (VP1418)
Mark A. Roney (MR1931)
One Gateway Center-13th Floor
Newark, New Jersey 07012
Telephone: (973) 622-3333
Facsimile (973) 622-3349
*Counsel for E. Ross Browne*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTER KRELMAN and PGB INTERNATIONAL, LLC, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendants. | Case No. 06-4802 (DMC) <br><br> **ANSWER AND DEFENSES OF DEFENDANT E. ROSS ROWNE TO THE CROSSCLAIM OF JPMORGAN CHASE BANK, N.A.** |

Defendant E. Ross Browne ("Browne") by and through his counsel, SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC, without waiving any of his constitutional, statutory or common law rights or privileges, responds to as and for his Answer and Defenses to the Crossclaim of JPMorgan Chase Bank, N.A. ("Chase"), says:

## COUNTERCLAIM AND CROSSCLAIM

a.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Chase's introductory paragraph.

## Additional Defendants on Crossclaim

1.     The allegations contained in paragraph 1 are not directed to Browne and therefore no response is required.   To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

2.     The allegations contained in paragraph 2 are not directed to Browne and therefore no response is required.   To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## Factual Background

3.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

4.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

5.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

6. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6.

7. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7.

8. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

9. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

10. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

11. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

12. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

13. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13.

14. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14.

15. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

17.     Browne admits only that an Order to Show Cause was issued by the Court on October 6, 2006. Browne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 17.

18.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Upon information and belief, Browne admits the allegations set forth in paragraph 19.

20.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

25. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

26. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

27. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27.

28. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 28.

29. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 29.

30. Browne admits only that on October 23, 2006 he appeared for a deposition at the office of Plaintiff's counsel and defendant Arthur Kupperman ("Kupperman") was present. Upon information and belief, Browne admits that defendant Paulette Krelman ("Krelman") appeared when Browne was not present. The Notice to Take Depositions speaks for itself and Browne refers to the document for its contents.

31. Browne admits the invocation of his rights under the Fifth Amendment of the United States Constitution and that Kupperman similarly invoked his right under the Fifth Amendment. Upon information and belief,

Browne admits that Krelman invoked her Fifth Amendment rights and that PGB and Kupperman did not produce any documents at the deposition.

32.    Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

33.    Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

34.    Browne admits that he received a letter from Chase dated October 16, 2006. That letter speaks for itself and Browne refers to the letter for its contents. The remaining allegations of paragraph 34 set forth conclusions of law for which no response is required.

## COUNTERCLAIM

35.    Browne repeats and realleges his responses to paragraphs 1 through 34 as if set forth fully herein.

36.    The allegations in paragraph 36 contain conclusions of law for which no response is required.

37.    Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 37.

WHEREFORE, Browne requests that the Counterclaim be dismissed with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## CROSSCLAIM

### FIRST COUNT
**(Breach of Contract against PGB, Browne and Krelman)**

38.     Browne repeats and realleges his responses to paragraphs 1 through 37 as if set forth fully herein.

39.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

40.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

41.     The allegations in paragraph 41 contain conclusions of law for which no response is required.    To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

### SECOND COUNT
**(Breach of Covenant of Good Faith and Fair Dealing)**

42.     Browne repeats and realleges his responses to paragraphs 1 through 41 as if set forth fully herein.

43.     The allegations in paragraph 43 contain conclusions of law for which no response is required.    To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

44. The allegations in paragraph 44 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

45. The allegations in paragraph 45 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

### THIRD COUNT
### (Fraud against PGB, Kupperman, Browne, Krelman, John Does (1-10) and ABC Corporations (1-10))

46. Browne repeats and realleges his responses to paragraphs 1 through 45as if set forth fully herein.

47. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution..

48. The allegations in paragraph 48 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

49. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

50. The allegations in paragraph 50 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

51. The allegations in paragraph 51 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

52. The allegations in paragraph 52 contain conclusions of law for which no response is required. To the extent that a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## **FOURTH COUNT**
### **(Foreclosure of Security Interest)**

53. Browne repeats and realleges his responses to paragraphs 1 through 52 as if set forth fully herein.

54. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 54.

55. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 55.

56.     Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 56.

