UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MERRILL LYNCH BUSINESS
FINANCIAL SERVICES, INC., : Civil Action No. 06-Civ-4802(DMC)

        Plaintiff,

        vs.

ARTHUR KUPPERMAN, E. ROSS
BROWNE, PAULETTE KRELMAN
and PGB INTERNATIONAL, LLC,

        Defendants.

---

**DEFENDANTS PGB AND KUPPERMAN'S BRIEF IN OPPOSITION TO JP MORGAN CHASE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Telephone: (973) 379-4800
Telecopy: (973) 379-7734
Attorneys for Defendants
Arthur Kupperman and PGB
International, LLC

On the Brief:
   A. Michael Covino

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................. 1

STATEMENT OF FACTS ................................................ 1

LEGAL ARGUMENT .................................................... 2

   POINT I - CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON
   COUNT TEN OF ITS CROSSCLAIM. ................................... 2

      A. Chase Failed To Present Admissible Evidence To Support
         Its Motion ................................................ 2

   POINT II - THERE ARE ISSUES OF FACT CONCERNING THE AMOUNT
   OF DAMAGES ..................................................... 7

CONCLUSION ........................................................ 8

# TABLE OF AUTHORITIES

**Cases**

Doe v. Glanzer, 232 F. 3d 1258 (9th Cir. 2000) .................. 4

LaSalle Bank Lake View v. Seguban, 54 F.3d 387 (7th Cir. 1995) ........................................ 2

LaSalle Bank Lake View v. Seguban, 937 F.Supp. 1309 (N.D. Ill. 1996) ................................. 2, 4, 5

In re Marrama, 445 F. 3d 518 1st Cir. 2006) ..................... 4

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986) ........................... 3

Whitted v. General Motors Corp., 58 F.3d 1200 (7th Cir. 1995) ..... 3

**Statutes**

18 U.S.C. §1344 ................................................ 4

**Rules**

Fed. R. Civ. Proc. 56 .......................................... 4

**PRELIMINARY STATEMENT**

Defendants Arthur Kupperman ("Kupperman") and PGB International, LLC ("PGB") submit this Memorandum of Law in opposition to Defendant JP Morgan Chase Bank N.A.'s ("Chase") motion for partial summary judgment. Instead of submitting admissible evidence in support of its application for partial summary judgment on its' RICO claim, Chase seeks summary judgment including treble damages and attorney's fees based upon hearsay statements from its auditors indicating that certain documents are "likely" fraudulent. Because it has failed to submit admissible evidence in support of its claim of fraud, Chase's motion must be denied.

Chase's motion must also be denied because the amount of damages it alleges is incorrect in that Chase has continued to collect accounts receivable from PGB customers.

**STATEMENT OF FACTS**

In its motion for partial summary judgment Chase contends that Kupperman and PGB are liable under RICO for treble damages and attorney's fees based in large part upon the submission of allegedly false and fraudulent documents to Chase. Chase, however, fails to submit admissible evidence in support of this claim, instead pinning its' hopes upon any inferences that may be drawn from Kupperman's assertion of his Fifth Amendment rights. Beyond that, Chase submits hearsay statements from its

auditors that certain financial documents submitted over a two year period are "likely" inaccurate. Indeed, Chase's auditors apparently have not even fully determined the accuracy of the documents submitted by PGB.

## LEGAL ARGUMENT

### POINT I

**CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON COUNT TEN OF ITS CROSSCLAIM.**

A. Chase Failed To Present Admissible Evidence To Support Its Motion

Contrary to Chase's claims, the fact that Kupperman has asserted his Fifth Amendment rights, does not entitle it to summary judgment. Indeed, LaSalle Bank Lake View v. Seguban, 937 F.Supp. 1309 (N.D. Ill. 1996), the only case discussed by Chase in support of its application for judgment on its RICO claim, makes it clear why summary judgment is inappropriate here.

The LaSalle case cited by Chase was on remand from the Seventh Circuit. In LaSalle Bank Lake View v. Seguban, 54 F.3d 387 (7th Cir. 1995), the Seventh Circuit reversed a decision by the district court granting summary judgment in favor of the plaintiff bank. In its decision, the Seventh Circuit noted that

2

"the District Court did draw an impermissible inference of liability based only on the [defendants'] assertion of the Fifth Amendment privilege." Id. at 394. The Seventh Circuit further noted that it is not enough to base a judgment upon any inference that might be drawn by the assertion of the Fifth Amendment. Instead, other admissible evidence must be brought forward upon which to base a judgment.

On remand the district court took note of what the Seventh Circuit had held stating that "this inference [drawn from the assertion of the Fifth Amendment privilege] alone does not lead to the entry of summary judgment, but simply establishes the facts upon which summary judgment analysis will proceed." Id. at 392.

The district court succinctly set forth the implications of the assertion of the Fifth Amendment.

