FREDERICK B. POLAK, ESQ.
POST, POLAK, GOODSELL, MacNEILL & STRAUCHLER, P.A.
425 Eagle Rock Avenue – Suite 200
Roseland, New Jersey 07068-1717
TEL: (973) 228-9900 FAX: (973) 994-1705
Attorneys for Defendant Paulette Krelman

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | : : : | **ELECTRONICALLY FILED** |
| Plaintiff, | : : | 06 Civ. 4802 (DMC) |
| vs. | : : | Civil Action |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. | : : : : : | **DEFENDANT PAULETTE KRELMAN'S ANSWER TO THE CROSS-CLAIMS OF DEFENDANT JPMORGAN CHASE BANK, N.A.** |
| Defendants. | | |

Defendant Paulette Krelman ("Krelman" or "Defendant"), for her Answer to the Cross Claim of JP Morgan Chase Bank, N.A. ("Chase"), says:

### COUNTERCLAIM AND CROSSCLAIM

a)      Krelman is without sufficient knowledge or information to either admit or to deny the allegations contained in Chase's introductory paragraph.

### Additional Defendants on Cross Claim

1.      The allegations contained in paragraph 1 are not directed to Krelman and therefore no response is required.  To the extent that any response is required, Krelman denies the allegations of paragraph 1.

2.      The allegations contained in paragraph 2 are not directed to Krelman and therefore no response is required.  To the extent that any response is required, Krelman denies the allegations of paragraph 2.

**Factual Background**

**A.  The Loan**

3.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3, exept to admit that Chase made a loan to PGB.

4.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4.

5.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 5.

6.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 6.

7.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 7.

8.      Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 8.

9.      Krelman denies the allegations contained in paragraph 9 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 9 as they relate to others.

10.     Krelman denies the allegations contained in paragraph 10 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 10 as they relate to others.

11.     Krelman denies the allegations contained in paragraph 11 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 11 as they relate to others.

12.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 12.

13.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 13.

14.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 14.

15.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 15.

16.     Krelman denies the allegations contained in paragraph 16 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 16 as they relate to others.

**B.  The Fraud**

17.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 17, except to admit that an Order to Show Cause was issued by the Court on October 6, 2006.

18.     Krelman is without sufficient knowledge of information to either admit or deny the allegations contained in paragraph 18, except to deny that she perpetrated fraud.

19.     Krelman is without sufficient knowledge of information to either admit or deny the allegations contained in paragraph 19.

20.     Krelman admits the allegations contained in paragraph 20, except to deny that she participated in a fraud and to state that she is without information or belief as to how long after learning of the fraud Chase sent auditors to PGB's offices.

21.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 21.

22.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 22.

23.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23.

24.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24.

25.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 25.

26.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 26.

27.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27.

28.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 28.

29.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29.

30.     Krelman admits only that on October 23, 2006 she appeared for a deposition at the office of plaintiff's counsel.  The notice to take deposition speaks for itself and Krelman refers to the document for its contents.

31.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 31, except to admit that she invoked her fifth amendment right against self-incrimination and refused to answer any questions on October 23, 2006, and

also that she signed a Declaration confirming that on that date she would invoke her fifth-amendment privilege and refuse to answer all possible questions.

32. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32.

33. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 33.

34. Krelman admits that she received a letter from Chase dated October 16, 2006. That letter speaks for itself and Krelman refers to the letter for its contents. Krelman denies the remaining allegations contained in paragraph 34 as they pertain to her. Krelman is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 35 as they pertain to others.

## COUNTERCLAIM

35. Krelman repeats and realleges her responses to the proceeding paragraph as if set forth at length herein.

36. The allegations contained in paragraph 36 represent conclusions of law for which no response is required.

37. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37.

**WHEREFORE**, Krelman requests that the Counterclaim be dismissed with prejudice, and awarding Krelman reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Court deems just and equitable.

## CROSS-CLAIM

### FIRST COUNT
### (Breach of Contract Against PGB, Brown and Krelman)

38.     Krelman repeats and realleges her responses to the proceeding paragraphs as if set forth at length herein.

39.     Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 39.

40.     Krelman denies the allegations contained in paragraph 40 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 40 as they relate to others.

41.     Krelman denies the allegations contained in paragraph 41 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 41 as they relate to others.

### SECOND COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

42.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

43.     The allegations contained in paragraph 43 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations as they relate to documents which Chase says she signed which she did not.

44.     The allegations contained in paragraph 44 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations as they relate to documents which Chase says she signed which she did not.

