**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | : | |
| | : | |
| Plaintiff, | : | 06 Civ. 4802 (DMC) |
| | : | |
| vs. | : | Civil Action |
| | : | |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. | : | **ELECTRONICALLY FILED** |
| | : | |
| Defendants. | : | |

BRIEF IN OPPOSITION TO CROSS-MOTION OF JPMORGAN CHASE BANK, N.A. FOR PARTIAL SUMMARY JUDGMENT AND RELATED RELIEF

POST, POLAK, GOODSELL, MacNEILL & STRAUCHLER, P.A.
425 Eagle Rock Avenue – Suite 200
Roseland, New Jersey 07068-1717
TEL: (973) 228-9900  FAX: (973) 994-1705
Attorneys for Defendant Paulette Krelman

On The Brief:

*Frederick B. Polak, Esq.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ...............................................................................................2

STANDARD OF REVIEW ..............................................................................................3

LEGAL ARGUMENT

    POINT I

    KRELMAN DID NOT EXECUTE A GUARANTEE TO CHASE AND, THEREFORE, CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE FIRST COUNT OF THE CROSS-CLAIM AGAINST KRELMAN. ..........3

    POINT II

    CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE TENTH COUNT OF THE CROSS-CLAIM AGAINST KRELMAN. ......................................5

    POINT III

    EVEN WERE THE COURT TO GRANT CHASE'S MOTION FOR SUMMARY JUDGMENT, THERE IS NO BASIS TO CERTIFY THE JUDGMENT AS FINAL ...............................................................................................6

CONCLUSION .................................................................................................................6

# **PRELIMINARY STATEMENT**

JPMorgan Chase Bank, N.A.'s ("Chase") case against defendant Paulette Krelman ("Krelman") is based almost entirely upon Krelman's alleged guarantee (the "Guarantee") of a $3 million loan from Chase (the "Chase Loan") to PGB International LLC ("PGB"). However, as set forth herein, Krelman never signed any such Guarantee. Accordingly, Chase's summary judgment motion on the Guarantee must fail.

The remainder of Chase's case against Krelman concerns the alleged fraudulent activities of another defendant, Arthur Kupperman, in connection with the Chase loan. No Affidavit or other evidence presented by Chase indicates that Krelman was in any way involved in those activities. As a result, the balance of Chase's partial summary judgment motion should also be denied.

Finally, even if partial summary judgment were granted, Rule 54(b) certification would be inappropriate and unnecessary at this early stage of the proceedings because of: (i) the duplicative nature of Chase's remaining claims; (ii) the extensive restraints already in place on Krelman's assets; and (iii) the priority dispute between Chase and plaintiff Merrill Lynch Business Financial Services, Inc. ("Merrill") against the same Defendants and the same property. In short, there is no need or basis to certify any judgment as final at this early stage of the proceedings, which could result in unnecessary duplication of effort and the inefficient use of the limited resources of the Courts and the parties.

**STATEMENT OF FACTS**

The facts set forth in the accompanying Declaration of Paulette Krelman as well as defendant Krelman's Counter-Statement of Undisputed Facts are incorporated herein by reference.

**STANDARD OF REVIEW**

Defendant Krelman relies upon the "Brief on Behalf of E. Ross Browne in Opposition to the Cross-Motion of JPMorgan Chase, N.A. For Partial Summary Judgment and Related Relief" (hereinafter "Browne Brief") at Point I(A).

**LEGAL ARGUMENT**

**POINT I**

**KRELMAN DID NOT EXECUTE A GUARANTEE TO CHASE AND, THEREFORE, CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE FIRST COUNT OF THE CROSS-CLAIM AGAINST KRELMAN.**

At Point III, Chase argues that it is entitled to summary judgment on the First Count of its Cross-Claim, breach of contract, on the basis that "Krelman…absolutely and unconditionally guaranteed to Chase the payment of all sums due from PGB" and is "in default of [her] obligations to Chase…." However, Krelman has unequivocally denied that she signed the guarantee upon which Chase relies for its breach of contract claim. Declaration of Paulette Krelman ("Krelman Decl.") at ¶5. In fact, Krelman denies that she even saw the alleged guarantee upon which Chase relies until after this litigation began. Krelman also denies that she completed or executed the annual personal financial statements that Chase alleges were submitted to it in support of the loans. See Krelman Decl. at ¶6 and Exhibits A and B to

Krelman Decl. Absent the guarantee and financial statements, there is no basis to hold Krelman liable to Chase as to Count I of the cross-claim, and, therefore, Chase's motion should be denied.

