FREDERICK B. POLAK, ESQ.
POST, POLAK, GOODSELL, MacNEILL & STRAUCHLER, P.A.
425 Eagle Rock Avenue – Suite 200
Roseland, New Jersey 07068-1717
TEL: (973) 228-9900 FAX: (973) 994-1705
Attorneys for Defendant Paulette Krelman

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | 06 Civ. 4802 (DMC) |
| Plaintiff, | Civil Action |
| vs. | DECLARATION OF PAULETTE KRELMAN IN OPPOSITION TO CROSS-MOTION OF DEFENDANT JPMORGAN CHASE BANK, N.A. FOR PARTIAL SUMMARY JUDGMENT AND RELATED RELIEF |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. | |
| Defendants. | |

PAULETTE KRELMAN, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the Paulette Krelman named as a defendant in the above-referenced case. I make this Declaration in opposition to Chase's Cross-Motion for Partial Summary Judgment and Related Relief (the "Cross-Motion") in connection with the above-captioned matter.

2. On October 23, 2006, I appeared at the offices of plaintiff, Merrill Lynch's attorney for deposition. As set forth in the Declaration I signed that date, which is appended as an exhibit to Chase's moving papers, I confirmed that "at this deposition (October 23, 2006)" I would invoke my Fifth Amendment privilege. As further set forth in the Declaration, I confirmed that "at this time" there was no subject matter related to the case for which I was willing to answer questions (¶3).

1

3. The above-mentioned deposition occurred very early on in this case after a related proceeding in Bankruptcy Court during which, I was informed, the Bankruptcy Judge indicated that the underlying circumstances should be referred to the United States Attorney's Office. As of the date of the deposition I had had a chance to review only a few documents, to the best of my knowledge no discovery had been produced by Chase or Merrill Lynch, and I was aware of little more than the allegations contained in the Verified Complaint.

4. It is now over two months later and I have had an opportunity to further consider my invocation of the Fifth Amendment privilege. I have decided to waive my Fifth Amendment privilege.

5. Chase is seeking to hold me liable for purposes of this motion solely on the basis of a certain Guarantee which it is alleged I signed. To the best of my recollection, I have never guaranteed any loan made by Chase to PGB. I have reviewed the Guarantee which is appended as Exhibit D to the Olson Declaration filed in support of Chase's Cross-Motion. I can state without equivocation that the signature on that Guarantee is not mine. I have no recollection of ever seeing such a document until this litigation. Further, I never signed any document in the presence of the notary who allegedly verified my signature and I do not know who that person is.

6. The Olson Declaration additionally alleges that I provided annual personal financial statements to Chase and signed those financial statements (Olson Decl. at ¶11). Although none of those financial statements are appended to Chase's moving papers, at my deposition two separate financial statements were shown to me. They were marked as Krelman 4 and 5. They are attached hereto as Exhibits A and B. The handwriting on each of those financial statements is not mine. The signature on each of those documents is not mine. I have

never signed any such financial statements. I never saw those financial statements until this litigation.

7. Shortly after Chase filed the within Cross-Motion, my attorney served a document demand upon Chase for production of the original documents (Exhibit C).

8. By letter dated December 5, 2006, Chase refused to produce the original documents for inspection on the basis that I had invoked by Fifth Amendment privilege and that, therefore, any such request was "unduly burdensome and…not reasonably calculated to lead to the discovery of admissible evidence (Exhibit D).

9. I request that Chase produce the originals of all documents which it claims I signed. I expect that reviewing the originals will further confirm that any Guarantees and financial statements which Chase relies upon to seek judgment against me were not signed by me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 28, 2006

_____
PAULETTE KRELMAN