**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC. | : **Document Electronically Filed** |
| Plaintiff, | : |
| | : 06 Civ. 4802 (DMC) |
| vs. | : |
| | : Civil Action |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, LLC, and JPMorgan Chase Bank, N.A. | : **DEFENDANT PAULETTE KRELMAN'S COUNTER-STATEMENT TO CHASE'S STATEMENT OF MATERIAL FACTS** |
| Defendants. | |

Pursuant to L. Civ. R. 56.1, Defendant Paulette Krelman ("Krelman") submits this Response to JPMorgan Chase Bank, N.A.'s Statement of Undisputed Material Facts in Support of its Cross-Motion for Summary Judgment and Related Relief:

1.  Krelman is without sufficient knowledge or information to admit or dispute the allegations contained in paragraph one.

2.  Krelman admits only that Chase made a loan to PGB International, LLC ("PGB"), and otherwise refers to the relevant documents for the contents thereof.

3.  Krelman refers to the relevant documents for the contents thereof.

4.  Krelman refers to the relevant documents for the contents thereof.

5.  Krelman refers to the relevant documents for the contents thereof.

6.  Krelman refers to the relevant documents for the contents thereof.

7.  Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 7.

8.  Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 8.

9. Krelman refers to the relevant documents for the contents thereof.

10. Krelman refers to the relevant documents for the contents thereof.

11. Disputed. Krelman denies that she executed the noted guarantee. See the Declaration of Paulette Krelman ("Krelman Decl.") at ¶5.

12. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5. Krelman also disputes the validity of the alleged acknowledgment based upon the arguments made by defendant E. Ross Browne.

13. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5.

14. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5. Krelman otherwise refers to the relevant document for its contents.

15. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5. Krelman otherwise refers to the relevant document for its contents.

16. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5. Krelman otherwise refers to the relevant document for its contents.

17. Disputed. Krelman denies that she executed the noted guarantee. See Krelman Decl. at ¶5. Krelman otherwise refers to the relevant document for its contents.

18. Disputed. Krelman denies that she provided annual personal financial statements to Chase. See Krelman Decl. at ¶6.

19. Disputed. Krelman denies that she executed the noted personal financial statements. See Krelman Decl. at ¶6.

20. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 20.

21. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 21, and refers to the relevant documents for the contents thereof.

22. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 22.

23. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 23.

24. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 24.

25. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 25.

26. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 26.

27. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 27.

28. Disputed. Krelman denies that she perpetrated a fraud. Krelman is without sufficient knowledge or information to either admit or dispute the remainder of the allegations contained in paragraph 28.

29. Disputed. Krelman denies that she provided financial information to Chase. Krelman is without sufficient knowledge or information to either admit or dispute the remainder of the allegations contained in paragraph 29.

30. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 30.

31. Krelman objects to the statements contained in paragraph 31 to the extent that they represent inadmissible hearsay. Notwithstanding said objections, and subject thereto, Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 31.

32. Krelman objects to the statements contained in paragraph 32 to the extent that they represent inadmissible hearsay. Notwithstanding said objections, and subject thereto, Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 32.

33. Except to deny that she participated in fraudulent activity, Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 33, and refers to the relevant documents for the contents thereof.

34. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 34.

35. Krelman objects to the statements contained in paragraph 35 to the extent that they represent inadmissible hearsay. Notwithstanding said objections, and subject thereto, Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 35.

36. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 36.

37. Krelman admits that she received a letter dated October 16, 2006 from Chase, and refers to the relevant document for the contents thereof.

38. Krelman disputes the allegations contained in paragraph 38. See Krelman Decl. at ¶¶5 and 6.

39. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 39.

40. Krelman admits the allegations contained in paragraph 40. See Krelman Decl. at ¶2.

41. Krelman admits the allegations contained in paragraph 41. See Krelman Decl. at ¶2.

42. Krelman admits the allegations contained in paragraph 42. See Krelman Decl. at ¶2.

43. Krelman is without sufficient knowledge or information to either admit or dispute the allegations contained in paragraph 43.

44. Krelman admits the allegations contained in paragraph 44. See Krelman Decl. at ¶2.

POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068
Tel: (973) 228-9900
Fax: (973) 994-1705
Attorneys for Defendant Paulette Krelman

Dated: December 28, 2006         s/ Frederick B. Polak