# BUDD LARNER
A PROFESSIONAL CORPORATION

COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

Direct Dial (973) 315-4446

January 3, 2007

Via E-File

The Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
   for the District of New Jersey
Martin Luther King, Jr. Federal
 Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101-0999

Re: Merrill Lynch Business Financial Services, Inc.
    vs. Arthur Kupperman, et al.
    Civil Action No. 06 Civ. 4802 (DMC)

Dear Judge Cavanaugh:

This firm represents defendants PGB International, LLC ("PGB") and Arthur Kupperman ("Kupperman") in the above-entitled matter. Please accept this letter brief in lieu of a more formal submission in reply to PGB and Kupperman's cross-motion to dismiss Merrill Lynch Business Financial Services, Inc.'s ("MLBFS") Complaint.

### A. The Commerce Clause Does Not Bar the Application Of The Statute.

MLBFS has failed to cite any case that stands for the proposition that a foreign corporation transacting business in the State of New Jersey that does not hold a certificate of authority may nonetheless prosecute its claims in New Jersey. Indeed, the cases cited by MLBFS make it clear that where, as here, a corporation transacts business within the State of New Jersey it

must have a certificate of authority or it cannot prosecute its claims in New Jersey. This is the point of the first case cited by MLBFS in its opposition papers, Materials Research Corp. v. Metron, Inc., 64 N.J. 74, 312 A.2d 147 (1973). In that case, the Supreme Court of New Jersey held that the qualification statute was inapplicable to the plaintiff in that case because the plaintiff was not in fact "transacting business" within the meaning of the statute and, therefore, it was not required to hold a certificate of authority. This case is, of course, different. Indeed, Merrill Lynch recognizes that it transacts business within the State of New Jersey and has in the past held a certificate of authority, and by its own admission is currently seeking a certificate of authority from the State.

### B. New Jersey Law Does Not Permit MLBFS To Maintain This Action

MLBFS additionally argues that pursuant to New Jersey law its' case may proceed against the defendants even if it does not have a certificate of authority. The cases it cites, however, do not stand for that proposition.

For example, in Danka Funding L.L.C. v. Scantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp 2d 465 (D.N.J. 1988), Judge Wolin allowed the plaintiff LLC to continue its' action because it had in

fact complied with the relevant LLC qualification statute by registering with the State of New Jersey. Id. at 473.

Similarly, the footnote cited by MLBFS in Materials Research Corp. v. Metron, Inc., 312 A.2d 147, 148 n.1 simply notes that a suit may be maintained if a qualification requirement is complied with during the course of a suit. The other cases cited similarly allow a suit to be maintained if the plaintiff qualifies under the statute. That is not the case here. MLBFS does not have a certificate of authority and therefore does not qualify under the statute. Therefore its complaint must be dismissed.

Respectfully,

A. Michael Covino

AMC:cf

cc: George R. Hirsch, Esq.
Frederick B. Polak, Esq.
Vincent F. Papalia, Esq.
John M. August, Esq.
James A. Scarpone, Esq.
(all via e-file)

625500