# SAIBER SCHLESINGER
# SATZ & GOLDSTEIN, LLC

ATTORNEYS AT LAW

ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NEW JERSEY 07102-5311
TELEPHONE (973) 622-3333

TELECOPIER (973) 622-3349

WWW.SAIBER.COM

BRUCE I. GOLDSTEIN+°
WILLIAM F. MADERER+°
DAVID J. D'ALOIA*
JEFFREY W. LORELL°
DAVID R. GROSS°
SEAN R. KELLY'°
ARNOLD B. CALMANN°
JOAN M. SCHWAB
JENNINE DISOMMA°
JAMES H. FORTE
VINCENT F. PAPALIA
RANDI SCHILLINGER°△
MICHAEL J. GERAGHTY°
NINO A. COVIELLO°
MICHELLE V. FLEISHMAN°
AGNES I. RYMER°
JAMES H. GIANNINOTO°
NANCY A. WASHINGTON
ERNEST E. BADWAY°
MARC C. SINGER°△
SETH E. ZUCKERMAN
MARC E. WOLIN△
DAVID A. COHEN
JEREMY P. KLEIMAN°
JEFFREY SOOS

SAMUEL S. SAIBER
1929-2002

GEOFFREY GAULKIN
ALFRED M. WOLIN
*SPECIAL COUNSEL*

DAVID M. SATZ, JR.
MORTON GOLDFEIN°
EDWIN H. NORDLINGER▫
DAVID J. SATZ
HEIDI WEGRYN GROSS
*OF COUNSEL*

ROBERT B. NUSSBAUM
ROBERT J. KOCHENTHAL▫
*COUNSEL*

° MEMBER OF NJ & NY BARS
△ MEMBER OF NJ & PA BARS
▫ MEMBER OF NY BAR ONLY
+ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL AND CRIMINAL TRIAL ATTORNEY
* CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

KIMBERLY ANN LEEGAN
DANALYNN T. COLAO°
MELISSA A. PROVOST
CHRISTINA L. FICHERA°
JENNIFER R. O'CONNOR
DANIELLE PANTALEO°
PHOEBE S. SORIAL°
MELISSA A. SILVER
COLIN R. ROBINSON△
MARK A. RONEY
CARA L. MIGLIACCIO
JACK CHAN
DANIELE N. HANKIN°
HILLARY A. JURY°△
JEFFREY J. PASEK
ANDREW D. LA FIURA°
LAUREN M. LIMAURO
GEORGE TENREIRO°
RINA GRASSOTTI°
UNA YOUNG KANG△
KATHERINE A. ESCANLAR
JAKOB B. HALPERN
SUZANNE J. HERRMANN°
KATELYN M. TORPEY°
SANJAY MANOCHA°

Direct Dial Number:
(973) 820-0073

E-Mail:
mar@saiber.com

May 30, 2007

**Via ECF and First Class Mail**
Honorable Madeline Cox Arleo
United States Magistrate Judge
King Federal Bldg. & United States Courthouse
50 Walnut Street, P.O. Box 999
Newark, NJ 07101-0999

  Re:  Merrill Lynch Business Financial Services, Inc.
     v. Arthur Kupperman, E. Ross Browne, et al.
     Civil Action No. 06-4802 DMC)

Dear Judge Arleo:

  We represent defendant E. Ross Browne ("Browne") in the above-referenced matter. We are unfortunately compelled to contact the Court pursuant to Local Civil Rule 37.1(a) to address an on-going discovery dispute between Browne and co-defendant/cross-claimant JPMorgan Chase Bank, N.A. ("Chase") and plaintiff Merrill Lynch Business Financial Services, Inc. ("Merrill"). At issue is the steadfast refusal of both Chase and Merrill to produce documents subject to Notices to Produce, dated

December 4, 2006 (the "Notice"), served by Browne more than six (6) months ago.[1]

Chase's claims against Browne are based principally on Browne's alleged guaranty (the "alleged Chase Guaranty") of Chase's $4 million loan to PGB International, Inc. ("PGB"), of which Browne was a principal. Browne has disputed the validity of the alleged Chase Guaranty on the ground that his alleged signature on that document was forged, among other defenses. In support of that defense, Browne has produced the expert report of Mr. Gus Lesnevich indicating that Browne did not sign the alleged Chase Guaranty.[2]

To further support his defenses against Chase, including the forgery of his signature on the alleged Chase Guaranty, Browne served the Notice to review Chase's loan file as to PGB, as well as any related communications and payment information. The Notice seeks documents related to the lending relationship between Chase and PGB and the circumstances surrounding the alleged execution of the alleged Chase Guaranty. To date, no objection has been made by Chase as to the nature of documents and information requested by the Notice.

