NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., | |
| Plaintiff, | **Hon. Dennis M. Cavanaugh** |
| v. | **OPINION** |
| ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JP MORGAN CHASE BANK, N.A., *et al.*, | Civil Action No. 06 - 4802  (DMC) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Arthur Kupperman ("Defendant") for the return of his passport which he surrendered to his attorney, Michael Covino, on October 13, 2006. After carefully considering the submissions and oral arguments of the parties, and for the following reasons, the motion by Kupperman for the return of his passport is **granted**.

BACKGROUND

This Court heard oral arguments on Plaintiff Merrill Lynch's ("Merrill") application for an Order to Show Cause filed against Defendant and his co-defendants in October, 2006. On that day, Merrill made an oral application that this Court order Kupperman to surrender his passport to Mr. Covino. This Court granted Merrill's application in order to allow Merrill time for discovery without having to fear that Kupperman might remove money, documents and/or himself from the country. Kupperman now moves before this Court for the return of his passport. Merrill is joined by co-defendant, JP Morgan Chase Bank, N.A. ("Chase"), in

opposing Kupperman's motion.

Kupperman is in the business of importing products from overseas as an international food broker which requires that he be able to travel internationally. Kupperman argues that fears of him fleeing the country are unfounded and it is unnecessary to continue withholding his passport. Kupperman explains that this Court already placed attachments on his known assets at the inception of this litigation, which protects Plaintiffs ability to recover if Plaintiffs ultimately prevail in this case.

**ANALYSIS**

Merrill initially asked that Kupperman be directed to surrender his passport to this Court pursuant to New Jersey's *capias ad respondendum* statute, N.J.S.A. §2AA:15-42. In reviewing N.J.S.A. §2A:15-42, it is clear that a court may hold a defendant pending trial if:

> the proof establishes the particulars specified . . . [that]: (a) defendant is about to remove any of his property out of the jurisdiction of the court . . . with intent to defraud his creditors; or (b) that defendant has property . . . which he fraudulently conceals; or (c) that defendant has assigned, removed or disposed of, or is about to assign, remove or dispose of, any of his property with intent to defraud his creditors; or (d) that defendant fraudulently contracted the debt or incurred the demand. In such a case, the court shall hold the defendant to bail in such an amount as is shown by the proof to be due plaintiff from defendant.

See N.J.S.A. §2A:15-42 (2007).

At the hearing on October 13, 2006, this Court declined to invoke the *capias* statute, but did take Kupperman's passport because Merrill and Chase came forward with declarations, affidavits and certifications which describe the alleged fraud of which they accuse Kupperman. Although an order to surrender a passport is very rare in civil cases beyond the matrimonial context, this Court does "have the power to imprison a recalcitrant litigant for contempt, implying the lesser power to set conditions on freedom." Herbstein v. Bruetman, 241 F.3d 586,

589 (7th Cir. 2001) (affirming a District Court's withholding of a passport).

Herbstein, although cited by Merrill Lynch, presents a set of facts distinguishable from those in this case. In Herbstein, a defendant's passport had been withheld and the Seventh Circuit affirmed the District Court's decision to continue withholding the passport. However, the facts of that case present a different picture of a defendant who "demonstrated a propensity to leave the country when the heat is turned up, so if [plaintiff] has a fighting chance of locating assets on which to execute, [defendant] must be kept here until the examination process ends. . . [s]omeone who always followed the rules would have a much stronger position [because] [j]udges can't routinely immobilize litigants. Even in cases under the equity jurisdiction . . . judges must respect traditional limitations on their powers unless positive law enlarges them - and no law or rule of which we are aware authorizes impoundment as passports as a form of security." Herbstein, 241 F.3d at 588-89.

The question before this Court is whether the unrebutted allegations against Kupperman as stated in the various declarations, affidavits and other submissions of Merrill and Chase, come close to or rise to the level of the conduct of the defendant in Herbstein. In Herbstein, the Seventh Circuit Court of Appeals described defendant Bruetman as one "whose disdain for orderly legal process" resulted in a $19 million default judgment against him because he fled the United States for Argentina rather than participate in discovery during a civil suit in Chicago." Id. at 587. The District Court gave Bruetman a second chance on the condition that he return to the United States and fully cooperate with the legal process. Although Bruetman did return to the United States, things once again quickly deteriorated when Bruetman "announced that he would be the judge of which judicial orders would be implemented" which fell well short of full cooperation. A renewed entry of default was soon entered against Bruetman. Id.

Ultimately, Bruetman again absconded and was not found until a private detective tracked him down after Bruetman's secretive return to the United States. Id. Only then did the district judge take Bruetman's passport in lieu of a civil arrest "to ensure [Bruetman] remained available until he had identified all of his assets." Id. When Bruetman petitioned the district judge for the return of his passport, the judge denied the request "remarking that Bruetman had been untrustworthy in the past and should be kept within the United States to allow collection." Id.

The issue is whether Kupperman has "demonstrated a propensity to leave the country when the heat is turned up." Id. As stated previously, Kupperman has allegedly acted in a way for which he will ultimately have to answer to this Court. However, Kupperman's actions, as unsavory as they may seem at this early stage of the litigation, do not represent the same "enduring refusal to cooperate by failing to appear. . . leaving the country [and] concealing his return to the United States" so as to justify restricting Kupperman's ability to leave the country in light of the writs this Court has attached to Kupperman's known assets. Id. at 589.

This Court ordered Kupperman surrender his passport in October, 2006, in order to give Merrill and Chase an opportunity to conduct discovery without fear that Kupperman might flee the country along with money and information. Although it may ultimately be proven that Kupperman is responsible for those actions alleged by Merrill and Chase, those actions do not rise to the level of brazen evasiveness encountered by the Seventh Circuit in Herbstein.

**CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendant Kupperman's application for the return of his passport is **granted**. An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh
        Dennis M. Cavanaugh, U.S.D.J.

Date:   August   7  , 2007
cc:   Counsel of Record
      The Honorable Mark Falk, U.S.M.J.