NOT FOR PUBLICATION

|  |  |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN, and PGB INTERNATIONAL, LLC, and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>**Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-cv-4802(DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon Defendant JP Morgan Chase Bank, N.A. (Chase)'s motion to 1- hold Defendant Arthur Kupperman (Kupperman) in contempt and incarcerated during the pendency of this lawsuit for violation of this Court's Order to Show Cause (OTSC) and Writs of Attachment (Writs); 2- find that Kupperman waived his Fifth Amendment Privilege against self-incrimination (the Privilege); 3- compel Kupperman to appear for a deposition at Herrick, Feinstein LLP's Newark, New Jersey office, pending the return date of this motion; and 4- carry Kupperman's Passport Application pending the resolution of this motion.  Pursuant to Fed.R.Civ.P. Rule 78, no oral argument was heard.  After carefully considering the submissions of the parties, and based on the following, this Court finds that 1- Kupperman is in contempt of this Court's OTSC and Writs and is Ordered to pay fines for contempt, but shall not be incarcerated; 2- Kupperman did not waive

his Privilege; 3- Kupperman is compelled to appear for a deposition at Herrick, Feinstein LLP's office in Newark, New Jersey, and; 4- Defendant Chase's request for Kupperman's Passport Application is moot as the passport has been returned according to this Court's August 7, 2007 Order.

## I.     Background

Plaintiff Merrill Lynch Business Financial Services, Inc. requested Writs, which this Court granted on October 6, 2006, against the individual Defendants' real estate in New Jersey and other assets held by all of the Defendants to ensure some recovery for Plaintiff. The Writ pertaining to Kupperman was modified on November 14, 2006 to permit a one-time withdrawal of $50,000.00 from Kupperman's interest in Pittra G.B. International, Inc. (Pittra)'s 401K Plan. This Court entered an OTSC on October 6, 2006 which barred Kupperman and other Defendants, including PGB International, LLC (PGB) and Pittra, from withdrawing, transferring, spending, encumbering, or otherwise alienating, removing or impairing their interests in any checking, savings, investment, or other banking or security accounts held in their name, either individually or with others, which are maintained anywhere, etc. See OTSC at 2.

Defendant Chase asserts that Defendant Kupperman has caused Defendant PGB to transfer a majority of its customers and accounts to IFIG, USA, Inc. (IFIG), in violation of the Writs and OTSC. Chase asserts, through John August's Declaration of July 31, 2007, that PGB's assets were transferred to IFIG; IFIG is in the same line of business as PGB; IFIG operates out of PGB's offices, and; IFIG has the same phone number that PGB had when it was in business. (See August Dec.¶10). Further, the exhibits attached to the August declaration show numerous transfers to IFIG from PGB

totaling in excess of $60,000. (See August Dec.¶¶ 8-9). Chase presents this Court with additional evidence documenting that Kupperman caused PGB to transfer its customer list, customer contracts, invoices worth in excess of $90,000, and wire transfers worth in excess of $20,000. In response, PGB and Kupperman contend that since PGB's bank accounts were frozen as a result of the Writs referred to above, PGB was unable to fulfill certain contracts. As a result, PGB and Kupperman claim that PGB was in the position of either having another entity fulfill the contract, or default on the contract, so PGB assigned the contract to IFIG. (See Kupperman's Opp. at 6). In opposition, Kupperman claims that PGB's assets were not transferred, but rather its liabilities were transferred. (Id.)

In response, Chase states that these contracts were not assigned for any consideration and that the Writs and an OTSC were in effect at the time of the assignment and that there was no application to the Court to make such an assignment. (See Chase's Reply Brief at 4). Importantly, the OTSC provides that PGB may expend funds in the ordinary and necessary course of its business in arms length transactions for equivalent value. (See OTSC at 8). The OTSC does not provide for assignments such as those conducted by PGB and Kupperman here. The OTSC does not allow for transfers of business contracts to another entity, as PGB and Kupperman admit occurred here.

Specifically, on October 27, 2006, Kupperman notified VIP Foods USA (VIP), a PGB customer, that IFIG would be filling the orders that VIP placed with PGB. (See August Dec. Exhibit D). Orders were shipped and paid for according to the new assignment agreement which IFIG performed, replacing PGB. Essentially, PGB's business was transferred to IFIG at Kupperman's direction, with no evidence of adequate consideration and this is prohibited by the OTSC.

**II.     Standards of Review**

## A. Civil Contempt

A determination must be made as to whether the contempt sought is civil or criminal in nature. Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages sustained by reason of noncompliance. See Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911); McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949). Criminal contempt, on the other hand is punitive in nature, and is intended to vindicate the authority of the Court. Gompers, at 441. A civil contempt action is between the parties to the main suit and is instituted and tried as part of the main cause of action. Id. at 444-45. Both civil and criminal contempt may involve fines and imprisonment. Id.

