IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN, PGB INTERNATIONAL, LLC; and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | Docket No: 06-CV-4802 (DMC) |

---

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE
A SECOND AMENDMENT TO VERIFIED COMPLAINT**

---

BRESSLER, AMERY & ROSS
A Professional Corporation
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiff

On the Brief:
    George R. Hirsch, Esq.

## TABLE OF CONTENTS

                                                        **Page**

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ....................................................................................................... 1

CONCLUSION.................................................................................................... 2

# TABLE OF AUTHORITIES

Page

### Federal Cases

Bechtel v. Robinson
  886 F.2d 644 (3d Cir. 1989) ...................................................................................1

Cornell & Co. Inc. v. Occupational Safety and Health Review Comm'n
  573 F.2d 820 (3d Cir. 1978) ...................................................................................1

Dole v. Arco Chemical Co.
  921 F.2d 484 (3d Cir. 1990) ...................................................................................1

Forman v. Davis
  371 U.S. 178 (1962) ................................................................................................1

Massarsky v. General Motors Corp.
  706 F.2d 111 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983) ...................1

### Federal Rules

Federal Rule of Civil Procedure 15(a) ...........................................................................1

# ARGUMENT

The Court should grant the instant motion for leave to serve and file the proposed Second Amendment To Verified Complaint.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Forman v. Davis, 371 U.S. 178 at 182 (1962).

Whether or not to allow an amendment rests within the discretion of the trial court. See, e.g., Massarsky v. General Motors Corp., 706 F.2d 111 at 125 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983); Cornell & Co. Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820 at 823 (3d Cir. 1978). The Third Circuit encourages liberal amendment of pleadings. See, e.g., Dole v. Arco Chemical Co., 921 F.2d 484 at 486-87 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644 at 652 (3d Cir. 1989).

There is no significant reason to deny Plaintiff's leave to amend. Plaintiff has not been dilatory or created an undue delay in seeking leave to amend. The parties are still engaged in discovery. Plaintiff is seeking leave to amend within the deadline set by this Court. There will be no prejudice to other parties if Plaintiff's motion is granted.

Resolution of the case as a whole will not be unduly burdened by the amendment. Plaintiff is not acting in bad faith nor asserting a factually futile amendment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant motion for leave to File the proposed Second Amendment To Verified Complaint.

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff

By: _____
George R. Hirsch

Dated: October 29, 2007