# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-4802 (DMC) |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN, PGB INTERNATIONAL, LLC, AND JP MORGAN CHASE BANK, N.A., *et al.*, | |
| Defendants, | |
| and | |
| JOHN DOES (1-10) and ABC CORPORATIONS (1-10), | |
| Additional Defendants on the Crossclaim. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant E. Ross Browne ("Browne") for partial reconsideration of the Court's August 7, 2007 Order granting partial summary judgment against Browne. After carefully considering the submissions of the parties, and for the following reasons, Defendant Browne's motion for reconsideration is **denied**.

**I.    BACKGROUND**

Merrill Lynch Business Financial ("Merrill") and JP Morgan Chase ("Chase") allege numerous instances of fraud in connection with multi-million dollar loans provided to Defendants Arthur Kupperman, ("PGB"), Browne and Paulette Krelman. Merrill and Chase allege that Kupperman, Browne and Krelman, (collectively, the "Guarantors") as Guarantors of the now bankrupt PITTRA G.B. International, Inc. ("PITTRA"), presented forged letters purporting to be from a reputable New Jersey law firm, fake audit letters, fake financial statements, false internal reports and fake bank account balances in order to induce further loans from Merrill and Chase. In addition, Merrill and Chase assert that the Guarantors created and controlled PGB, a parallel limited liability company, and used PGB to drain the assets of PITTRA.

On November 28, 2006, Chase filed a cross-motion against the individual Defendants seeking summary judgment against all parties based on an alleged breach of its Guaranties, among other motions. The cross-motion was fully briefed and oral argument was heard on January 24, 2007. On August 7, 2007, this Court filed its Order granting Chase's cross-motion with respect to its Guaranties. On August 8, 2007, the Court filed its Opinion setting forth the basis for the entry of its Order. Browne files this motion for partial reconsideration of the Court's Order granting partial summary judgment against Browne in favor of Chase.

## II.    STANDARD OF REVIEW

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct

a clear error of law or prevent manifest injustice.  Database Am., Inc. v. Bellsouth Adver. & Publ'g. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).  Such relief is "an extraordinary remedy" that is to be granted "very sparingly."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

It is improper for a motion for reconsideration to "ask the court to rethink what it has already thought through – rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3rd Cir. 1993).  Finally, "only if matters which were overlooked, if considered by the Court, might reasonably have resulted in a different conclusion will the court entertain such a motion."  Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328, 339 (D.N.J. 1996).

**III.    DISCUSSION**

    **A.    The Lesnevich Report Constitutes an Impermissible Net Opinion and is Not a Matter Which Reasonably Could Lead to a Different Conclusion**

Browne bases his motion for partial reconsideration on the claim that this Court did not consider the Lesnevich Report, which allegedly provides sufficient evidence to overcome the presumption of the validity of notarized documents, when granting Chase's motion for partial summary judgment.  Browne argues a question of material fact results and therefore summary judgment is improper.

In granting Chase's motion for partial summary judgment, the Court never cited the Lesnevich Report, only the Lesnevich Certification.  The Court found the Lesnevich Certification constitutes an impermissible net opinion since it does not explain the "whys and wherefores" of the conclusion, as is required.  See Jimenez v. GNOC Corp., 145 N.J. 374 (1996).  An expert's bare

3

conclusion, unsupported by factual evidence or other data, is an inadmissible net opinion. See Johnson v. Salem Corp., 98 N.J. 78, 91 (1984). This Court cited the lack of explanation in the Lesnevich Certification as to which documents were examined to what analysis was conducted resulted to decide that the Lesnevich Certification was an impermissible net opinion.

In examining the Lesnevich Report, the Court finds that this report also lacks the requisite explanations and analysis. Although documents supposedly bearing Browne's signature are presented, no explanation is given as to the reason these documents were chosen or where the documents originated. The report also sets forth a general list of elements that define letter formation and execution of a signature, but the Lesnevich Report's conclusion makes no mention of which elements were applied in the evaluation of Browne's signature on the Guaranty. The report concludes that Browne's Guaranty signature contains "dissimilar" letters, without explaining how, why, or to which specific documents.

Furthermore, Browne's signature on the Guaranty was acknowledged. A certificate of acknowledgment "shall be and constitute *prima facie* evidence of the due execution of such instrument by such party." N.J.S.A. 2A:82-17. The Court will entertain a motion for reconsideration only when the matter overlooked could "reasonably have resulted in a different conclusion." Polizzi Meats, Inc., 931 F. Supp. at 339. Considering that the Lesnevich Report is intended to constitute "clear, satisfactory, and convincing" proof required to overcome the strong presumption of the integrity of an acknowledged signature, the Court declines to accept the view that the overlooking of an impermissible net opinion could reasonably have resulted in a different conclusion. Only where the district court overlooked matters that might have led to different result had they been considered will a motion for reconsideration be granted. Carteret Savings Bank, F.A. v. Sushan, 721

F.Supp. 705,709 (D.N.J. 1989).

### B. The Court Did Not Overlook Browne's Denial with Respect to the Submission of Financial Documents to Chase.

The Court states in its August 8, 2007 Opinion that "by submitting the yearly financial statements, Browne ratified the agreement."[1] Browne does not dispute that he submitted yearly financial statements to Chase and this fact alone provides basis for the Court's finding that Browne ratified the agreement. In response to Chases's statement of undisputed material facts, Browne responds that while he did submit the financial statements, he did not do so "in accordance with the Guaranties." In his reconsideration motion, Browne argues that the Court failed to consider this alleged "denial" and this constitutes grounds for reconsideration.

However, the fact that Browne submitted the financial statements to Chase is the basis for this Court's finding that Browne ratified the agreement. Browne's position on whether his submission was in accordance with the Guaranty does not alter this Court's position. In a summary judgment motion, once the moving party has met the initial burden of showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to present evidence that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party "may not rest upon mere allegations or denials" of its pleading, but must produce sufficient evidence to reasonably support a jury verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Since Browne has submitted no affidavits to support his response to Chase's statement of

---

[1]August 8, 2007 Opinion, p. 12.

undisputed material facts, his argument fails to meet the required burden and therefore summary judgment is appropriate. Browne does not set forth a dispositive factual matter that this Court has overlooked and therefore has not met the requirements of a successful motion for reconsideration.

### C. The Acknowledgment of the Guaranty is Not Defective.

Browne argues that the Court failed to consider certain alleged "inconsistencies and irregularities" surrounding the acknowledgment of the Guaranty. Browne alleges that (i) notary Alex Musat could not recall the events leading to the acknowledgment of the Guaranty; (ii) there is a problem with an acknowledgment that is crossed out on the Krelman Guaranty; and (iii) if Musat acknowledged Kupperman's signature, it meant that Kupperman appeared before him and executed the document. This Court's August 8, 2007 Opinion clearly considered the testimony of Musat. Kupperman's acknowledgment was not at issue on Chase's partial summary judgment motion and therefore will not be considered now. Furthermore, Browne fails to explain why these alleged inconsistencies are dispositive.

### IV. CONCLUSION

For the reasons stated, it is the finding of this Court that the Defendant's motion for partial reconsideration is **denied**. An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　　　　S/ DennisM.Cavanaugh
　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Date:       December  3, 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File

6