George R. Hirsch, Esq.
BRESSLER, AMERY & ROSS
A Professional Corporation
P.O. Box 1980
Morristown, New Jersey 07962
325 Columbia Turnpike
Florham Park, New Jersey 07932
(973) 514-1200
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARTHUR KUPPERMAN; E. ROSS BROWNE; PAULETTE KRELMAN; PGB INTERNATIONAL, LLC; and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendants. | Docket No: 06-CV-4802 (DMC) <br><br> **SECOND AMENDMENT TO VERIFIED COMPLAINT** |

Plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS"), having an address at 222 North LaSalle Street, 17th Floor, Chicago, Illinois 60601, for its Second Amendment To Verified Complaint, hereby:

*I.	Adds the following averments and counts:*

## EIGHTH COUNT

### (Violations Of The Federal Racketeer Influenced And Corrupt Organizations Act)

85.	MLBFS repeats the foregoing averments.

86.	MLBFS is a financial institution as defined by 18 U.S.C. §1344.

87.	Industrial Food Ingredients, Inc. and IFIG USA, Inc. (collectively, "IFIG") are entities formed in whole part through assets of PITTRA and/or PGB by Defendant Kupperman alone or with Defendants Browne and/or Krelman as a vehicle to continue their fraud.

88.	Defendant Arthur Kupperman, Paulette Krelman, E. Ross Browne, and PGB are persons as defined in 18 U.S.C. §1961(3).

89.	Arthur Kupperman, Paulette Krelman, and E. Ross Browne, their association in fact, PITTRA, PGB, and IFIG each constitute an "enterprise" within the meaning of 18 U.S.C. §1961(4).

90.	The aforesaid enterprises are engaged in or the activities of which affect, interstate or foreign commerce.

91.	Defendants Kupperman, Krelman, Browne, and PGB have violated 18 U.S.C. §1962(a) by receiving income derived from a pattern of racketeering activity and using or investing, directly or indirectly, part of such income in, or the establishment or operation of enterprises including: (i) their association in fact, (ii) PITTRA, (iii) PGB, and (iv) IFIG.

92. Defendant Kupperman, Krelman, Browne, and PGB have violated 18 U.S.C. 1962(b) by acquiring and maintaining, directly or indirectly interests in or control of enterprises, through a pattern of racketeering activity, including: (i) their association in fact, (ii) PITTRA, (iii) PGB, and (iv) IFIG.

93. Defendants Kupperman, Krelman, Browne, and PGB have violated 19 U.S.C. 1962(c) by, through a pattern of racketeering activity, conducting and participating, directly or indirectly, in the conduct of the affairs of enterprises, including: (i) their association in fact, (ii) PITTRA, (iii) PGB, and (iv) IFIG.

94. The pattern of racketeering activity engaged in by Defendants Kupperman, Krelman, Browne, and PGB has included, among others, the following racketeering acts, the last of which occurred within ten years after the commission of a prior act of racketeering activity:

> a. Acts of bank fraud within the meaning of 18 U.S.C. §1344 by knowingly and willfully devising or attempting to devise a scheme or artifice to defraud MLBFS and obtain its property (i.e., money, funds, credits, assets, and securities) through false or fraudulent pretenses, representations, and promises, including those set forth in the prior allegations of the Verified Complaint.
>
> b. Acts of bank fraud within the meaning of 18 U.S.C. §1344 by knowingly and willfully devising or attempting to devise a scheme or artifice to defraud JPMorgan Chase Bank, N.A. ("Chase") and obtain its property (i.e., money, funds, credits, assets, and securities) through false or fraudulent pretenses, representations,

and promises, including those set forth in the Answer, Counterclaim And Crossclaim by Defendant JPMorgan Chase Bank, N.A. ("Chase").

c. Mail fraud within the meaning of 18 U.S.C. §1341 and wire fraud within the meaning of 18 U.S.C. §1343 by using schemes or artifices to defraud MLBFS and Chase and obtain their property (i.e., money, funds, credits, assets, and securities) through false or fraudulent pretenses, representations, and promises, including as set forth in the prior allegations of the Verified Complaint and in the Answer, Counterclaim And Crossclaim by Defendant Chase, and for the purpose of executing such schemes or artifices, transmitting on multiple occasions on the dates set forth in the aforesaid pleading, the various documents referred to therein by placing them in a post office or authorized depository for mail to be sent or delivered by the Postal Service, or depositing or causing them to be deposited or to be sent or delivered by any private or commercial interstate carrier, or taking or receiving them there from or knowingly causing them to be delivered by such carrier or by transmitting them or causing them to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, and by sending further communications via telephonic conversations with MLBFS and Chase and via electronic mail communications with MLBFS and Chase.

