A. Michael Covino
BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-2703
(973) 379-4800
Attorneys for Third-Party Defendant
IFIG USA, Inc.


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY


| | |
|---|---|
| MERRILL LYNCH BUSINESS SERVICES, INC., | :Civil Action No. 06-CIV-4802 (DMC) |
| Plaintiff, | |
| v. | |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN and PGB INTERNATIONAL, INC. and JP MORGAN CHASE BANK, N.A., | **IFIG USA, INC'S ANSWER TO DEFENDANT JPMORGAN CHASE BANK N.A.'S AMENDED CROSS-CLAIM** |
| Defendants. | |
| and | |
| IFIG USA, INC., JOHN DOES (1-10) and ABC CORPORATIONS (1-10) | |
| Additional Defendants on the Crossclaim. | |

Defendant, IFIG USA, Inc. ("IFIG" or "Defendant"), by and through its attorneys Budd Larner, P.C., in response to the Counterclaim and Amended Cross-Claim of defendant JPMorgan Chase Bank, N.A. ("Amended Cross-Claim"), states as follows as to IFIG:

## Additional Defendants on Crossclaim

1.    Defendant IFIG denies the allegations set forth in paragraph 1 of the Amended Cross-Claim.

2.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Amended Cross-Claim.

3.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Amended Cross-Claim.

## Factual Background

A.        **The Loan**

4.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 4 of the Amended Cross-Claim.

5.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 5 of the Amended Cross-Claim.

6.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 6 of the Amended Cross-Claim.

7.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Amended Cross-Claim.

8.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Cross-Claim.

9.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 9 of the Amended Cross-Claim.

10.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 10 of the Amended Cross-Claim.

11.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 11 of the Amended Cross-Claim.

12.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 12 of the Amended Cross-Claim.

13.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 13 of the Amended Cross-Claim.

14.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 14 of the Amended Cross-Claim.

15.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 15 of the Amended Cross-Claim.

16.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 16 of the Amended Cross-Claim.

17.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 17 of the Amended Cross-Claim.

B.    **The Fraud**

18.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 18 of the Amended Cross-Claim.

19.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 19 of the Amended Cross-Claim.

-3-

20.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 20 of the Amended Cross-Claim.

21.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in 21 of the Amended Cross-Claim.

22.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Amended Cross-Claim.

23.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Amended Cross-Claim.

24.    Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24  of the Amended Cross-Claim.

25.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 25 of the Amended Cross-Claim.

26.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 26 of the Amended Cross-Claim.

27.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 27 of the Amended Cross-Claim.

28.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 28 of the Amended Cross-Claim.

29.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 29 of the Amended Cross-Claim.

30.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 30 of the Amended Cross-Claim.

31.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 31 of the Amended Cross-Claim.

32.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 32 of the Amended Cross-Claim.

33.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 33 of the Amended Cross-Claim.

34.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 34 of the Amended Cross-Claim.

35.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 35 of the Amended Cross-Claim.

36. Defendant IFIG denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36 of the Amended Cross-Claim.

C.      **The Transfers to IFIG**

37. Defendant IFIG denies the allegations set forth in paragraph 37 of the Amended Cross-Claim.

38. Defendant IFIG denies the allegations set forth in paragraph 38 of the Amended Cross-Claim.

39. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 39 of the Amended Cross-Claim.

40. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 40 of the Amended Cross-Claim.

41. Defendant IFIG denies the allegations set forth in paragraph 41 of the Amended Cross-Claim.

42. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 42 of the Amended Cross-Claim.

**FIRST COUNT**
**(Breach of Contract against PGB, Brown and Krelman)**

43. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

44.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 44 of the Amended Cross-Claim.

45.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 45 of the Amended Cross-Claim.

46.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 46 of the Amended Cross-Claim.

### SECOND COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

47.    Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

48.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 48 of the Amended Cross-Claim.

49.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 49 of the Amended Cross-Claim.

50.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 50 of the Amended Cross-Claim.

## THIRD COUNT
### (Fraud against PGB, Kupperman, Browne, Krelman, John Does (1-10) and ABC Corporation (1-10))

51.  Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

52.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 52 of the Amended Cross-Claim.

53.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 53 of the Amended Cross-Claim.

54.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 54 of the Amended Cross-Claim.

