NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-4802 (DMC) |
| ARTHUR KUPPERMAN, E. ROSS BROWNE, PAULETTE KRELMAN, and PGB INTERNATIONAL, LLC, and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant JP Morgan Chase Bank, National Association's ("Chase") motion for reconsideration pursuant to L. R. Civ. P. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Chase's motion for reconsideration is **denied**.

I.  **BACKGROUND**

Plaintiff Merrill Lynch Business Financial Services, Inc. ("Plaintiff") requested Writs, which this Court granted on October 6, 2006, against the individual Defendants' real estate in New Jersey and other assets held by all of Defendants to ensure some recovery for Plaintiff. The Writ pertaining

to Defendant Arthur Kupperman ("Kupperman") was modified on November 14, 2006 to permit a one-time withdrawal of $50,000.00 from Kupperman's interest in Pittra G.B. International, Inc.'s ("Pittra") 401K Plan. On October 6, 2006, this Court entered an Order to Show Cause ("OTSC") barring Kupperman and other Defendants, including PGB International, LLC ("PGB") and Pittra, from withdrawing, transferring, spending, encumbering, or otherwise alienating, removing, or impairing their interest in any checking, savings, investment, or other banking or security accounts held in their name, either individually or with others.

In its motion to hold Kupperman in contempt and for other related relief, Chase asserted that Kupperman caused PGB to transfer a majority of its customers and accounts to IFIG, USA, Inc. ("IFIG"), in violation of the OTSC and Writs. On October 24, 2007, this Court issued an Opinion finding Kupperman in contempt of this Court's OTSC and Writs, and ordered Kupperman to pay fines compensating Chase's counsel for its preparation of the subject contempt motion, once an affidavit of services was presented to and approved by this Court; Kupperman had not waived his Fifth Amendment Privilege; Kupperman was compelled to appear for a deposition at Herrick Feinstein, LLP's Newark, New Jersey office; and Chase's motion to carry Kupperman's passport application was moot. On November 2, 2007, Chase filed a motion for partial reconsideration of this Court's October 24, 2007 Opinion and Order.

**II.     STANDARD OF REVIEW**

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2)

evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

**III.    DISCUSSION**

Chase asserts that the motion for reconsideration pursuant to Local Rule 7.1(i) should be granted on the basis that it is necessary to prevent manifest injustice, claiming that the Court overlooked evidence of damages Chase suffered as a result of Kupperman's conduct (Kup's Br. 3). Damages for civil contempt may serve the purpose of coercing compliance with an Order of the Court or compensating for losses or damages sustained by noncompliance. Merril Lynch Business Financial Services, Inc. v. Kupperman, Slip Op. WL 3125231 at 7 (October 24, 2007). As such, the damages levied against Kupperman by Order of this Court correctly serve the purpose of coercing compliance with this Court's OTSC and Writs, considering that Chase failed to allege specific damages as a result of Kupperman's contempt (Id.).

With regard to the waiver of Kupperman's Fifth Amendment Privilege, Chase maintains that Kupperman originally invoked the Privilege on October 23, 2006, and subsequently filed an affidavit in support of his plea for the return of his passport (Id. at 8). Relying on S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 191 (3d Cir. 1994), Chase attempts to demonstrate that the Privilege cannot be used as a shield to oppose discovery while discarding it for the purposes of making a motion. (Id. at 8). This Court held that Kupperman did not mention any transfer from PGB to IFIG in his declaration for the return of his passport (Id. at 8). Kupperman never in fact placed his involvement

with transferring assets from PGB to IFIG in issue in support for any motion, and therefore still holds his Fifth Amendment privilege.

**IV. CONCLUSION**

For the reasons stated, it is the finding of this Court that Chase's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

      S/ Dennis M. Cavanaugh
      Dennis M. Cavanaugh, U.S.D.J.

Date:        May   28  , 2008
Orig.:        Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File