UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

          Plaintiff,

-against-

ARTHUR KUPPERMAN; E. ROSS BROWNE;
PAULETTE KRELMAN; PGB
INTERNATIONAL, LLC; and J.P. MORGAN
CHASE BANK, NATIONAL ASSOCIATION,

          Defendants.

Case No. 06-Civ-4802 (DMC)

**DECLARATION OF**
**PAULETTE KRELMAN**

**I, PAULETTE KRELMAN**, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1.    I was the Treasurer and Secretary of PITTRA G.B. International, Inc. ("PITTRA"). I was one of PITTRA's three shareholders, and was also a member and officer of PGB International, LLC ("PGB").

2.    The facts stated herein are based upon my personal knowledge.

3.    Specifically, I have had countless occasions to review Arthur Kupperman's handwriting over the course of my personal and professional relationship with him, which began in or around 1994. My familiarity with Arthur Kupperman's handwriting was not acquired for the purposes of litigation.

4.    I have reviewed the "Independent Auditors' Report" with the letterhead of Amper Politziner & Mattia P.A. dated December 12, 2002 and attached hereto as Exhibit A. I had no

involvement in the creation of this document or its delivery to Merrill Lynch Business Financial Services ("MLBFS"), and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

5. I have reviewed the "Independent Auditors' Report" with the letterhead of Amper Politziner & Mattia P.A. dated December 17, 2003 and attached hereto as Exhibit B. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

6. I have reviewed the "Independent Auditors' Report" with the letterhead of Amper Politziner & Mattia P.A. dated December 22, 2004 and attached hereto as Exhibit C. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

7. I have reviewed the "Independent Auditors' Report" with the letterhead of Amper Politziner & Mattia P.A. dated December 16, 2005 and attached hereto as Exhibit D. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

8. I have reviewed the letter with the letterhead of Becker Meisel LLC dated January 16, 2004 purporting to be from Ben Becker to Arthur Kupperman, attached hereto as Exhibit E. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

9. I have reviewed the "Updated Status Letter" with the letterhead of Becker Meisel LLC dated May 28, 2004 purporting to be from Ben Becker to Arthur Kupperman, attached

hereto as Exhibit F. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

10. I have reviewed the letter with the letterhead of Escrow & Closing Services Ltd. dated September 7, 2006 purporting to be from Robert A. Cooper, attached hereto as Exhibit G. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence.

11. I have reviewed the Personal Financial Statement dated January 7, 2004 purporting to bear my signature, attached hereto as Exhibit H. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. Exhibit H bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

12. I have reviewed the letter from MLBFS dated January 15, 2004 addressed to PITTRA regarding "WCMA Line of Credit Increase and Extension" purporting to bear my signature, attached hereto as Exhibit I. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. I did not authorize Arthur Kupperman to execute this document on my behalf.

13. I have reviewed the Secretary's Certificate dated May 20, 2004 purporting to bear my signature, attached hereto as Exhibit J. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge

NEWYORK/#220442.1

whatsoever of this document's existence. Exhibit J bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

14. I have reviewed the Unconditional Guaranty of Arthur Kupperman dated May 28, 2004 purporting to bear my signature as a witness, attached hereto as Exhibit K. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. Exhibit K bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

15. I have reviewed the Unconditional Guaranty dated May 28, 2004 purporting to bear my signature, attached hereto as Exhibit L. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. Exhibit L bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

16. I have reviewed the letter from MLBFS dated May 28, 2004 addressed to PITTRA regarding "WCMA Line of Credit Increase and Extension" purporting to bear my signature, attached hereto as Exhibit M. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. With the exception of the signature above the typed name of E. Ross Browne (upon which I offer no testimony), Exhibit M bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

17. I have reviewed the letter from MLBFS dated July 7, 2005 addressed to PITTRA regarding "Amendment to Loan Documents" purporting to bear my signature, attached hereto as Exhibit N. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. With the exception of the signatures above the typed names of Kimberly D. Fedorsky and E. Ross Browne (upon which I offer no testimony), Exhibit N bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

18. I have reviewed the Personal Financial Statement dated May 26, 2005 purporting to bear my signature, attached hereto as Exhibit O. I had no involvement in the creation of this document or its delivery to MLBFS, and prior to the commencement of this action, I had no knowledge whatsoever of this document's existence. Exhibit O bears Arthur Kupperman's handwriting. I did not authorize him to prepare or execute this document on my behalf.

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2009

_____
Paulette Krelman