- 1 -

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

        Plaintiff,

-against-

ARTHUR KUPPERMAN; E. ROSS BROWNE;
PAULETTE KRELMAN; PGB
INTERNATIONAL, LLC; and J.P. MORGAN
CHASE BANK, NATIONAL ASSOCIATION,

        Defendants.

Case No. 06-Civ-4802 (DMC)

**DECLARATION OF
CATHERINE L. BRIICK**

I, CATHERINE L. BRIICK, declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that the following is true and correct:

1. The facts stated herein are based upon my personal knowledge and my review of the relevant files in this matter.

2. I am a Vice President with the Special Handling Unit at Merrill Lynch Business Financial Services, Inc. ("MLBFS").

3. MLBFS is a Delaware corporation with its principal place of business in Chicago, Illinois. MLBFS is in the business of, among other things, providing commercial loans to small and middle market companies.

4. On or around November 19, 2002, MLBFS extended financial accommodations in the amount of $2,250,000.00 to PITTRA in the form of a Working Capital Management Account

- 2 -

("WCMA"), the terms of which were memorialized in the Loan and Security Agreement (the "WCMA Agreement"), which is attached hereto as Exhibit A.

5. From the inception of the WCMA until September 2006, Kupperman submitted financial statements purporting to reflect PITTRA's business activities to MLBFS on a regular and ongoing basis. By way of illustration, attached hereto as Exhibit B are the monthly financial statements, with the e-mail messages to which they were attached, from September 2004 to May 2005.

6. MLBFS relied upon these statements to determine that PITTRA was an ongoing and viable business until September 2006, when it learned that, contrary to the representations in those statements, PITTRA had filed for bankruptcy.

7. At no time did MLBFS waive any of its interests in PITTRA's property pursuant to the WCMA.

8. In or around December 2002, Kupperman applied to MLBFS for a renewal and increase of PITTRA's WCMA line of credit from $2,250,000.00 to $2,750,000.00. In or about January 2003, MLBFS agreed to the this renewal and increase (the "2003 Agreement").

9. In accordance with Section 3.2 of the WCMA Agreement, MLBFS conditioned its execution of the 2003 Agreement upon its receipt and review of PITTRA's audited financial statements revealing a financial condition of PITTRA satisfactory to MLBFS.

10. On or around January 2, 2003, Kupperman provided by facsimile transmission to MLBFS documents that he represented were internal financial statements for the fiscal year ending September 30, 2002, which purportedly had been audited by the accounting firm of

#0220801.01

- 3 -

Amper, Politzner & Mattia, P.A. ("APM") as reflected in the "Independent Auditor's Report" dated December 12, 2002. Those statements, the APM report and the facsimile transmission cover sheet are attached hereto as Exhibit C.

11.    MBLFS relied upon the accuracy and veracity of the information contained in the financial statements, as well as the representation that the statements had been audited by APM, which purportedly had found that the financial statements were fair representations of PITTRA's financial position, to reach its decision to execute the 2003 Agreement.

12.    In or about May 2004, Kupperman applied for and received from MLBFS a renewal and increase of PITTRA's WCMA line of credit from $3,250,000.00 to $3,750,000.00, and an extension to PITTRA of an additional $500,000.00 in the form of a term loan documented by a Collateral Installment Note and a Term Loan Security Agreement.

13.    As of the date of PITTRA's bankruptcy petition, PITTRA owed MLBFS a total of $4,187,250.43, consisting of $3,942,299.68 on the WCMA and $244,950.75 on the term loan.

14.    MLBFS was unaware of any adverse financial event involving PITTRA until late July of 2006. On a monthly basis after PITTRA ceased doing business, Kupperman continued to submit financial statements purporting to reflect PITTRA's ongoing business activities.

15.    In fact, in or around March 2006, Kupperman provided to MLBFS documents that he represented were internal financial statements which purportedly had been audited by the accounting firm of Amper Politziner & Mattia, attached hereto as Exhibit D.

#0220801.01

16. MLBFS relied upon these statements to determine that PITTRA was an ongoing and viable business until September 2006, when it learned that, contrary to the representations in those statements, PITTRA had filed for bankruptcy.

17. In or about July 2006, Kupperman applied for a renewal and increase of the line of credit under the WCMA that MLBFS had extended to PITTRA.

18. MLBFS's due diligence in connection with that request indicated that PITTRA had filed for bankruptcy. MLBFS immediately confronted Kupperman about the bankruptcy filing. At that time and throughout the month of August, Kupperman repeatedly represented to MLBFS that PITTRA was still operating and that the bankruptcy filing had been a mistake which was being corrected. In an e-mail dated August 14, 2006, and attached hereto as Exhibit E, Kupperman represented to MLBFS that it would be "paid off in full" within the month.

19. On or around September 8, 2006, Kupperman provided to MLBFS by e-mail, attached hereto as Exhibit F, a letter and payoff statement purporting to be from a company named Escrow and Closing Services Ltd. with an attached schedule of proceeds indicating that $10,000.000.00 was being held at Wachovia Bank, and that disbursements would be made on September 11, 2006.

20. MLBFS received no disbursements on September 11, 2006 or at any time thereafter.

#0220801.01

- 5 -

    Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

                                                                                                                                        */s/ Catherine L. Briick*
                                                                                                                                      Catherine L. Briick

Executed on September 30, 2009

#0220801.01