## FIFTH COUNT
### (Fraudulent Conveyance)

57.     Browne repeats and realleges his responses to paragraphs 1 through 56 as if set forth fully herein.

58.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

59.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

60.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

61.     The allegations in paragraph 61 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

62.     The allegations in paragraph 62 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

63.     The allegations in paragraph 63 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

64.     The allegations in paragraph 64 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## SIXTH COUNT
### (Unjust Enrichment)

65.     Browne repeats and realleges his responses to paragraphs 1 through 64 as if set forth fully herein.

66.     The allegations in paragraph 66 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

67.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

68.     The allegations in paragraph 68 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by

asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## SEVENTH COUNT
### (Piercing the Corporate Veil)

69. Browne repeats and realleges his responses to paragraphs 1 through 68 as if set forth fully herein.

70. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

71. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

72. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

73. The allegations in paragraph 73 contain conclusions of law for which no response is required. To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## EIGHT COUNT
### (Preliminary and Permanent Injunctive Relief)

74. Browne repeats and realleges his responses to paragraphs 1 through 73 as if set forth fully herein.

75. The allegations in paragraph 75 contain conclusions of law for which no response is required. To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

76. The allegations in paragraph 76 contain conclusions of law for which no response is required. To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

77. The allegations in paragraph 77 contain conclusions of law for which no response is required. To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

78. Browne is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 78.

<div align="center">

### NINTH COUNT
**(Attachment)**

</div>

79. Browne repeats and realleges his responses to paragraphs 1 through 78 as if set forth fully herein.

80. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

81.     The allegations in paragraph 81 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

82.     The allegations in paragraph 82 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

83.     The allegations in paragraph 83 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

## **TENTH COUNT**
## **(RICO)**

84.     Browne repeats and realleges his responses to paragraphs 1 through 83 as if set forth fully herein.

85.     The allegations in paragraph 85 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

86.     The allegations in paragraph 86 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

87.     The allegations contained in paragraph 87 contain conclusions of law for which no response is required.

88.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

89.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

90.     The allegations in paragraph 90 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

91.     The allegations in paragraph 91 contain conclusions of law for which no response is required.  To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

92.     Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

93. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

94. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

95. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

96. Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

97. The allegations in paragraph 97 contain conclusions of law for which no response is required. To the extent a response is required, Browne responds by asserting the privilege against self-incrimination accorded to him by the Fifth Amendment of the United States Constitution.

**WHERFORE,** Browne demands judgment dismissing Chase's Crossclaim as to Browne, with prejudice, and awarding Browne reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

<div align="center">

## DEFENSES

## FIRST SEPARATE DEFENSE

</div>

The Crossclaim fails to state a claim upon which relief may be granted as to Browne.

## SECOND SEPARATE DEFENSE

The Crossclaim is barred by the contributory negligence of the Chase.

## THIRD SEPARATE DEFENSE

The Crossclaim against Browne are barred by the doctrine of laches.

## FOURTH SEPARATE DEFENSE

The Crossclaim against Browne is barred by the doctrine of unclean hands.

## FIFTH SEPARATE DEFENSE

The Crossclaim against Browne is barred by estoppel.

## SIXTH SEPARATE DEFENSE

Chase's recovery in this action, if any, must be diminished by the amount of its comparative negligence.

## SEVENTH SEPARATE DEFENSE

Chase did not reasonably rely to its detriment on any actions, or representations of Browne.

## EIGHTH SEPARATE DEFENSE

Chase's claims against Browne are barred because whatever injuries or damages that were sustained by Chase were caused by parties or instrumentalities over which Browne had no control.

## NINTH SEPARATE DEFENSE

Chase's claims against Browne are barred because Chase has failed to mitigate its damages.

## TENTH SEPARATE DEFENSE

Chase's damages, if any, are barred or diminished by the fact that they have been paid for or are payable by collateral sources.

## ELEVENTH SEPARATE DEFENSE

Browne did not breach any duty allegedly owed to Chase.

## TWELFTH SEPARATE DEFENSE

Any actions by Browne were taken in good faith with justification and for legitimate business reasons.

## THIRTEENTH SEPARATE DEFENSE

Browne acted at all times relevant hereto with good faith and without any fraud, malice or bad faith

## FOURTEENTH SEPARATE DEFENSE

Chase lacks standing to pursue Counts V, VI, VII and X of its Cross-Claim.