> Where the failure to file a 12(N) Statement [apparently the equivalent of a Rule 56.1 Response] arises from an assertion of Fifth Amendment rights, that assertion may give rise to a negative inference, only when considered in conjunction with other evidence, an assertion of those rights alone cannot be taken as an admission of guilt. The movant will prevail only where 'the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]....' Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). At summary judgment, courts may consider only evidence which would be admissible at trial under the Federal Rules of Civil Procedure, citing Whitted v.

3

<u>General Motors Corp.</u>, 58 F.3d 1200, 1204 (7th Cir. 1995).

<u>LaSalle Bank</u>, 937 F.Supp. at 1319. See also <u>In re Marrama</u>, 445 F. 3d 518, 522 (1st Cir. 2006) (expressing doubt as to whether a court may draw a negative inference from the assertion of the Fifth Amendment at the summary judgment stage); <u>Doe v. Glanzer</u>, 232 F. 3d 1258, 1264 (9th Cir. 2000).

In this case, Chase has failed to come forward with evidence which would be admissible at trial to support its RICO claim and therefore its application for summary judgment must be denied. See Fed. R. Civ. Proc. 56(e). For example, Chase contends that Kupperman engaged in racketeering by committing bank fraud pursuant to 18 U.S.C. §1344. The bank fraud, according to Chase, was submitting "fraudulent financial statements and borrowing base certificates on PGB's behalf to obtain the Loan." (Chase Br. at 11.) Chase, however, cites no admissible evidence regarding this point. Instead, it relies upon the Olson Declaration which does nothing more than recite hearsay of vague information supposedly obtained from Chase's auditors.

The Olson Declaration regurgitates information received from "the Auditors" without even naming who the individual is providing the information, much less producing a declaration from that person or documents outlining his or her findings.

4

(See Olson Decl. ¶20.) Chase claims that "the Auditors have advised that it appears that PGB's actual account receivables are likely no greater than $1,678,896.80. . . . Id. Chase also alleges that the Auditors told it that "all of the monthly borrowing base certificates and financial statements provided by PGB are likely materially inaccurate and fraudulent." Id.

Thus, Chase has presented no more than hearsay statements of an unnamed auditor without any explanation as to how the auditor determined that the information received by Chase was "likely materially inaccurate." Indeed, the auditor apparently was not even in a position to state unequivocally that the submitted materials were in fact inaccurate. This "evidence" cannot form the basis for summary judgment in the amount of more than eight million dollars plus attorneys fee on the RICO count.

Here, there has been no admissible evidence submitted to the Court of a fraud. This is very different than in the LaSalle case cited by Chase where the district court noted after the remand that there was a whole host of evidence of the defendants' wrongdoing beyond the assertion of the Fifth Amendment privilege. For example, there were affidavits submitted by third-parties stating that one of the defendants had admitted wrongdoing. LaSalle, 937 F. Supp. at 1315. No such evidence is present here.

Further still, Kupperman is entitled to discovery from the unnamed auditors regarding what they did in making their equivocal determinations. They may be wrong with regard to how they reached their conclusion and cross-examination coupled with expert testimony might well demonstrate this. Given these circumstances, it is simply too early and inappropriate to grant summary judgment now.[1]

This is especially true in light of the burden of proof needed to successfully show bank fraud pursuant to 18 U.S.C. §. 1344. This statute is a criminal statute where the burden of proof to convict is beyond a reasonable doubt. Even if a civil burden of proof were applied, that standard for fraud is clear and convincing evidence. Neither of these standards are met here.

Without going through each borrowing certificate and financial statement submitted to Chase and showing why it is materially inaccurate with admissible evidence, Chase cannot prove fraud as necessary to obtain summary judgment.

---

[1] This case is at an early stage. In fact, Chase moved for summary judgment prior to en answer even being filed by the defendants to Chases' cross-claim.

## POINT II

**THERE ARE ISSUES OF FACT CONCERNING THE AMOUNT OF DAMAGES**

In addition, Chase's motion should be denied as to both Counts One and Ten because Chase has failed to prove its damages. Chase has done no more than recite that "As of November 27, 2006, the total amount due and owing on the Loan totaled $2,691,664.75, plus the costs and expenses of collection." (Olson Decl. para. 26.) Chase has presented no evidence how it arrived at that amount.

Moreover, we believe that the number that Chase has used for its damages does not include any recent collections it has made directly from PGB's customers making it inappropriate to grant Chase the requested relief. Defendants do not know how much Chase has collected from PGB's receivables to offset any amounts that may be owed. Until Chase has exhausted its collection of the receivables, it is not proper to grant its motion.

## **CONCLUSION**

For the foregoing reasons, and any additional reasons argued by co-defendants as applicable to PGB and Kupperman, Chase's motion should be denied.

BUDD LARNER, P.C.
Attorneys for Defendants
Arthur Kupperman and
PGB International, LLC

By: _____
A. MICHAEL COVINO

Dated: December 26, 2006
624465.W