45.     The allegations contained in paragraph 45 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations as they relate to documents which Chase says she signed which she did not.

### THIRD COUNT
### (Fraud Against PGB, Kupperman, Brown, Krelman, John Does (1-10)
### and ABC Corporations (1-10))

46.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

47.     Krelman denies the allegations contained in paragraph 47 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 47 as they relate to others.

48.     The allegations contained in paragraph 48 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations as they pertain to her.

49.     Krelman denies the allegations contained in paragraph 49.  Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 49 as they relate to others.

50.     The allegations contained in paragraph 50 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations contained in paragraph 50.

51.     The allocation contained in paragraph 51 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations contained in paragraph 51.

52.     The allegations contained in paragraph 52 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations contained paragraph 52.

### FOURTH COUNT
### (Foreclosure of Security Interest)

53.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

54. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 54.

55. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 55.

56. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 56.

## FIFTH COUNT
### (Fraudulent Conveyance)

57. Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

58. Krelman denies the allegations contained in paragraph 58 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 58 as they relate to others.

59. Krelman denies the allegations contained in paragraph 59 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 59 as they relate to others.

60. Krelman denies the allegations contained in paragraph 60 as they relate to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 60 as they relate to others.

61. The allegations contained in paragraph 61 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 61 as they pertain to her.

62. The allocation contained in paragraph 62 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 62 as they pertain to her.

63.    The allocation contained in paragraph 63 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 63 as they pertain to her.

64.    The allocation contained in paragraph 64 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 64 as they pertain to her.

**SIXTH COUNT**
**(Unjust Enrichment)**

65.    Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

66.    The allegations contained in paragraph 66 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 66 as they pertain to her.

67.    Krelman denies the allegations contained in paragraph 67 as they pertain to her. Krelman neither admits nor denies the allegations contained in paragraph 67 as they relate to others.

68.    The allegations contained in paragraph 68 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 68 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 68 as they pertain to others.

## SEVENTH COUNT
### (Piercing the Corporate Veil)

69.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

70.     Krelman admits the allegations contained in paragraph 70.

71.     Krelman denies the allegations contained in paragraph 71 as it pertains to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 71 as they pertain to others.

72.     Krelman denies the allegations contained in paragraph 72 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 72 as they pertain to others.

73.     The allegations contained in paragraph 73 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 73 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 73 as they relate to others.

## EIGHTH COUNT
### (Preliminary And Permanent Injunctive Relief)

74.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

75.     The allegations contained in paragraph 75 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 75 as they pertain to her. Krelman is without sufficient knowledge or

information to either admit or deny the allegations contained in paragraph 75 as they pertain to others.

76.    The allegations contained in paragraph 76 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations contained in paragraph 76 as they pertain to her.  Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 76 as they pertain to others.

77.    The allegations contained in paragraph 77 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations contained in paragraph 77 as they pertain to her.  Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 77 as they pertain to others.

78.    Krelman denies the allegations contained in paragraph 78 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations in paragraph 78 as they pertain to others.

### NINTH COUNT
#### (Attachments)

79.    Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

80.    Krelman denies the allegations contained in paragraph 80 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations in paragraph 80 as they relate to others.

81.    The allegations contained in paragraph 81 represent conclusions of law for which no response is required.  To the extent that a response is required, Krelman denies the allegations

contained in paragraph 81 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 81 as they pertain to others.

82.     The allegations contained in paragraph 82 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 82 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 82 as they pertain to others.

83.     The allegations contained in paragraph 83 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 83 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 83 as they pertain to others.

## TENTH COUNT
## (RICO)

84.     Krelman repeats and realleges her responses to each of the proceeding paragraphs as if set forth at length herein.

85.     The allegations contained in paragraph 85 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 85 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 85 as they pertain to others.

86.     The allegations contained in paragraph 86 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations

contained in paragraph 86 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 86 as they pertain to others.

87.     The allegations contained in paragraph 87 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 87.

88.     Krelman denies the allegations contained in paragraph 88 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations in paragraph 88 as they pertain to others.

89.     Krelman denies the allegations contained in paragraph 89 as they pertain to her. Krelman is without sufficient knowledge or information to either admit or deny the allegations in paragraph 89 as they pertain to others.

90.     The allegations contained in paragraph 90 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 90 as they pertain her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 90 as they pertain to others.

91.     The allegations contained in paragraph 91 represent conclusions of law for which no response is required. To the extent that a response is required, Krelman denies the allegations contained in paragraph 91 as they pertain her. Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 91 as they pertain to others.