Defendant Krelman further incorporates by reference the arguments contained in Browne's Brief at Point I(C).

Chase's claim that Krelman, by asserting her Fifth Amendment privilege at the outset of this matter, has waived her right to defend this matter, is also without merit. Defendant Krelman incorporates by reference the arguments contained in Browne's Brief at Point I(D). In any event, defendant Krelman has now waived her Fifth Amendment privilege. Therefore, even if it were appropriate to draw an adverse inference from Krelman's assertion of the privilege at some time, such an inference is no longer appropriate. Moreover, as noted in Browne's Brief, Chase filed its Answer and Crossclaim in early November, and this motion in late November, providing virtually no time for Krelman to evaluate her position and defense to this matter. Therefore, it would be unjust to deny her the ability to now waive her privilege and defend this litigation.

Finally, Krelman has sought discovery of the original documents relied upon by Chase, but Chase has refused to produce such discovery. Without citation to any legal authority, Chase asserts Krelman is not entitled to such discovery since she invoked her Fifth Amendment privilege. Krelman Decl. at ¶¶ 7 and 8 and Exhibits C and D. Krelman believes that review of the original documents will provide further evidence that the documents were neither prepared nor signed by her. Krelman Decl. at ¶ 9. Therefore, Chase should be compelled to produce the original documents upon which it relies to support its claims.

For all of the foregoing reasons, Chase's cross-motion for Summary Judgment as to Count I of its Cross-Claim should be denied.

## POINT II

### CHASE IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE TENTH COUNT OF THE CROSS-CLAIM AGAINST KRELMAN.

Since there are genuine issues of fact as to whether defendant Krelman signed any guarantee, Chase's motion for summary judgment on the Tenth Count of its cross-claim should be denied.

Further, Chase has failed to present any evidence that defendant Krelman "knowingly executed a scheme or artifice to (1) defraud a financial institution, or (2) obtain any of the monies, funds, credits, assets, securities, or other property from a financial institution by means of a false or fraudulent pretenses, representations, or promises." Chase Brief at p. 10. To support its contentions, Chase relies solely upon its unsubstantiated allegations that defendant Krelman completed and submitted financial statements to Chase in conjunction with loans made from Chase to PGB, and executed a guarantee: "it has been established that…Krelman…participated in, and facilitated, the Loan by providing Guarantees and personal financial statements". Chase then relies upon these now disputed facts to draw the inference that she was "also involved with providing false financial statements and borrowing base certificates." Clearly, based on the Krelman Declaration in support of her opposition to Chase's motion, no such inference can be drawn. Given defendant Krelman's denial that she completed and submitted any financial statements to Chase, and her denial that she executed any guarantee, there are substantial issues of fact which preclude this Court from granting Chase's motion for summary judgment as to Count Ten of the Cross-Claim.

Furthermore, as set forth in part at Browne's Brief at Point II, the entirety of which is incorporated herein by reference, there is no merit to Chase's attempt to establish the elements of

a RICO cause of action based upon defendant Krelman's decision to assert her Fifth Amendment privilege.

Accordingly, Chase's motion for summary judgment as to Count Ten of the cross-claim should be denied.

## POINT III

**EVEN WERE THE COURT TO GRANT CHASE'S MOTION FOR SUMMARY JUDGMENT, THERE IS NO BASIS TO CERTIFY THE JUDGMENT AS FINAL.**

Defendant Krelman incorporates by reference the arguments contained in Browne's Brief at Point III, as well as the arguments contained in Krelman's Brief in Opposition to Merrill Lynch's Motion for Partial Summary Judgment at Point III.

## CONCLUSION

For all of the foregoing reasons, Chase's motion for summary judgment should be denied as against defendant Krelman.

                POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER
                425 Eagle Rock Avenue, Suite 200
                Roseland, New Jersey 07068
                Tel: (973) 228-9900
                Fax: (973) 994-1705
                Attorneys for Defendant Paulette Krelman

Dated: December 28, 2006        s/ Frederick B. Polak