After receiving the Notice, counsel for Chase requested, and was granted, an extension of time to respond to the Notice through February 8, 2007. However, the February 8, 2007 date passed without Chase producing any documentation or otherwise responding to the Notice.

Subsequently, on April 17, 2007, we advised counsel for Chase and Merrill that the documents identified in the Notice were required to be produced no later than April 30, 2007 or appropriate action would be taken. A copy of the April 17, 2007 Correspondence to Chase and Merrill is

---

[1] In the interests of brevity we have not attached copies of the Notices to this letter. If Your Honor wishes to review the Notices, they will be provided upon request.

[2] Chase has asserted a laundry list of other claims against Mr. Browne, including claims under RICO. The Guaranty and RICO claims are the subject of a summary judgment motion by Chase that is currently before Judge Cavanaugh.

attached to the Certification of Mark A. Roney, Esq. (the "Roney Cert.") submitted herewith as Exhibit "A" and Exhibit "B", respectively. It was not until May 1, 2007 that Chase finally responded to the Notice by indicating, erroneously, that it was not under an obligation to produce any documentation pursuant to Federal Rule of Civil Procedure 26(d) because the Court had not yet conducted a Rule 16 discovery conference (incorrectly referred to as a Rule 26(f) conference by counsel for Chase). A copy of the May 1, 2007 Correspondence is attached to the Roney Cert. as Exhibit "C".

In its response, counsel for Chase incorrectly cited Rule 26(d) for the proposition that no discovery could be taken by Browne prior to the initial discovery conference with the Court pursuant to Rule 16(b). However, as was pointed out to counsel for Chase in our May 3, 2007 correspondence, Judge Cavanaugh had directed that all parties move forward with conducting discovery. A copy of the May 3, 2007 Correspondence is attached to the Roney Cert. as Exhibit "D" and see the Certification of Vincent F. Papalia, Esq. at ¶¶3-5. Rule 26(d) does not preclude discovery prior to any conference if the Court orders otherwise or the parties agree.

Indisputably, the parties have otherwise moved forward with discovery in the matter. Browne has produced voluminous documentation to Chase and has been produced for his deposition (where he asserted his Fifth Amendment rights). Both Chase and Merrill have issued numerous subpoenas and taken the depositions of various third parties, without a Rule 26(d) objection raised by any party. It was not until discovery was requested of Chase that its counsel raised this asserted technical bar to attempt to preclude the taking of any discovery from Chase.

Counsel for Chase responded on May 7, 2007 by continuing to deny its obligation to produce documents. However, this time counsel for Chase claimed ignorance as to Judge Cavanaugh's directive and, as a result, continued to assert its untenable position that Rule 26(d) requires that a scheduling conference pursuant to Rule 16(b) take place before any discovery by Browne, but not Merrill or Chase, can proceed in this case. A copy of the May 7, 2007 Correspondence is attached to the Roney Cert. as Exhibit "E". However, as indicated in our May 8, 2007 responsive letter to

counsel for Chase, the parties' obligations under Rule 26(d) are in no way dependent upon the prior occurrence of a Rule 16 conference. A copy of the May 8, 2007 Correspondence is attached to the Roney Cert. as Exhibit "F". In fact, a cursory review of the Rules themselves indicates that Rule 16(b) comes into play <u>after</u> the parties have fulfilled their obligations under Rule 26. Further, in our May 3, 2007 letter, we offered to have the meet and confer that is provided for under Rule 26(f), but have received no response from Chase, despite offering various alternative dates. <u>See</u> Exhibits D and F to the Roney Cert.

As of today's date, Chase has yet to produce the documents requested in the Notice. Accordingly, Browne has no choice but to respectfully request that Your Honor intervene in this matter to require Chase to immediately produce the required documents and information.

Additionally, Merrill has similarly failed to provide any documents in response to the Notice and our April 17, 2007 correspondence. <u>See</u> Exhibit B to the Roney Cert. However, rather than respond to our requests for documents with flawed procedural objections, Merrill has chosen to remain silent and not respond at all. As such, we also respectfully request that Your Honor require Merrill to immediately produce the requested documents as well.

In conclusion, all Mr. Browne requests is that Chase and Merrill be directed to immediately produce the documents they were obligated to provide to Mr. Browne months ago. We are, of course, available at the Court's convenience to further discuss these issues by either telephone or in person.

We thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/MARK A. RONEY

MAR:jh

Enclosures

cc: Paul H. Schafhauser, Esq. (w/encs. via ECF and electronic mail)
    John M. August, Esq. (w/encs. via ECF and electronic mail)
    George R. Hirsch, Esq. (w/encs. via ECF and electronic mail)
    A. Michael Covino, Esq. (w/encs. via ECF and electronic mail)
    Frederick B. Polak, Esq. (w/encs. via ECF and electronic mail)
    Vincent F. Papalia, Esq.