The imposition of contempt is reviewed under an abuse of discretion standard and will only be disturbed if there is an error of law or a clearly erroneous finding of fact. Harris v. City of Philadelphia, 47 F.3d 1342, 1349 (3d Cir. 1995).

In order for a defendant to be found guilty of civil contempt, the Court must find that 1- a valid court order existed, 2- defendant had knowledge of order, and 3- defendant disobeyed order. Harris, 47 F.3d 1311 at 1326. The Harris elements must be proven by clear and convincing evidence and ambiguities must be resolved in favor of the party charged with the contempt. Robin Woods, Inc. v. Woods, 28 F.3d 396, 399 (3d Cir.1994). Civil contempt is committed when a person violates an order of court which requires that person in specific and definite language to do or refrain from doing an act or series of acts. McComb, supra, at 191.

The Court has great discretion in imposing coercive sanctions on the contemnor and whether to impose fines or order imprisonment. United States v. United Mine Workers, 330 U.S. 258, 304

(1947). Within this discretion, the Court should keep in mind that a civil contempt proceeding imposing a compensatory fine is analogous to a tort judgment for damages caused by wrongful conduct. See Parker v. United States, 153 F.2d 66,70 (1st Cir. 1946).

### B. Waiver of Fifth Amendment Privilege

Privilege against self incrimination may be raised in civil as well as criminal proceedings and applies not only at trial, but during the discovery process as well. U.S.C.A. Const.Amend.5. Refusal to respond to discovery, based on a claim of privilege, is proper and does not justify imposition of penalties. Fed.R.Civ.P. 26(b)(5); U.S.C.A. Const.Amend.5.  In civil cases, however, reliance on the Fifth Amendment privilege against self-incrimination may give rise to adverse inference against party claiming its benefits. See Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

The invocation of the Fifth Amendment can pose substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth. S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 190.  Furthermore, a trial court must carefully balance the interests of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment. Id.

## III. Discussion

### A. Contempt of Arthur Kupperman

In order for a defendant to be found guilty of civil contempt, the Court must find that 1- a valid court order existed, 2- defendant had knowledge of order, and 3- defendant disobeyed order. Harris v. City of Philadelphia, 47 F.3d 1342, 1349 (3d Cir. 1995). Here, it is clear that a valid court Order exists, that Defendant Kupperman knew of said Order and that Defendant Kupperman disobeyed said Order.

5

First, this Court issued an OTSC and Writs of Attachment on October 6, 2006, attaching Kupperman's interest in, among other things, PGB, LLC.  The Writ also commanded Kupperman to retain the funds and property attached according to the Writ so that such funds would be subject to this Court's proceedings.  A valid court order existed.  This Court issued an Opinion on August 6, 2007, upholding the Writs of Attachment and OTSC, verifying the Order's validity.

Second, Kupperman had knowledge of this Court's Order.  On November 14, 2006, this Court modified the writs to allow a one-time withdrawal of $50,000 from Kupperman's interest in PITTRA G.B. International, Inc.  On June 28, 2007, Kupperman made a declaration to this Court in support of his application for the return of his passport, which was held as part of this Court's writs and OTSC.  Kupperman knew that his interests in PGB, LLC were also held subject to this Court's Order.

Third and finally, Kupperman disobeyed this Court's Order by transferring funds from PGB into IFIG and assigning certain, and by Chase's proofs, a majority of PGB's contracts, to IFIG without permission from this Court. Kupperman asserts that he assigned only liabilities, not assets to IFIG, but even if this were true, Kupperman would still be in violation of this Court's Order. (See Kupperman's Opp., p. 6).  In further opposition, Kupperman claims that it was IFIG, not PGB, that filled various orders, originally placed with PGB. (See Kupperman's Opp., p. 6).  By his own admission, however, Kupperman assigned those contracts to IFIG from PGB. (See Exhibit D attached to Chase's motion to hold Kupperman in contempt).  It should also be noted that IFIG is in the same line of business as PGB was; IFIG operates out of the same offices as PGB did; and IFIG has the same phone number as PGB had when it was in business.

For the reasons stated above, it is clear to this Court that Kupperman is in violation of the

OTSC and Writs and is in contempt of Court. The Court has great discretion in imposing coercive sanctions on the contemnor and whether to impose fines or order imprisonment. United States v. United Mine Workers, 330 U.S. 258, 304 (1947).