95. The unlawful acts and practices of Defendants Kupperman, Krelman, Browne, and PGB described above also constitute violations of 18 U.S.C. §1962(d), as each Defendant agreed and conspired to commit the foregoing violations of 18 U.S.C. §1962, and each such Defendant committed overt acts in furtherance of the conspiracy as described above and assented to the commission of the other Defendants' overt acts, with knowledge that such acts were in furtherance of the pattern of racketeering activity.

96. MLBFS has been damaged in its business or property as a result of the violations of 18 U.S.C. §1962 set forth above and is entitled to relief pursuant to 18 U.S.C. §1964.

## NINTH COUNT

### (Violation Of The New Jersey Racketeering Influenced And Corrupt Organizations Acts)

97. MLBFS repeats the foregoing averments.

98. The aforesaid constitute violations of N.J.S.A. §2C:41-2.

99. MLBFS has been damaged in its business or property as a result of said violations and is entitled to relief pursuant to N.J.S.A. §2C:41-4.

## TENTH COUNT

### (Priority Of Attachment)

100. MLBFS repeats the foregoing averments.

101. MLBFS obtained and executed Writs Of Attachment on the assets of Defendants Kupperman, Krelman, Brown, and PGB prior to any Writs Of Attachment of any other party.

102. By reason of the foregoing, MLBFS is entitled to priority over Chase and all other persons or entities in recovering amounts due MLBFS from the assets attached.

II.    *Hereby amends the WHEREFORE clause to read as follows:*

   **WHEREFORE,** MLBFS demands judgment as follows:

   A.    Directing the issuance of Writs Of Attachment against the interests of Defendant Kupperman, Krelman, and Browne in any real or personal property, including, but not limited to attachments upon the real and personal property described above;

   B.    Directing the issuance of a Writ Of Attachment against all assets of PGB;

   C.    Enjoining and restraining Defendants Kupperman, Krelman, Browne, and PGB from selling, transferring, encumbering, hypothecating, or otherwise alienating their interests in the specific real property identified in this Verified Complaint or any other real property in which they have an interest, whether said interest be equitable or legal in nature;

D. Enjoining and restraining Defendants Kupperman, Krelman, Brown, and PGB from withdrawing, transferring, hypothecating, or otherwise removing or alienating their interests in any checking, savings, investment, or other banking or security accounts held in their names, either individually or with others, which are maintained anywhere;

E. Enjoining and restraining Defendants Kupperman, Krelman, Browne, and PGB from withdrawing, transferring, spending, hypothecating, or otherwise removing or alienating their interests in any and all real or personal property;

F. Ordering PGB to account for all assets of PITTRA, whether acquired from PITTRA or the proceeds thereof or otherwise, and to turn over same to MLBFS, with MLBFS deemed to have a first priority right to such assets ahead of all other creditors of PGB including Chase;

G. Awarding MLBFS damages from Defendants Kupperman, Krelman, Browne, and PGB in the amount of all sums due to MLBFS under the terms of the loan documents, including attorneys' fees, interest, default and interest and costs;

H. Awarding MLBFS treble damages, attorneys' fees, interest and cost of suit, against Defendants Kupperman,

Krelman, Browne, and PGB pursuant to 18 U.S.C. §1964 and N.J.S.A. §2C:41-4;

I. Awarding MLBFS punitive damages against Defendants Kupperman, Krelman, Browne, and PGB;

J. Declaring that MLBFS has priority over Defendant Chase and all other persons and entities with regard to all assets attached and that MLBFS shall receive all amounts due it before any other person or entity receives any amounts from such assets;

K. Cost of suit; and

L. Such other relief as the Court may deem just and proper.

III. *Acknowledges that this action is stayed as to Defendant Krelman pursuant to 11 U.S.C. §362. MLBFS refers to Defendant Krelman herein for completeness of factual recitation only, and does not seek affirmative relief against her in this action for so long as the stay remains in effect.*

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff

By: _____
George R. Hirsch

Dated: December 27, 2007