55.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 55 of the Amended Cross-Claim.

56.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 56 of the Amended Cross-Claim.

57.  Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 57 of the Amended Cross-Claim.

## FOURTH COUNT
### (Foreclosure of Security Interest)

58.  Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

59. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 59 of the Amended Cross-Claim.

60. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 60 of the Amended Cross-Claim.

61. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 61 of the Amended Cross-Claim.

62. Defendant IFIG denies the allegations set forth in paragraph 62 of the Amended Cross-Claim.

63. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 63 of the Amended Cross-Claim.

## FIFTH COUNT
### (Fraudulent Conveyance)

64. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

65. Defendant IFIG denies the allegations set forth in paragraph 65 of the Amended Cross-Claim.

66. Defendant IFIG denies the allegations set forth in paragraph 66 of the Amended Cross-Claim.

67. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 67 of the Amended Cross-Claim.

68.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 68 of the Amended Cross-Claim.

69.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 69 of the Amended Cross-Claim.

70.    Defendant IFIG denies the allegations set forth in paragraph 70 of the Amended Cross-Claim.

71.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 71 of the Amended Cross-Claim.

72.    Defendant IFIG denies the allegations set forth in paragraph 72 of the Amended Cross-Claim.

### SIXTH COUNT
### (Unjust Enrichment)

73.    Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

74.    Defendant IFIG denies the allegations set forth in paragraph 74 of the Amended Cross-Claim.

75.    Defendant IFIG denies the allegations set forth in paragraph 75 of the Amended Cross-Claim.

76.    Defendant IFIG denies the allegations set forth in paragraph 76 of the Amended Cross-Claim.

## SEVENTH COUNT
### (Piercing the Corporate Veil)

77.   Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

78.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 78 of the Amended Cross-Claim.

79.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 79 of the Amended Cross-Claim.

80.   Defendant IFIG denies the allegations set forth in paragraph 80 of the Amended Cross-Claim.

81.   Defendant IFIG denies the allegations set forth in paragraph 81 of the Amended Cross-Claim.

82.   Defendant IFIG denies the allegations set forth in paragraph 82 of the Amended Cross-Claim.

83.   Defendant IFIG denies the allegations contained in paragraph 83 of the Amended Cross-Claim.

## EIGHTH COUNT
### (Preliminary and Permanent Injunctive Relief)

84.   Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

85.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 85 of the Amended Cross-Claim.

86.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 86 of the Amended Cross-Claim.

87.   Defendant IFIG denies the allegations set forth in paragraph 87 of the Amended Cross-Claim.

88.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 88 of the Amended Cross-Claim.

## NINTH COUNT
### (Attachment)

89.   Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

90.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 90 of the Amended Cross-Claim.

91.   Defendant IFIG denies the allegations set forth in paragraph 91 of the Amended Cross-Claim.

92.   Defendant IFIG denies the allegations set forth in paragraph 92 of the Amended Cross-Claim.

93.   Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 93 of the Amended Cross-Claim.

94.   Defendant IFIG denies the allegations set forth in paragraph 94 of the Amended Cross-Claim.

## TENTH COUNT
### (RICO)

95.    Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

96.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 96 of the Amended Cross-Claim.

97.    Defendant IFIG denies the allegations set forth in paragraph 97 of the Amended Cross-Claim.

98.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 98 of the Amended Cross-Claim.

99.    Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 99 of the Amended Cross-Claim.

100. Defendant IFIG denies the allegations set forth in paragraph 100 of the Amended Cross-Claim.

101. Defendant IFIG denies the allegations set forth in paragraph 101 of the Amended Cross-Claim.

102. Defendant IFIG denies the allegations set forth in paragraph 102 of the Amended Cross-Claim.

103. Defendant IFIG denies the allegations set forth in paragraph 103 of the Amended Cross-Claim.

104. Defendant IFIG denies the allegations set forth in paragraph 104 of the Amended Cross-Claim.

105. Defendant IFIG denies the allegations set forth in paragraph 105 of the Amended Cross-Claim.

106. Defendant IFIG denies the allegations set forth in paragraph 106 of the Amended Cross-Claim.

107. Defendant IFIG denies the allegations set forth in paragraph 107 of the Amended Cross-Claim.

108. Defendant IFIG denies the allegations set forth in paragraph 108 of the Amended Cross-Claim.

109. Defendant IFIG denies the allegations set forth in paragraph 109 of the Amended Cross-Claim

## ELEVENTH COUNT
(New Jersey RICO)

110. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

111. Defendant IFIG denies the allegations set forth in paragraph 111 of the Amended Cross-Claim.

112. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 112 of the Amended Cross-Claim.

113. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 113 of the Amended Cross-Claim.

114. Defendant IFIG denies the allegations set forth in paragraph 114 of the Amended Cross-Claim.

## TWELFTH COUNT
### (Contempt)

115. Defendant IFIG repeats and restates its responses to the allegations set forth above as if fully set forth herein.

116. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 116 of the Amended Cross-Claim.

117. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 117 of the Amended Cross-Claim.

118. Defendant IFIG leaves Chase to its proofs regarding the allegations set forth in paragraph 118 of the Amended Cross-Claim.

119. Defendant IFIG denies the allegations set forth in paragraph 119 of the Amended Cross-Claim.

120. Defendant IFIG denies the allegations set forth in paragraph 120 of the Amended Cross-Claim.

121. Defendant IFIG denies the allegations set forth in paragraph 121 of the Amended Cross-Claim.

WHEREFORE, Defendant IFIG USA, Inc. demands judgment:

    A.   Dismissing the Amended Cross-Claim with prejudice;

    B.   For the costs of suit, including attorneys' fees, incurred herein; and

C.    For such other and further relief as the Court deems just and proper.

## CROSS-CLAIM FOR INDEMNIFICATION

IFIG, by way of cross-claim against its co-defendants, E. Ross Browne, Paulette Krelman, PGB International, LLC, and JPMorgan Chase Bank, N.A. and any other parties already named or named hereinafter in this action (the "Co-Defendants") asserts that any and all damages sustained by Chase, if any, were the proximate result of the conduct of the Co-Defendants, whose misconduct was primary and active and if IFIG is found liable with respect to said damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and the Co-Defendants are liable to IFIG by way of common law indemnification for any and all injuries and damages for which IFIG may be found liable in this matter.

## CROSS-CLAIM FOR CONTRIBUTION

IFIG, by way of cross-claim against Co-Defendants, asserts if it is determined that IFIG was negligent, such negligence was vicarious, passive and secondary and it was the negligence of the Co-Defendants which was the active, primary and proximate cause of the plaintiff's damages, if any, and IFIG herein demands contribution from said plaintiff and said Co-Defendants for the amount of any judgment and costs as against IFIG herein

pursuant to the Joint Tortfeasors Contribution Act <u>N.J.S.A.</u> 2A:53A-1, <u>et</u> <u>seq</u>.

WHEREFORE, IFIG demands contribution from all Co-Defendants (except to the extent that the automatic stay may be applicable as to Ms. Krelman) to this action for any damages for which IFIG may be found liable in this matter.

<u>CROSS-CLAIM FOR CONTRIBUTION UNDER THE GUARANTEES</u>

IFIG, by way of cross-claim against Co-Defendants, asserts that IFIG and the Co-Defendants are jointly and severally liable under any of the guarantees and if it is determined the IFIG is liable to plaintiff under any of the guarantees, its liability is limited to its pro-rata share of liability under the guarantees and IFIG herein demands contribution from said Co-Defendants for any amounts paid by IIG to plaintiff in excess of its pro-rata share.

WHEREFORE, IFIG demands contribution under the guarantees from all Co-Defendants (except to the extent that the automatic stay may be applicable as to Ms. Krelman) to this action for any damages for which IFIG may be found liable in this matter.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

Chase has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Chase is barred from recovery by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Chase is barred from recovery by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Chase is barred from recovery due to its failure to perform due diligence properly.

## SIXTH AFFIRMATIVE DEFENSE

Defendant PGB incorporates herein any defenses raised by his co-defendants as may be applicable to him.

## DEMAND FOR JURY TRIAL

Defendant Kupperman hereby demands a trial by jury.

BUDD LARNER, P.C.

By: _____
A. Michael Covino
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Attorneys for Defendant
IFIG USA, Inc.
Telephone:  (973) 379-4800
Telecopy:   (973) 379-7734

Dated:  February ⌐3, 2008

667708

-18-