## FIFTEENTH SEPARATE DEFENSE

Chase's claims are barred by N.J.S.A. 14:31-11 and/or N.J.S.A. 14:13-14.

## SIXTEENTH SEPARATE DEFENSE

Chase cannot satisfy the statutory elements of the "RICO" claims alleged.

## SEVENTEENTH SEPARATE DEFENSE

Chase's guaranty claim against Browne is barred, in whole or in part, because Chase has failed to prove that the alleged guaranty was executed and delivered by Browne.

## EIGHTEENTH SEPARATE DEFENSE

Browne owes no duty and has breached no duty to Chase.

## NINETEENTH SEPARATE DEFENSE

Browne reserves the right to assert additional defenses based on such facts as may be revealed during discovery in this action.

## CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to Chase for any damages allegedly sustained or to be sustained by Chase, Browne, by way of crossclaim against Co-Defendants, and any other parties named hereinafter in this action, asserts that any and all damages sustained were the proximate result of the conduct of the Co-Defendants, whose misconduct was primary and active and if Browne is found liable with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and the Co-Defendants are liable to Browne by way of common law indemnification for any and all injuries and damages for which Browne may be found liable in this matter.

**WHEREFORE**, Browne demands indemnification from and all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION

While denying any liability to Chase for any damages allegedly sustained or to be sustained by Chase, Browne, by way of crossclaim against Co-Defendants, asserts if it is determined that the Browne was negligent, such negligence was vicarious, passive and secondary and it was the negligence of the one or more of Chase and/or Co-Defendants which was the active, primary and proximate cause of Chase's damages and Browne herein demands contribution from Chase and said Co-Defendants for the amount of any judgment and costs as against Browne herein pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1, et *seq.*

**WHEREFORE**, Browne demands contribution from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION UNDER THE GUARANTY

Browne, by way of crossclaim against Co-Defendants, asserts that Browne and the Co-Defendants are jointly and severally liable under the guaranties and if it is determined that the Browne is liable to Chase under the guaranty, his liability to Chase is limited to his pro-rata share of liability under the guaranty and Browne

herein demands contribution from said Co-Defendants for any amounts paid by Browne to plaintiff in excess of his pro rata share.

**WHEREFORE,** Browne demands contribution from all Co-Defendants to this action for any damages for which Browne may be found liable in this matter.

<div style="margin-left:40%">

**SAIBER SCHLESINGER
SATZ & GOLDSTEIN, LLC**
*Counsel for E. Ross Browne*


By: s/ Vincent F. Papalia
    VINCENT F. PAPALIA
    MARK A. RONEY
    One Gateway Center - 13th Floor
    Newark, New Jersey 07102
    (973) 622-3333 (Telephone)
    (973) 622-3349 (Telecopier)

</div>

DATED: December 13, 2006

## CERTIFICATION

Pursuant to Local Rule 11.2, it is hereby stated that the matter in controversy is the subject of two adversary complaints filed in the United States Bankruptcy Court for the District of New Jersey entitled Benjamin A. Stanziale, Chapter 7 Trustee v. Arthur Kupperman, et al., Adv. Pro. No. 06-02702 (MS), Yantai North Andre Juice Co., Ltd., et al. v. Arthur Kupperman, et al., Adv. Pro. No. 06-02718 (MS)(originally filed in New Jersey District Court on February 18, 2005, Case No. 05-01409 (WJM) transferred to the Bankruptcy Court on September 22, 2006) and a complaint filed in the District Court of New Jersey entitled Empresas Lourdes, S.A. v. Arthur Kupperman, et al., Case No. 06-5014 (DMS), subject to the foregoing, there are no other actions pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief.

**SAIBER SCHLESINGER**
**SATZ & GOLDSTEIN, LLC**
*Counsel for E. Ross Browne*

By: s/ Vincent F. Papalia
    VINCENT F. PAPALIA
    MARK A. RONEY
    One Gateway Center - 13th Floor
    Newark, New Jersey 07102
    (973) 622-3333 (Telephone)
    (973) 622-3349 (Telecopier)

DATED: December 13, 2006