92.     Krelman denies the allegations contained in paragraph 92 as they pertain to her. Krelman is without sufficient knowledge or information contained in paragraph 92 as they pertain to others.

93.     Krelman denies the allegations contained in paragraph 93 as they pertain to her. Krelman is without sufficient knowledge or information contained in paragraph 93 as they pertain to others.

94.     Krelman denies the allegations contained in paragraph 94 as they pertain to her. Krelman is without sufficient knowledge or information contained in paragraph 94 as they pertain to others.

95.     Krelman denies the allegations contained in paragraph 95 as they pertain to her. Krelman is without sufficient knowledge or information contained in paragraph 95 as they pertain to others.

96.     Krelman denies the allegations contained in paragraph 96 as they pertain to her. Krelman is without sufficient knowledge or information contained in paragraph 96 as they pertain to others.

97.     The allegations contained in paragraph 97 represent conclusions of law for which in response is required.  To the extent that a response is required, Krelman denies the allegations contained in paragraph 97 as they pertain to her.  Krelman is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 97 as they pertain to others.

**WHEREFORE**, Krelman demands judgment dismissing Chase's Cross-Claim as to Krelman, with prejudice, and awarding Krelman reasonable attorneys' fees and costs of suit; and grant such other and further relief as the Courts deems just and equitable.

POST, POLAK, GOODSELL, MACNEILL
& STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068
Tel: (973) 228-9900
Fax: (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  December 28, 2006           s/ Frederick B. Polak

### SEPARATE DEFENSES

### First Separate Defense

Chase's alleged injuries, damages and/or losses were due in whole, or in part, to Chase's lack of due diligence.

### Second Separate Defense

Chase's claims are barred in whole, or in part, by latches and/or estoppel.

### Third Separate Defense

The terms and conditions of the Guaranty are unenforceable, in whole, or in part, as to Defendant Krelman.

#### Fourth Separate Defense

Chase's alleged injuries, damages and/or losses were due in whole, or in part, to the acts and/or omissions of parties or instrumentalities other than Defendant Krelman, and over which Defendant Krelman had no control.

#### Fifth Separate Defense

Chase's claims are barred in whole, or in part, by the doctrine of unclean hands

#### Sixth Separate Defense

Chase's claims are barred in whole, or in part, by latches and/or estoppel.

#### Seventh Separate Defense

Chase's has failed to state a claim upon which relief can be granted as to Defendant Krelman.

#### Eighth Separate Defense

Chase's claims are barred in whole, or in part, by the statute of limitations.

#### Ninth Separate Defense

Chase's claims are barred or limited by Chase's breach of its duty of care to Defendant Krelman.

#### Tenth Separate Defense

Chase did not reasonably rely to its detriment on any actions or representations of Defendant Krelman.

#### Eleventh Separate Defense

Chase's claims against Defendant Krelman are barred or limited because Chase has failed to mitigate its damages.

### Twelfth Separate Defense

Chase's damages, if any, are barred or limited by the fact that they have been paid or are payable by collateral sources.

### Thirteenth Separate Defense

Chase lacks standing, in whole or in part, to pursue the causes of action alleged in its Cross claim.

### Fourteenth Separate Defense

Defendant Krelman did not breach any duty allegedly owed to Chase.

### Fifteenth Separate Defense

Any actions by Defendant Krelman were made in good faith with justification and for legitimate business reasons.

### Sixteenth Separate Defense

Defendant Krelman reserves the right to assert additional defenses based on such facts as may be revealed during discovery in this action.

### Seventeenth Separate Defense

The Cross claim is barred by the negligence of Chase.

### Eighteenth Separate Defense

Chase's recover in this action, if any, must be diminished by the amount of it's comparative negligence.

### Nineteenth Separate Defense

Krelman acted at all times relevant hereto with good faith without any fraud, malice or bad faith.

**Twentieth Separate Defense**

Chase's claims are barred by *N.J.S.A.* 14:31-11 and/or *N.J.S.A.* 14:13-14.

**Twenty-first Separate Defense**

Chase can not satisfy the statutory elements of the "RICO" claims alleged.

**Twenty-second Separate Defense**

Chase's guarantee claim against Krelman is barred with whole, or in part, because Chase

has failed to prove that the alleged guarantee was executed and delivered by Krelman**.**

**Twenty-third Separate Defense**

Krelman owes no duty and has breached no duties to Chase.