This Court orders that fines shall be imposed upon Defendant Kupperman. Civil contempt is remedial in nature, and serves the purpose of the parties to the action and is intended to coerce compliance with an Order of the Court or to compensate for losses or damages sustained by reason of noncompliance, See Gompers, supra, at 441; McComb, supra, at 191. The Court will measure the fine by the actual pecuniary injury plaintiffs have suffered as a result of defendant's disobedience to the Court's order. See Gompers, supra, at 444. Further, the factual basis for the award must appear in the record. Lichtenstein v. Lichtenstein, 425 F.2d 1111, 1113 (3d Cir. 1970) This Court finds that Kupperman is fined the amount totaling the cost to Defendant Chase in preparing the subject motion and related filings, since Chase is not alleging specific damages to it as a result of Kupperman's contempt. This Court requests a detailed affidavit of services to calculate costs and legal fees provided by Chase's counsel in preparing the subject motion and denies Chase's request to incarcerate Defendant Kupperman. As such, Defendant Kupperman is found to be in contempt of court.

### B. Waiver of Fifth Amendment Privilege

Defendant Chase requests that Kupperman's Fifth Amendment Privilege against self-incrimination be waived because in response to Chase's subpoena pursuant to Fed.R.Civ.P. 45, and in response to requests for production and deposition topics, Kupperman failed to provide adequate responses claiming the Privilege. Refusal to respond to discovery, based on a claim of privilege, is proper and does not justify imposition of penalties. Fed.R.Civ.P. 26(b)(5); U.S.C.A. Const.Amend.5.

7

Chase requests that Kupperman's Privilege be waived because Kupperman made a declaration on June 27, 2007 detailing his involvement with IFIG in his plea for the return of his passport. Kupperman plead the Privilege on August 29, 2007 relating to the responses to Chase's subpoena. Chase relies on S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 191 (3d Cir. 1994) to demonstrate that the Fifth Amendment privilege cannot be used as a shield to oppose discovery while discarding it for the purposes of making a motion. Chase also argues that when a party invokes the Privilege and **subsequently** files an affidavit in support of a motion, courts either strike the affidavit or, if it is early enough in the case such that other parties will not be prejudiced, give the party the opportunity to waive the Privilege and testify at the deposition. See In re Edmond, 934 F.2d 1304, 1309.

This case is distinguished from those cited by Chase in its papers because Kupperman claimed the Privilege after he signed the declaration attesting to his involvement with IFIG and the need for the return of his passport. Also, contrary to Chase's argument that in Kupperman's declaration, he placed into issue transfers from PGB to IFIG (See Chase's reply, p. 10), Kupperman did not mention any transfer from PGB to IFIG in his declaration for the return of his passport. Because Kupperman never in fact placed his involvement with transferring assets from PGB to IFIG in issue in support for any motion, this Court finds that Kupperman still holds his Fifth Amendment Privilege, but as discussed below, Kupperman is Ordered to appear for a deposition, and the testimony given at said deposition will not prejudice the other parties to this action as the deposition will be held early enough in this case.

Additionally, the SEC Court considered the prejudice to the party seeking to have the Privilege waived and concluded that the moving party possessed substantial evidence which would enable that party to prevail in litigation. See SEC v. Graystone Nash, supra at 196. Here, Chase has

8

shown it is more than capable of obtaining evidence to bolster a strong case against Kupperman. Kupperman asserting the Privilege has not prejudiced Chase or prevented it from obtaining sufficient evidence. Chase's motion for this Court to hold that Kupperman waived his Fifth Amendment Privilege is **denied**.

### C. Compel Arthur Kupperman to Appear for Deposition

Kupperman is ordered to appear at Herrick, Feinstein LLP's Newark, New Jersey offices as soon as can be conveniently scheduled. If Kupperman fails to appear for said deposition, greater civil contempt fines may be imposed.

### D. Carry Passport Application

As mentioned above, the motion to carry the passport application until the contempt motion has been decided is moot as Kupperman's passport has already been returned.

## IV. Conclusion

Based on the foregoing, this Court finds that 1-Defendant Kupperman is in contempt of this Court's OTSC and Writs, and is ordered to pay fines compensating Chase's counsel for its preparation of the subject contempt motion, once an affidavit of services is presented to and approved by this Court; 2-Kupperman has not waived his Fifth Amendment Privilege; 3-Kupperman is compelled to appear for a deposition at Herrick Feinstein, LLP's Newark, New Jersey offices and 4-Chase's motion to carry Kupperman's passport application is moot. An appropriate Order accompanies this Opinion.

                                                  S/ Dennis M. Cavanaugh
                                                  Dennis M. Cavanaugh, U.S.D.J.

Date:   October __23__, 2007
Orig:   Clerk's Office
cc:     Counsel of Record
        The Honorable Mark Falk, U.S.M.J.
        File