POST, POLAK, GOODSELL, MACNEILL
& STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey  07068
Tel:  (973) 228-9900
Fax:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  December 28, 2006                s/ Frederick B. Polak_____

**CROSS CLAIM FOR INDEMNIFICATION**

While denying any liability to Chase for any damages allegedly sustained or to be

sustained by Chase, Krelman, by way of cross-claim against Co-Defendants, Arthur Kupperman,

E. Ross Browne and any other parties already named or to be named hereinafter in this action,

asserts that any and all damages sustained were the proximate result of the conduct of the Co-

Defendants, whose misconduct was primary and active, and if Defendant Krelman is found liable

with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or

passive negligence, and the Co-Defendants are liable to defend Krelman by way of common law indemnification for any and all injuries and damages for which Defendant Krelman may be found liable in this matter.

**WHEREFORE**, Defendant Paulette Krelman demands indemnification from all co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION

Defendant Paulette Krelman, by way of cross-claim against Co-Defendants Arthur Kupperman and E. Ross Browne, and any other parties already named or named hereinafter in this action, asserts that if it is determined that Defendant Krelman was negligent, such negligence was vicarious, passive and secondary and it was the negligence of one or more of Chase and/or Co-Defendants which was the active, primary and proximate cause of the Chase's damages and Defendant Krelman herein demands contribution from Chase and said Co-Defendants for the amount of any judgment and costs as against Defendant Krelman herein pursuant to the Joint Tortfeasors Contribution Act *N.J.S.A.* 2A:53A-1, et seq.

**WHEREFORE**, Defendant Paulette Krelman demands contribution from all Co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

## CROSSCLAIM FOR CONTRIBUTION UNDER THE GUARANTIES

Defendant Paulette Krelman, by way of cross-claim against Co-Defendants Arthur Kupperman and E. Ross Browne, and any other parties already named or named hereinafter in this action, asserts that Defendant Krelman and the Co-Defendants are jointly and severally

liable under any of the guarantees and if it is determined that Defendant Krelman is liable under any of the guarantees, her liability is limited to her pro-rata share of liability under the guarantees and Defendant Krelman herein demands contribution from said Co-Defendants for any amounts paid by Defendant Krelman to Plaintiff in excess of her pro rata share.

**WHEREFORE**, Defendant Paulette Krelman demands contribution from all Co-Defendants to this action for any damages for which Defendant Krelman may be found liable in this matter.

POST, POLAK, GOODSELL, MACNEILL
& STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey  07068
Tel:  (973) 228-9900
Fax:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  December 28, 2006            s/ Frederick B. Polak

## ANSWER TO ALL CROSSCLAIMS FOR INDEMNIFICATION AND CONTRIBUTION

Defendant Krelman, by way of answer to any claim for contribution or indemnification heretofore asserted by any other party or which shall hereinafter be asserted by any other party (whether now or hereafter existing), says:

1.      Defendant Krelman denies each and every allegation of each such claim and further denies liability in any way to any other party herein.

2.      Defendant Krelman hereby incorporates by reference and asserts each and every separate defense which heretofore is stated in this pleading as a defense to the claims.

**WHEREFORE**, Defendant Paulette Krelman demands that any claim for contribution or indemnification asserted against her be dismissed with prejudice and without costs.

POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey  07068
Tel:  (973) 228-9900
Fax:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  December 28, 2006                    s/ Frederick B. Polak_____

## CERTIFICATION

Pursuant to Local Rule 11.2, it is hereby stated that the matter in controversy is the subject of two adversary complaints filed in the United States Bankruptcy Court for the District of New Jersey entitled <u>Benjamin A. Stanziale, Chapter 7 Trustee v. Arthur Kupperman, et al.</u>, Adv. Pro. No. 06-02702 (MS), <u>Yantai Noth Andre Juice Co., Ltd., at al. v. Arthur Kupperman, et al.</u>, Adv. Pro. No. 06-02718 (MS) (originally filed in New Jersey District Court on February 18, 2005, Case No. 05-01409 (WJM) transferred to the Bankruptcy Court on September 22, 2006) and a complaint filed in the District Court of New Jersey entitled <u>Empresas Lourdes, S.A. v. Arthur Kupperman, et al.</u>, Case No. 06-5014 (DMS), subject to the foregoing, there are no other actions pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief.

POST, POLAK, GOODSELL, MACNEILL
& STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey  07068
Tel:  (973) 228-9900
Fax:  (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated:  December 28, 2006

s/ Frederick B. Polak_____